

OFFICE OF THE
HARRIS COUNTY ATTORNEY
**CHRISTIAN D. MENEFEE**

**VIA EMAIL (cm4147@txs.uscourts.gov)**

July 22, 2021

Hon. George C. Hanks, Jr.
c/o Gabrielle Clair
Case Manager to Judge George C. Hanks, Jr.
United Stated Courthouse
515 Rusk Street, Room 5300
Houston, Texas 77002

      RE:   *Austin Thompson Hughes v. City of Houston, et al.*
             Civil Action No. 4:21-cv-1994

Dear Judge Hanks:

     In accordance with Rule 6.B.i of the Court's Procedures, Defendant Harris County respectfully requests a pre-motion conference so that the County and Kim Ogg may file a Rule 12(b)(6) motion to dismiss in their favor. The undersigned counsel for Harris County has conferred with Plaintiff's counsel, Courtney Warren regarding the relief to be requested via telephone. The parties have agreed in part and disagreed in part as follows:

**A.**     **Nature of Suit**

     This civil rights lawsuit stems from an arrest for impersonating a public officer on March 25, 2019. Mr. Hughes was released the following day [Doc. #1]. Plaintiff filed his complaint on June 17, 2021. Plaintiff has alleged that his Fourth and Fourteenth Amendment rights were violated with Harris County Assistant District Attorney Alfred who accepted the arrest.

**B.**     **Agreements reached by the parties**

     Plaintiff will amend and withdraw the claim against Ogg in her official capacity.

**C.**     **Basis for the anticipated motion by Harris County**

     Harris County asserts the statute of limitations defense. Additionally, Plaintiff has failed to state any claim for which relief can be granted against Harris County because his pleading amounts to nothing more than conclusory allegations or unwarranted deduction of facts against

Pre-Motion Conference letter
Hughes v. City of Houston et al., 4:21-1994
P a g e | **2**

Harris County.  Plaintiff has failed to identify a policy maker; failed to identify an unconstitutional official policy or custom of Harris County that was the moving force or direct cause of his injuries. *Monell v. New York City Dept. of Social Svcs.*, 436 U.S. 658, 694 (1978).  Rather, Plaintiff does nothing more than conclusory allege a facially valid policy as unconstitutional. Same pleading deficiencies hold true for Plaintiff's failure to train and supervise and conspiracy claims.

For the reasons stated above and in more detail in a Rule 12(b)(6) motion, Harris County requests that the Court allow Harris County file its motion and dismiss Plaintiff's claims in its favor.

Sincerely,

*/s/ James C. Butt*
James C. Butt
Assistant County Attorney

cc-via email:   courtney@cwarrenlaw.com