**David Mitcham**
First Assistant/Chief of Courts

**Vivian King**
First Assistant/Chief of Staff

Harris County District Attorney's Office
500 Jefferson Street, Suite 600
Houston, TX 77002



# HARRIS COUNTY DISTRICT ATTORNEY
## KIM OGG

August 3, 2021

Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk Street, Rm. 6202
Houston, Texas 77002
Via efiling

      Re:    Request for Pre-Motion Conference: Civil Action No. 4:21-cv-01994, *Austin Thompson Hughes v. City of Houston, et. al,*

Dear Judge Hanks:

Defendant Tiffany Alfred requests a pre-motion conference with regard to filing a Rule 12(b)(6) motion to dismiss the claims asserted against her in this Section 1983 lawsuit. Alfred is an Assistant District Attorney with the Harris County District Attorney's office. Plaintiff alleges claims against Alfred in her individual capacity for unlawful arrest, malicious prosecution and conspiracy to deprive constitutional rights. Alfred's Rule 12(b)(6) motion will assert that plaintiff's claims should be dismissed as duplicative, barred by statute of limitations, and by the doctrine of absolute immunity.

### Affirmation of Conferral with all Parties

Defendant Alfred has conferred with all parties prior to the filing of this letter requesting a pre-motion conference.

### Bases for Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, the court must accept the well-pleaded facts of the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Puntal,* 75 F.3d 1090, 196 (5th Cir. 1996). The plaintiff's complaint should be dismissed if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint must contain facts sufficient to "raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re S. Scrap Material Co., LLC,* 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly,* 550 U.S. at 556). A motion to dismiss is also "a proper vehicle" to assert a claim of absolute immunity. *Wilson v. Barcella,* 2007 WL 963977 *9 (S.D. Tex. March 29, 2007) (citing *Imbler v. Pachtman,* 424 U.S. 409, 416, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). The court, in considering a motion to dismiss, may consider matters of public record, including filings in other proceedings. *Id*. at *1.

1. **Plaintiff's Claim of Unlawful Arrest Through the Wrongful Institution of Legal Process Should be Dismissed as Duplicative.**

Plaintiff alleges two claims against Alfred in her individual capacity – Count 1: Unlawful Arrest Through the Wrongful Institution of Legal Process, and Count 3: Malicious Prosecution Causing

Continued Loss of Liberty. Plaintiff's first claim against Alfred however, Unlawful Arrest Through the Wrongful Institution of Legal Process, is identical to her second claim, Malicious Prosecution Causing Continued Loss of Liberty. Although the petitioner tries to differentiate these claims, a claim of unlawful arrest through the wrongful institution of legal process is a claim for malicious prosecution. The Supreme Court addressed this issue in *Wallace v. Kato*:

> [F]alse imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

549 U.S. 384, 389–390 (2007) (emphasis in original) (internal citations omitted).

The Fifth Circuit, based on the holding in *Wallace*, also upheld this view of malicious prosecution claims in *Winfrey v. Rogers*:

> Junior's claim is more like the tort of malicious prosecution, because Junior was arrested through the wrongful institution of legal process: an arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions and misstatements. Junior thus alleges a wrongful institution of legal process—an unlawful arrest *pursuant to* a warrant—instead of a detention with no legal process . . . Junior's claim suggests malicious prosecution rather than false imprisonment.

901 F.3d 483, 493 (5th Cir. 2018).

A claim against Alfred for Unlawful Arrest can only be supported if the plaintiff's arrest was instituted without legal process. Plaintiff has already conceded in his complaint that he was arrested pursuant to a warrant. Docket Entry 1 at 2. Therefore, his complaint cannot support both a claim of Unlawful Arrest and Malicious Prosecution.

**2. Plaintiff's Malicious Prosecution Claims are Barred by Absolute Prosecutorial Immunity.**

When prosecutors act in their role as advocates, absolute immunity applies to claims for monetary damages. *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). This broad immunity applies to the prosecutor's actions in initiating a prosecution and in carrying the case through the judicial process. *Graves v. Hampton,* 1 F.3d 315, 318 (5th Cir. 1993). Absolute immunity applies even when the plaintiff establishes that the prosecutor acted intentionally, in bad faith, or with malice. *Imbler v. Pachtman,* 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The factual allegations plaintiff makes against Alfred are that Alfred "told Defendant Garcia that she 'would like from [him] to contact one of the Uber passengers to cooperate [sic] [Mr. Hughs's] story before accepting a DWI charge.' Defendant Alfred also instructed Defendant Garcia 'to do the SFST's [standard field sobriety tests] to preserve the evidence in case [they] needed to revisit the DWI charge in

the future.'"  Docket Entry 1 at 13.  Later in the day, "Defendant Garcia 'then contacted the Harris County DA's Office and talked to ADA Alfred again.' On that call, Defendant Garcia reported that he 'explained the new details about this case and ADA Alfred stated she would accept impersonating a police officer charges' on Mr. Hughes."  Docket Entry 1 at 15–16.

Taking plaintiff's allegation as true, any claims arising out of Alfred's actions as the prosecutor who accepted charges in the criminal case are barred by absolute prosecutorial immunity.  *Bellamy v. Harris County, Texas,* 2017 WL 2080157, *2-3 (S.D. Texas May 15, 2017); *see also Tubwell v. Dunn,* 12 F.3d 1097 (5th Cir. 1993) (unpublished table decision) (allegations that a prosecutor filed baseless charges, failed to disclose exculpatory evidence, or engaged in misconduct in the course of plea negotiations are all precisely the types of claims that are barred by absolute prosecutorial immunity). Alfred is protected by absolute prosecutorial immunity in all charging decisions. *See Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (holding that prosecutors are absolutely immune for their conduct in initiating a prosecution insofar as that conduct is intimately associated with the judicial phase of the criminal process) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Plaintiff attempts to strip Alfred of her absolute immunity by characterizing her actions as investigative functions, rather than prosecutorial functions.  Docket Entry 1 at 13. Plaintiff, however, does not allege any actions by Alfred that would constitute investigative functions as it pertains to his case.  The only investigative functions alleged to have been committed by Alfred pertain to the investigation of the DWI charge against the Sierra driver.  In a malicious prosecution claim brought by the Sierra driver, those facts might be relevant to the question of whether Alfred was performing investigative or prosecutorial functions.[1]  But the only facts plaintiff alleges as to *his charge* are that Alfred was informed of new details about the case and accepted charges against Mr. Hughes – no investigative actions are alleged with respect to her involvement in investigating the charges against the plaintiff. Therefore, plaintiff's only remaining claim against Alfred should be dismissed.

For the reasons states above and in more detail in a Rule 12(b)(6) motion, Defendant Alfred request that the Court allow Alfred to file its motion and dismiss plaintiff's claims in her favor.

                                  Respectfully submitted,

                                  ***/s/ Meagan T. Scott***
                                  Assistant District Attorney
                                  Attorney for Defendant Tiffany Alfred

---

[1] The facts alleged in the complaint would still be insufficient to strip Alfred of absolute immunity as she did not personally participate in the investigation, initiate it, or conduct it in lieu of law enforcement.  *C.f. Wooten v. Roach*, 964 F.3d 395, 408 (5th Cir. 2020) (denying absolute immunity to a prosecutor who fulfilled the fact-finding role generally filled by law enforcement, and used Grand Jury subpoena power to act as a stand-in for law enforcement and assemble evidence); *Hoog-Watson v. Guadalupe County*, 591 F.3d 431 (5th Cir. 2009) (denying absolute immunity to a prosecutor who participated in searching for and seizing evidence and was on the scene to evaluate whether a warrantless search was justified); and *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993) (suggesting that absolute immunity is inapplicable "when [prosecutors are] conducting investigative work themselves in order to decide whether a suspect may be arrested").