

CITY OF HOUSTON

Legal Department

Sylvester Turner

Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor
Houston, Texas 77002

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

August 19, 2021

Honorable George C. Hanks, Jr.
United States District Judge,
Southern District of Texas

Re:   Request for Pre-Motion Conference: Cause No. 4:21-cv-01994; *Hughes v. City of Houston, et al.*; in the United States District Court, Southern District of Texas – Houston Division

Dear Judge Hanks:

Defendant City of Houston (the "City") seeks to file a Rule 12(b)(6) motion to dismiss all claims asserted against it and requests a pre-motion conference in accordance with the Court's motions practice procedures. The City has conferred with all parties who have appeared before the Court.

**Currently anticipated basis for the City's Rule 12(b)(6) motion to dismiss.**

The Plaintiff alleges only two causes of action against the City: a 42 U.S.C. § 1983 claim for municipally liability (commonly referred to as a *Monell* claim), and a 42 U.S.C. § 1983 claim for conspiracy to deprive Plaintiff of his constitutional rights. Plaintiff also pleads that the City is jointly and severally liable for Plaintiff's damages.

Plaintiff's complaint falls well below his high burden to state a *Monell* claim against the City. His complaint contains only conclusory allegations of customs, policies, practices, and procedures. His pleadings do not sufficiently show that a policy, custom, pattern or practice of the City was unconstitutional and was also the moving force behind a violation of Plaintiff's constitutional rights. Further, Plaintiff does not plead sufficient facts to reveal a pattern of violations similar to the conduct Plaintiff complains about that would state a claim under § 1983. Plaintiff also fails to sufficiently plead allegations on which he can maintain a claim under *Monell* for failure to train.

Likewise, Plaintiff has failed to state a claim for conspiracy. Municipalities cannot be liable for such a claim under § 1983 as a matter of law. Even if such a claim existed, Plaintiff has failed to plead sufficient facts that, taken as true, would state a claim for conspiracy.

While it is the City's understanding that Plaintiff's claims arise from his detention and prosecution, to the extent Plaintiff's claims arise solely from his arrest, those claims are barred by the statute of limitations.

Lastly, the City cannot be held vicariously liable for other Defendants' individual actions under § 1983. Any alleged unconstitutional conduct must be directly attributable to a municipality through some sort of official action or imprimatur. Because the City can only be liable for damages directly attributable to its conduct, Plaintiff cannot assert joint and several liability against the City as a matter of law.

**Agreement concerning allegations against Defendant Art Acevedo in his official capacity.**

As currently pled, Plaintiff's claims against Defendant Art Acevedo ("Acevedo") are asserted against him in his official capacity. A claim against a government official in his or her official capacity is merely a claim against the governmental unit that employs them. Plaintiff has agreed to amend his complaint and assert claims against Acevedo only in his individual capacity. In reliance on that agreement, the City is not seeking permission to file a motion to dismiss claims currently assert against Acevedo. However, should these claims not be replead, the City requests permission to file a Rule 12(b)(6) motion seeking their dismissal—Acevedo is an improper party in his official capacity and the City cannot be held liable under a supervisory liability theory.

**Prior pre-motions conference and order establishing briefing schedule.**

The City is aware that the Court has already held a pre-motion conference for other Defendants who seek to file Rule 12 motions [Dkt. 8], and that the Court has establish a briefing schedule as a result of that conference [Dkt. 22]. The City has no objection to the Court including the City's motion to dismiss in that briefing schedule and forgoing an additional conference. Should the Court decide that the City's motion to dismiss should not be included in the previously entered briefing order, then the City requests a separate pre-motion conference.

Respectfully submitted,

Geoffrey G. Hoover
Senior Assistant City Attorney
SBN: 24074437
Phone: (832) 393-6248
Geoffrey.Hoover@houstontx.gov
Attorney for Defendant, City of Houston