UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN THOMPSON HUGHES,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:21-CV-01994 |
| **CITY OF HOUSTON, HARRIS COUNTY, ART ACEVEDO, KIM OGG, MICHAEL GARCIA, JOSHUA FEW, JAMES SEYMOUR, AND TIFFANY ALFRED,** | § § § § § § § § | (Jury Trial Demanded) |
| *Defendants.* | § § | |

**RULE 12(b)(6) MOTION TO DISMISS COMPLAINT
AGAINST DEFENDANTS KIM OGG AND TIFFANY ALFRED**

**I.     Introduction**

Plaintiff Austin Thompson Hughes alleges six claims under 42 U.S.C. § 1983 arising out of a Houston Police Department ("HPD") investigation of Plaintiff for the offense of impersonating a public servant, a felony under Texas law. *See* TEX. PENAL CODE § 37.11. Though Plaintiff was charged with this offense, his case ultimately was dismissed.

1

Now, nearly two years later, Plaintiff has sued the City of Houston and Art Acevedo, former HPD chief of police, as well as Officers Michael Garcia and Joshua Few, the HPD officers who investigated the impersonation case against Plaintiff, and Sergeant James Seymour, Officers Garcia and Few's supervisor. In addition—and most pertinent to the instant motion—Plaintiff has sued Kim Ogg, the District Attorney of Harris County, as well as one of her assistant district attorneys, Tiffany Alfred, both in their individual capacities. Finally, Plaintiff has sued Harris County.

With respect to Plaintiff's claims against Ogg and Alfred, his suit should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff cannot overcome Ogg and Alfred's respective defenses of absolute prosecutorial immunity, nor has Plaintiff alleged sufficient facts to state claims for relief that are plausible on their face.

## II. Plaintiff's Allegations Against Ogg and Alfred

Plaintiff's second amended complaint contains six claims for relief, but only three of them pertain to either Ogg or Alfred. In Plaintiff's "Count One," he variously alleges that Alfred violated his rights under the Fourth and Fourteenth Amendments by acting or failing to act in such a manner so as to have caused his "unjust arrest and criminal prosecution." (ECF No. 39 at 51–53, ¶¶ 159, 165, 167.) Specifically, Plaintiff claims Alfred "conducted" and "participated in" a "reckless criminal investigation" and "approved of the . . . prosecution of Plaintiff knowing

that probable cause did not exist for the charge against him." (*Id.* at 52–53, ¶¶ 161, 164.) He also maintains that Alfred "was assisting officers in the investigation of the crime, prior to a finding of probable cause, and was not acting in a prosecutorial capacity." (*Id.* at 54, ¶ 170.)

Plaintiff's "Count Five" concerns Ogg's alleged conduct. He claims that Ogg "implemented and/or failed to implement . . . policies, training, and supervision, which were the moving force that caused Plaintiff's constitutional injuries." (ECF No. 39 at 60, ¶ 205.) He also alleges that Ogg (1) "enforced a policy that authorized Assistant District Attorneys to direct HPD officers to make false statements and omit material information in probable cause affidavits in order to support bringing criminal charges without probable cause" (*id.* at 61–62, ¶ 213); (2) "enforced a policy that authorized Defendant Garcia's unlawful statement to law enforcement," ostensibly a reference to Officer Garcia's arrest warrant affidavit in Plaintiff's impersonation case (*id.* at 62, ¶ 214); and (3) "knew that assistant district attorneys . . . worked with law enforcement to secure criminal charges through probable cause affidavits that they knew containing [*sic*] material omissions and/or false statements but failed to discipline assistant district attorneys for doing so" (*id.*, ¶ 215).

The final claim relevant to Ogg and Alfred is Plaintiff's "Count Six," which broadly alleges that "Defendants, acting in concert with one another, have conspired

3

by concerted action to accomplish an unlawful purpose by an unlawful means," *viz.*, the pursuit and arrest of Plaintiff "for the crime of impersonating a police officer without probably [*sic*] cause." (ECF No. 39 at 63, ¶¶ 221–22.)

### III. Argument and Authorities

As explained below, none of Plaintiff's claims against Ogg and Alfred can be maintained under clearly-established federal law, thus this Court should grant the instant motion and dismiss Plaintiff's suit as against these Defendants.

#### A. Relevant Legal Standards

Ogg and Alfred seek dismissal of all of Plaintiff's claims against them. Dismissal of a lawsuit on the pleadings is proper where there is either (1) a lack of a cognizable theory of recovery; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In making this determination, the trial court must decide whether the allegations, if true, would entitle the plaintiff to some form of legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The court must accept as true "all well pleaded facts in the complaint." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (7th Cir. 1982). Furthermore, "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

That said, the court need not accept as true "conclusionary allegations," *Kaiser Aluminum*, 677 F.2d at 1050, nor should it credit or adopt those inferences that are unreasonable, *see Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421–22 (7th Cir. 1994) (remarking that a general allegation of corporate ownership would be insufficient to infer liability for an owner or operator of a hazardous waste site absent an allegation of direct, personal involvement in the operations of the site that gave rise to the suit). And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put differently, a plaintiff has the obligation "to provide the 'grounds' of his entitlement to relief" beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and emendations omitted). The complaint must contain facts sufficient to "raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). And with respect to the complaint's non-conclusory facts, a court should undertake a "context specific" evaluation based on its "judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, a motion to dismiss is a proper vehicle to assert a claim of absolute immunity. *See Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021) (reviewing *de novo* a district court's denial of a motion to dismiss on grounds of qualified and absolute immunity, and citing to *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020)). Among other applications, absolute immunity shields prosecutors "for activities 'intimately associated with the judicial phase of the criminal process,' including 'initiating a prosecution and [] presenting the State's case.'" *Id.* at 280 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430–31 (1976)) (emendation in original).

### B. Plaintiff's Claim One against Alfred is barred by absolute immunity and is otherwise conclusory.

Plaintiff asserts that Alfred "conducted" and "participated in" a "reckless criminal investigation," (ECF No. 39 at 52, ¶ 161), yet he alleges no facts to substantiate this claim as it pertains to the investigation that led to his being charged with impersonating a public servant. Instead, Plaintiff merely avers that Alfred told Officers Garcia and Few—who were then investigating a possibly intoxicated driver, whom Plaintiff had followed and confronted—that they needed to complete tasks specific to the driving-while-intoxicated ("DWI") investigation before she would accept a DWI charge. (*Id.* at 21, ¶ 65.) On Plaintiff's pleaded facts, Alfred's only involvement with respect to the impersonation case was to accept the charge when Officer Garcia again called the District Attorney's Office to "explain[] the new

details about [the impersonation] case and ADA Alfred stated she would accept impersonating a police officer charges." (*Id.* at 24, ¶ 75 (internal quotations omitted).) To the extent that Plaintiff has sued Alfred for her decision to accept the impersonation charge—a core function of a prosecutor's role as advocate—he cannot overcome Alfred's absolute immunity, thus Plaintiff's first count as against Alfred ought to be dismissed. *Terwilliger*, 4 F.4th at 280 (citing *Imbler*, 424 U.S. at 430–31)); *see also LeBlanc v. Stedman*, 483 Fed. App'x 666, 669 (3d Cir. 2012) (finding absolute immunity for a prosecutor who, *inter alia*, reviewed information gathered by a detective prior to the detective's filing criminal-conspiracy and insurance-fraud charges).

If, instead, Plaintiff's claim is based on Alfred's conduct other than her prosecutorial decision to accept the impersonation charge, his complaint is deficient in that it alleges no facts to support this contention. Being conclusory, Plaintiff's averment that Alfred *was* involved in that investigation need not be accepted by this Court. *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Accordingly, Plaintiff's first claim as against Alfred cannot survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 544 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

7

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." (citations and internal quotations omitted)).

      **C.    Plaintiff's Claim Five against Ogg must be dismissed as it fails to allege any personal involvement on Ogg's part and is rooted in Ogg's role as policymaker, for which Plaintiff enjoys no claim to relief.**

Like his first claim, Plaintiff's fifth claim cannot survive a motion to dismiss for two reasons: *first,* he has failed to allege any direct involvement by Ogg in any of the events that led to his prosecution for impersonating a public servant; and *second,* a supervising prosecutor is entitled to absolute immunity in suits based on inadequate training or ineffectual policies so long as those policies involve a prosecutor's role as advocate.

              ***1. Ogg was not personally involved in the investigation or prosecution of the impersonation case against Plaintiff.***

None of the factual allegations in Plaintiff's second amended complaint directly implicate Ogg in the events of March 2019 involving Plaintiff and his eventual arrest for impersonation. As the Fifth Circuit has held, theories of vicarious liability cannot be used to hold state employees liable under § 1983. *Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999) (holding that only the direct acts or omissions of government officials, not subordinates, can give rise to § 1983

liability). Instead, personal involvement by the official is an essential element. *Tompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).

In the complete absence of any allegation that Ogg was personally involved in Plaintiff's prosecution—let alone the investigation that preceded it—Plaintiff has failed to state a plausible constitutional claim against Ogg in her individual capacity. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Accordingly, count five as against Ogg should be dismissed.

### 2. *Plaintiff's assertions concerning Ogg's policies and training either are unsupported or demonstrate that his claim is barred by Ogg's absolute immunity.*

Perhaps recognizing that his suit against Ogg cannot be maintained for failing to allege any personal involvement by Ogg, Plaintiff attempts to reinforce his claim against her by focusing on her role as a supervisor. (*See* ECF No. 39 at 60, ¶¶ 203–05.) Ostensibly referring back to his fourth claim for relief—lodged against the City of Houston and Harris County—Plaintiff avers that Ogg "implemented and/or failed to implement the aforementioned policies, training, and supervision, which were the moving force that caused Plaintiff's constitutional injuries." (*Id.* at 59–60, ¶¶ 199, 205.)

Plaintiff's characterization of those policies is, however, either unsubstantiated or self-defeating. He claims, for instance, that assistant district

9

attorneys are subject to policies that require them "to manipulate investigations and the presentation of evidence in order to secure warrants without the requisite probable cause" and to undertake "criminal investigation responsibilities" without proper training (ECF No. 39 at 59, ¶ 199(f)), and yet, in his recitation of facts, he does not mention any policy that fits this description. Rather, Plaintiff pivots from a true statement regarding the filing of criminal cases in Harris County—namely, prosecutors review every criminal case "prior to filing charges or authorizing the jailing of an individual" (*id.* at 59, ¶ 154 (internal quotations omitted))—to a false (and garbled) assertion that

> [t]he resulting policy and/or custom is that Harris County Assistant District Attorneys direct police officers in the investigation to ensure that probable cause can be established to secure a warrant or charge, regardless of if the totality of the facts and circumstances available to the officer would in fact demonstrate probable cause.

(*Id.* at 50, ¶ 155; *see also id.* at 49–50, ¶ 153 (recitation of HPD policies that merely require officers to "work cooperatively with district attorney's offices to help reduce the number of cases dismissed" and to speak with a prosecutor "[b]efore filing charges . . . to ensure that the charges will be accepted" (internal quotations omitted; emendation and ellipsis in original)).

In addition to supplying no factual basis to support its extraordinary assertions,[1] *Twombly*, 550 U.S. at 544, Plaintiff's fifth claim also fails for essentially seeking to hold Ogg liable for her office's policies and training related to subject matter for which she has absolute immunity, *viz.*, the prosecutor's role in deciding whether "'to initiate a prosecution.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (quoting *Imbler*, 424 U.S. at 421)). As the Supreme Court held in *Van de Kamp*, "prosecutors involved in [] supervision or training . . . enjoy absolute immunity" from claims under § 1983 whenever those "administrative obligation[s]" are directly connected with a prosecutor's role as advocate, a role that (as *Imbler* made clear) encompasses not only presenting the State's case at trial but also initiating the prosecution, as Alfred did (and *only* did) here. *Id.* at 344. Accordingly, to the extent Plaintiff's fifth claim takes issue with policies and training concerning Alfred's role in accepting the charge of impersonation against Plaintiff, Ogg's absolute immunity applies and thus shields her from liability.

---

[1] Plaintiff's complaint contains several such extraordinary and unsupported assertions, *e.g.*, "Ogg enforced a policy that authorized Assistant District Attorneys to direct HPD officers to make false statements and omit material information in probable cause affidavits," and "Ogg enforced a policy that authorized Officer Garcia's unlawful statement to law enforcement." (ECF No. 39 at 61–62, ¶¶ 213–14.)

> **D. Plaintiff's Claim Six fails to allege any concrete facts to show that either Ogg or Alfred reached an agreement with a "conspirator" to deprive Plaintiff of a constitutional right.**

Lastly, under his sixth claim, Plaintiff asserts that "the Defendants reached an agreement with the Gomez [*sic*] and amongst themselves to unlawfully pursue Plaintiff for the crime of impersonating a police officer without probably cause, thereby depriving Plaintiff of his constitutional rights." (ECF No. 39 at 63, ¶ 221.) To the extent that Plaintiff means "the Defendants" to include Ogg and Alfred, this claim should be dismissed: "Gomez" ostensibly refers to Edgar Gomez, the DWI suspect (ECF No. 39 at 10, ¶ 30), and neither Ogg nor Alfred are alleged to have communicated with Gomez, whether directly or indirectly. To support a conspiracy claim under § 1983, a plaintiff must allege facts that suggest "an agreement between the . . . defendants to commit an illegal act" and "an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984)). No such agreement between Ogg, Alfred, Gomez, or anyone else is alleged, let alone with that degree of specificity required under federal law. *See Twombly*, 550 U.S. at 557 ("A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). Thus, at least with respect to Ogg and Alfred, Plaintiff's sixth claim also should be dismissed.

## IV. Conclusion

For the reasons detailed above, District Attorney Kim Ogg and Assistant District Attorney Tiffany Alfred pray that this Court grants their motion to dismiss pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Meagan T. Scott
**MEAGAN T. SCOTT**
Attorney-In-Charge
Assistant General Counsel
Federal ID No. 2802414
State Bar No. 24088378
500 Jefferson Street, 6th Floor
Houston, Texas  77002
p. (713) 274-5816
f. (713) 437-4966
scott_meagan@dao.hctx.net

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of October, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system to counsel for all parties.

/s/ Meagan T. Scott
**MEAGAN T. SCOTT**
Attorney-In-Charge
Assistant General Counsel
Federal ID No. 2802414
State Bar No. 24088378
500 Jefferson Street, 6th Floor
Houston, Texas  77002
p. (713) 274-5816
f. (713) 437-4966
scott_meagan@dao.hctx.net