1                    IN THE UNITED STATES DISTRICT COURT

2                  FOR THE SOUTHERN DISTRICT OF TEXAS

3                           HOUSTON DIVISION

4   AUSTIN THOMPSON HUGHES          §     CASE NO. 4:21-CV-1994
                                    §     HOUSTON, TEXAS
5   VERSUS                          §     WEDNESDAY,
                                    §     NOVEMBER 17, 2021
6   CITY OF HOUSTON, ET AL          §     10:27 A.M. TO 10:34 A.M.

7

                        INITIAL CONFERENCE (VIA ZOOM)
8
                    BEFORE THE HONORABLE ANDREW EDISON
9                    UNITED STATES MAGISTRATE JUDGE

10

11

12      APPEARANCES:                        SEE NEXT PAGE

13      ELECTRONIC RECORDING OFFICER: DISA MCKINNIE-RICHARDSON

14      CASE MANAGER:                   RUBEN CASTRO

15

16                      **(AUDIO DISTORTION NOTED)**

17

18

19

20              TRANSCRIPTION SERVICE BY:

21          JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                    935 Eldridge Road, #144
22               Sugar Land, TX 77478
                     281-277-5325
23              www.judicialtranscribers.com

24

        Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.

1                          APPEARANCES (VIA ZOOM):

2

3   FOR THE PLAINTIFF:              LAW OFFICE OF COURTNEY WARREN,
                                    PLLC
4                                   402 Hunt Street
                                    Houston, TX  77003
5                                   512-797-3855

6

7   FOR DEFENDANT JOSHUA FEW:       CITY OF HOUSTON LEGAL
                                    DEPARTMENT
8                                   Geoffrey G. Hoover, Esq.
                                    900 Bagby, 3rd Floor
9                                   Houston, TX  77002
                                    832-393-6248

10

11  FOR THE DEFENDANT, KIM OGG:     HARRIS COUNTY DISTRICT
                                    ATTORNEY'S OFFICE
12                                  1201 Franklin, Ste. 600
                                    Houston, TX  77002
13                                  713-274-5816

14

15  FOR THE DEFENDANT, HARRIS
    COUNTY:                         HARRIS COUNTY DISTRICT
16                                  ATTORNEY'S OFFICE
                                    James C. Butt, Esq.
17                                  1019 Congress, 15th Fl.
                                    Houston, TX  77002
18                                  713-274-5133

19

20

21

22

23

24

25

1      **HOUSTON, TEXAS; WEDNESDAY, NOVEMBER 17, 2021; 10:27 A.M.**

2              THE COURT:  Hughes versus the City of Houston,

3    4:21-CV-1994.

4              MR. HOOVER:  Good morning, Judge.

5              MS. WARREN:  Good morning.  Courtney Warren on

6    behalf of the Plaintiff, Your Honor.

7              THE COURT:  Ms. Warren.

8              MR. HOOVER:  Good afternoon, Your Honor.  On

9    behalf of the City of Houston, Acevedo, Garcia, Few, and

10   Seymour.

11             THE COURT:  Good to see you, as well, Mr. Hoover.

12             MS. SCOTT:  Meagan Scott on behalf of Defendants

13   Ogg and Alfred.

14             THE COURT:  Hello, Ms. Scott.

15             MR. BUTT:  And good morning, Your Honor.  James

16   Butt on behalf of Harris County.

17             THE COURT:  I was wondering.  I only have like

18   four cases left out of all these people and I was like, now

19   there are a few cases that (indiscernible).

20             Okay.  So we have a Section 1983 arising out of

21   the 2021 arrest and there were multiple motions to dismiss

22   that are pending.  I did not send you-all a schedule because

23   I wanted to sort of, you know, (indiscernible) each case is

24   a little unique, given the qualified immunity issue and so I

25   just want to (indiscernible).

4

1          This was in advance, but I did want to -- what we

2    do on a schedule or do we -- I would like a schedule in

3    place just so things don't fall through the cracks, but

4    given all the motions to dismiss, I just sort of

5    (indiscernible), but I don't know what to do on this

6    hearing.

7          MR. HOOVER:  I agree, Judge, that it makes more

8    sense, I guess, to kind of establish some timelines out of

9    the time period after ruling on the Motions to Dismiss

10   because -- I mean, obviously whenever Judge Hanks gets time

11   to rule.  Whenever you-all make your rulings, whenever you

12   make the rule, but at least the officer is qualified

13   immunity defense was out following the procedure there

14   really can't be discovery, so I don't really know a better

15   way to do it, but it's pretty easy to get all this on one.

16         MS. WARREN:  Yes, Your Honor.  I would just point

17   out that the parties did submit a Joint Scheduling and Case

18   Management Plan.  We (indiscernible) on the amount of time

19   would be for discovery and things like that.  I guess our

20   main dispute is whether discovery can start now or if we

21   have to wait until the Motions to Dismiss.  Obviously the

22   discovery should start now.  I think it's with regard to our

23   initial disclosures, it's fine to go forward and then I also

24   think that (indiscernible) relief on the claims that

25   discovery should be started on those claims.

5

1          And so that's my position.  Defendants

2   (indiscernible) documents that will work for our Motions to

3   Dismiss.

4          THE COURT:  Let me do this on that.  I don't want

5   to jump in that play right now.  As I say, Judge Hanks might

6   (indiscernible) or he might want to.  I don't want to step

7   on his toes.

8          MS. WARREN:  Am I beginning like (indiscernible).

9          THE COURT:  I'm sorry.  Go ahead.

10          MS. WARREN:  I was just thinking at length, Your

11   Honor, we have some extension requests and it seems that

12   Judge Hanks granted some of those while we (indiscernible),

13   but I think right now those replies (glitch in the audio) --

14          THE COURT:  I can't hear you.  You went on mute,

15   unless you --

16          MS. WARREN:  Sorry.

17          THE COURT:  There you go.

18          MS. WARREN:  So I think everything should be fully

19   briefed by December 3rd, if nothing can (indiscernible)

20   status on the last (indiscernible).

21       (Glitch in the audio)

22          THE COURT:  Okay.  Let me do this.  Let me kind of

23   stew on this for a second just because as I say, it really

24   doesn't make -- I might end up setting a scheduling just to

25   make sure nothing falls through the cracks, but I just kind

6

1  of need a decision from Judge Hanks one way or the other on

2  some of these issues and obviously, you know, depending on

3  what ruling he makes on qualified immunity and ends up in

4  the Fifth Circuit immediately, so in terms of discovery

5  issue, as I say, I don't want to step on Judge Hanks' shoes

6  on this one.

7        My suggestion is tee up the discovery letter and

8  then maybe they indicate themselves or (indiscernible) on

9  24 hours and (indiscernible) get the discovery issue

10  resolved.

11        We get that, as well as some other at least maybe

12  non-qualified immunity discovery to proceed with whatever

13  plan is developed.

14        You're (indiscernible) make no rules.

15        MR. HOOVER:  I'm good, Judge.  You have a plan.  I

16  like it.

17        THE COURT:  So disappointing to be honest with

18  you.  Totally pass the buck, but that's what I'll do.

19        So with that, anything else we should talk about

20  (indiscernible)?

21        MR. HOOVER:  Yes, Judge.  So protective order,

22  there's the parties, I think have finally hammered out some

23  details of the protective order, but a little different from

24  the Court's standard order because the issue of expungement

25  in this case, that the Plaintiff after the conclusion can

1   order expungement within the Texas statute, the Government

2   is not allowed to possess these records, so obviously this

3   goes to the discovery rule in becoming in possession of

4   those records.  So we've added some language to that order,

5   whichever one is (indiscernible) before Court.

6           THE COURT:  Like I say, we don't want to add or

7   subtract language, but the real key is that we have a

8   complaint.  People when try to add language, but every

9   document filed in this case is sealed forever.

10          MR. HOOVER:  Sure, but let's take that out.

11          THE COURT:  Yeah, take that out and

12   (indiscernible).

13          Okay.  Good to see all of you today and I look

14   forward to working with you and I will not enter that order

15   until I've thought about it further.

16          Have a good day and good holiday.

17      (The parties thank the Court.)

18          THE COURT:  You're excused.

19      (Proceedings adjourned at 10:34 a.m.)

20

21

22

23

24

25                           *  *  *  *  *

8

1          *I certify that the foregoing is a correct*

2     *transcript to the best of my ability produced from the*

3     *electronic sound recording of the ZOOM/telephonic*

4     *proceedings in the above-entitled matter.*

5     */S/ MARY D. HENRY*

6     *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

7     *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET\*\*337*

8     *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

9     *JTT TRANSCRIPT #65067*

10    *DATE FILED:  JANUARY 17, 2022*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25