```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE SOUTHERN DISTRICT OF TEXAS

 3                        HOUSTON DIVISION

 4  AUSTIN THOMPSON HUGHES         §    CASE NO. 4:21-cv-1994
                                   §    HOUSTON, TEXAS
 5  VERSUS                         §    FRIDAY,
                                   §    SEPTEMBER 30, 2022
 6  CITY OF HOUSTON, ET AL         §    10:06 A.M. TO 10:27 A.M.

 7
                     STATUS CONFERENCE (VIA ZOOM)
 8
            BEFORE THE HONORABLE GEORGE C. HANKS, JR.
 9                   UNITED STATES DISTRICT JUDGE

10

11

12      APPEARANCES:                      SEE NEXT PAGE

13      ELECTRONIC RECORDING OFFICER: RACHEL WILLBORG

14      CASE MANAGER:                     BYRON THOMAS

15

16

17                    (AUDIO DISTORTION NOTED)

18

19

20                  TRANSCRIPTION SERVICE BY:

21           JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                   935 Eldridge Road, #144
22                  Sugar Land, TX 77478
                        281-277-5325
23               www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.
```

```
 1                    APPEARANCES (VIA ZOOM):
 2
 3   FOR KIM OGG:                HARRIS COUNTY DISTRICT
                                 ATTORNEY
 4                               Meagan Scott, Esq.
                                 James Butt, Esq.
 5                               500 Jefferson
                                 Suite 500
 6                               Houston, TX  77002
                                 713-274-5816
 7
 8   FOR AUSTIN HUGHES:          LAW OFFICE OF COURTNEY WARREN
                                 Courtney Warren, Esq.
 9                               402 Hunt Street
                                 Houston, TX  77003
10                               512-797-3855
11
12   FOR OFFICER AND
       CITY OF HOUSTON:          CITY OF HOUSTON LEGAL
13                               Melissa Azadeh, Esq.
                                 Kelly Dempsey, Esq.
14                               P.O. Box 368
                                 Houston, TX  77002
15                               832-393-6491
16
17
18
19
20
21
22
23
24
25
```

1 **HOUSTON, TEXAS; FRIDAY, SEPTEMBER 30, 2022; 10:06 A.M.**

2           THE COURT:  Good morning.  The next case on the
3 Court's docket this morning is Cause No. 4:21-cv-1994,
4 Austin Thomas Hughes versus City of Houston, et al.
5           Can all counsel on the line just introduce
6 themselves to the Court and state the party they represent,
7 starting with the Plaintiff?
8           MS. WARREN:  Courtney Warren for Plaintiff, Austin
9 Hughes, Your Honor.
10          THE COURT:  Okay, good morning.
11          And for Defendant.
12          MS. SCOTT:  Megan Scott for Defendants Ogg and
13 Alfred.
14          THE COURT:  Okay, Ms. Scott.
15          MR. BUTT:  Jim Butt on behalf of Harris County,
16 Your Honor.
17          THE COURT:  Okay, good morning.
18          MS. AZADEH:  Melissa Azadeh on behalf of the City
19 of Houston, Chief Acevedo, officers Garcia, Seymour and Few.
20          Good morning, Your Honor.
21          THE COURT:  Okay, good morning, Ms. Azadeh.
22          And finally, Ms. Dempsey.
23          MS. DEMPSEY:  Yes, good morning, Your Honor.  I'm
24 also with the City of Houston Legal Department with Melissa
25 Azadeh on behalf of the City of Houston, Acevedo, Garcia,

1  Few and Seymour.
2              THE COURT:  Great.  Well welcome everyone.  I
3  appreciate you being available this morning.
4              I wanted to have a hearing to announce on the
5  Record my rulings with respect to the pending motions to
6  dismiss.  And then get a schedule to keep the case -- to get
7  the case back on track and moving forward.
8              I know that you've been waiting for the motion to
9  dismiss ruling so that you get some clarity as to how this
10 case will proceed.
11             So, that's my goal this morning is to give some
12 clarity and some guidance as to where we're going to go from
13 here and moving this case forward.
14             Pending before the Court are the motions to
15 dismiss that have been filed by all Defendants.  And you
16 will be getting a written order explaining further my
17 ruling.  But I wanted to announce these on the Record this
18 morning so we can get moving on the case.
19             With respect to the pending motions, all the
20 motions are granted except for the motion with respect to
21 Officers Garcia and Few.  And those motions are granted in
22 part and denied in part.
23             And I'm to go through on the Record and announce
24 the basis for my ruling that will be set forth in the
25 written orders.

1          First, is Docket Entry No. 49 is the City of
2  Houston motion to dismiss.  That motion is granted in its
3  entirety.
4          The Court finds that with respect to the claims in
5  1983 for municipal liability.  The complaint does not allege
6  sufficient factual allegations that are custom or policy
7  sufficient to establish an claim for a constitutional
8  deprivation by the Plaintiff.
9          The Court also finds that the complaint does not
10 identify an adequate and efficient training policy that lead
11 to the constitutional deprivation.
12         And the Court finds that the discussion regarding
13 the policies related to the DWI enforcement or DUI
14 enforcement are relevant with respect to these
15 constitutional claims.
16         With respect to the claim for conspiracy to
17 deprive the Plaintiff of his constitutional rights, the
18 Court also grants that motion to dismiss.
19         The Court finds the conspiracy allegations are
20 conclusory and insufficient to establish a claim for
21 conspiracy against the City of Houston with respect to the
22 deprivation of Plaintiff's constitutional claims.
23         The next claim -- the next motion is Harris
24 County's motion, which is Docket Entry No. 42.  The Court
25 also grants that's motion.  With respect to the claims for

1  municipal liability, for the same reasons for the City
2  Houston, the Court finds that there's insufficient factual
3  allegations of a policy or custom that would be sufficient
4  to establish Monell liability for the Plaintiff's
5  constitutional deprivation.
6          The complaint also -- excuse me -- failed to
7  identify an inadequate and deficient training policy
8  sufficient -- with sufficient particularity to survive
9  dismissal with respect to the Constitution deprivation.
10         And again, the policy related to DWI enforcement
11 or DUI enforcement, the Court finds irrelevant with respect
12 to the constitutional claim in this particular case.
13         With respect to the claims for conspiracy to
14 deprive the Plaintiff of his constitutional rights, the
15 Court grants that motion for summary -- that motion for
16 dismiss as well.  Finding that conspiracy allegations are
17 conclusory and insufficient to establish liability against
18 Harris County.
19         With respect to Docket Entry No. 48, which is
20 former Houston Police Department Chief of Police, Art
21 Acevado's motion to dismiss.  The Court grants the motion to
22 dismiss with respect to the claims for supervisory liability
23 and failure to adequately train and supervisor.
24         The Court finds that there is insufficient facts
25 establish that Chief Acevado acted deliberate indifferent,

1  which is an essential element of a failure to train claim.
2           With respect to the claim of conspiracy to advise
3  the Plaintiff of his constitutional rights, the Court finds
4  that, that motion should also be granted.  The Court finds
5  that the allegations are conclusory and insufficient to
6  establish a conspiracy claim against the Chief.
7           And also, there's no allegations of being in
8  direct communication with treating the DUI suspect Gomez --
9  with the DUI suspect Gomez and Art Acevedo that would
10 establish any sort of participation in the conspiracy.
11          With respect to Docket Entry No. 46, which is the
12 motion filed by Harris County District Attorney, Kim Ogg,
13 the claim for supervisory liability, failure to adequately
14 train and supervise, that motion to dismiss is granted.
15          There are no allegations of any direct involvement
16 in the events leading to the prosecution by Ms. Ogg.  And
17 the allegations related to cause and training are alternated
18 either barred by absolute immunity or lack factual support
19 from the -- in the complaint.
20          Again, with respect to the claim for conspiracy to
21 deprive the Plaintiff of his constitutional rights, the
22 Court grants that motion with respect to District Attorney
23 Kim Ogg.
24          The Court finds that the allegations of conspiracy
25 are conclusory and insufficient to establish conspiracy a

1  claim against Ms. Ogg.  And like with Chief Acevedo, there's
2  no allegation of any direct communication between Kim Ogg
3  and the DUI suspect Gomez in this matter.
4          Docket Entry No. 46, which is the motion to
5  dismiss by Assistant District Attorney Tiffany Alfred, the
6  motion with respect to the violation of Plaintiff's Fourth
7  and Fourteenth Amendment claims, unlawful arrest and
8  prosecution due to unlawful institution of legal process,
9  that motion is granted.
10         The allegation as plead follows in the
11 prosecutorial role of Ms. Alfred and cannot overcome
12 absolute immunity in this case.  And there are no
13 allegations or insufficient allegations that Ms. Alfred did
14 anything outside of her role as a prosecutor in this case
15 that would give rise to any constitutional claim against
16 her.
17         With respect to the claim for conspiracy to
18 deprive the Plaintiff of his constitutional rights, the
19 Court grants that motion as well.  The Court finds there
20 is -- the conclusory allegations are insufficient to
21 establish a claim for conspiracy by Ms. Alfred and any of
22 the other Defendants in this case.
23         And again as with the other Defendants, there's no
24 allegation of any direct communication between Ms. Alfred
25 and the DUI suspect, Mr. Gomez, in this matter.

1          Docket Entry No. 43, which is the motion to
2   dismiss by HPD Sergeant James Seymour, the Court grants that
3   motion with respect to the alleged violation of the Fourth
4   and Fourteenth amendment claim for unlawful arrest and
5   prosecution to the wrongful institution of legal process.
6          The Court finds that the facts in this case were
7   insufficient to overcome the independent intermediary bar
8   for liability.  In other words, the Court finds that there's
9   no allegations that Seymour provided information to Garcia
10  for the purposes of including it in the warrant in the
11  affidavit that triggers the arrest warrant.
12         With respect to the allegations of violations of
13  the Fourth and Fourteenth Amendment with respect to Sergeant
14  Seymour, the Court grants that motion as well.
15         The Court finds the complaint fails to plead
16  sufficient facts established that Officer Seymour or
17  Sergeant Seymour acted with deliberate indifference to the
18  violation of the Plaintiff's constitutional rights, which,
19  again, as I mentioned earlier, is an essential element of
20  the barrier of the supervised claim.
21         With respect to the conspiracy to deprive the
22  Plaintiff of his constitutional rights, the Court finds that
23  those allegations are also insufficient and conclusory to
24  establish a claim for conspiracy with respect to this
25  particular Defendant.

1           With respect to the motion to dismiss in Docket
2  Entry No. 47 filed by Officer Michael Garcia, as I mentioned
3  earlier, that motion is granted in part and denied in part.
4           With respect to the claim that Officer Garcia
5  violated the Fourth and Fourteenth Amendment, unlawful
6  arrest -- through an unlawful arrest and prosecution, the
7  wrongful institution of legal process, that motion is
8  respectfully denied.
9           Plaintiff has filed sufficient facts to hold
10 Officer Garcia liable under the French rule which is where
11 an officer deliberately or recklessly provides material
12 information for use in an affidavit or makes knowing and
13 essential omissions that result in a warrant being without
14 probable cause.
15          The Court's cite for that is *Nelson versus*
16 *Phillips*, 875 F3d 256 at 264, Fifth Circuit, 217, discussing
17 *Franks versus Delaware,* which is 438 US 154, Supreme Court,
18 1978.
19          In addition to *Frank's* liability in this case, the
20 Court finds that based on the pleadings in this complaint,
21 Officer Garcia is not entitled to protection under the
22 immediate intermediary doctrine if it can be shown that the
23 corroboration of the independent intermediary was in some
24 ways tainted by the action of the Defendant.
25          The Court also finds that Officer Garcia is not

1  entitled to case qualified immunity as Plaintiff has
2  adequately plead actions on the part of Officer Garcia that
3  if proven of true to establish these things would establish
4  that he violated Hughes' Fourth and Fourteenth Amendment
5  rights and that these actions would have been objectively
6  unreasonable in light of clearly established law at the
7  time, citing *Winsley versus Rogers,* 901 F3d 483 at 494.
8      Counsel, if you can just hold on for one second?
9      (Pause in the proceedings.)
10     THE COURT: Continuing on with the respect to the
11 violation of the Plaintiff's Fourteenth Amendment right by
12 violating his procedural due process on complaints filing a
13 false report. That motion is granted.
14     This procedural due process claim is duplicative
15 of the Fourth Amendment claim and as the Court has held the
16 Fourth and Fourteen Amendment was intended to serve as a
17 backstop when there's no other competition claims available.
18     And here there is another competition claim
19 available. The Court finds that the Plaintiff has plead a
20 constitutional claim amicably under the Fourth Amendment
21 against the officer, Officer Garcia.
22     With respect to the conspiracy claim, the motion
23 is granted with respect to the conspiracy claims because
24 there the allegation are, as I pointed out with respect to
25 other Defendants, conclusory and insufficient to establish a

1  claim for conspiracy against Officer Garcia.
2           With respect to Officer Few, the motion again, as
3  I mentioned earlier, is granted in part and denied in part.
4  It is denied with respect to the claims that Officer Few
5  violated the Plaintiff's Fourth and Fourteenth Amendment
6  claims, unlawful arrest and prosecution, wrongful
7  institution of legal process.
8           The Court finds that Mr. Hughes has plead
9  sufficient facts to hold Officer Few liable under the French
10 rule, as I mentioned earlier, when an officer deliberately
11 or recklessly provides false material information for use in
12 the affidavit that makes knowing and essential omission that
13 results in a warrant being issued without probable cause.
14          In this case, in addition to working hand-in-hand
15 with Officer Garcia, the Court finds is liable or alleged
16 liable based on the allegations in the complaint under the
17 French rule.  Officer Few prepared and submitted the
18 incident report that accused Hughes of impersonating a
19 police officer.
20          Officer Few thus deliberately or recklessly
21 provided false material information for use in Officer
22 Garcia's affidavit if the allegations in the complaint are
23 true as alleged.
24          In addition, the French liability, Few is not
25 entitled to protection under the independent intermediary

1  doctrine if it can be shown that these deliberations of the
2  intermediary are in some tainted for the actions of the
3  Defendant.
4          And the Plaintiff has plead sufficient facts, if
5  true, to overcome that protection provided by the
6  independent intermediary doctrine.
7       (Pause in the proceedings.)
8          THE COURT:  The Court finds that Austin Hughes is
9  not entitle to false immunity as the Plaintiff has plead
10 action on the part of Officer Few that, if proven true,
11 would constitute a violation of Hughes' Fourth and Fourteen
12 Amendment rights and would have been objectionably
13 unreasonable in light of clearly established law at the
14 time.
15         And finally, with respect to the claims for a
16 conspiracy to deprive the Plaintiff of his constitutional
17 rights, that motion is granted.
18         As I mentioned earlier, the conspiracy allegations
19 are conclusory respectfully and insufficient to establish a
20 claim for conspiracy to violate Mr. Hughes' constitutional
21 rights.
22         I will have an order that sets all of this out in
23 detail for you.  But I wanted to go ahead and get this on
24 the Record so that you-all would have some clarity as to
25 where we're going to proceed with this case pending any

1 appeals with respect to the Court's ruling.

2 The next thing I wanted to --

3 MS. WARREN: Your Honor?

4 THE COURT: Oh, I'm sorry.

5 MS. WARREN: May I clarify something very quickly?

6 THE COURT: Oh, sure.

7 MS. WARREN: I just want to clarify whether the
8 dismissals are with or without prejudice, in particular
9 with regard to the City of Houston.

10 I would request that it be without prejudice since
11 as the Court mentioned, the thing we Plaintiff is pretty
12 specific facts of internal policy.

13 I mean, it's possible that during discovery into
14 the officers that we may find sufficient allegations and
15 facts regarding the internal policies (indiscernible) the
16 complaint. And so it's specifically (indiscernible) that I
17 would request that (indiscernible).

18 THE COURT: Oh, all of the dismissals are without
19 prejudice.

20 So I mean that goes -- thank you for making sure
21 that's on the record. The motion to dismiss are without
22 prejudice to these be re-asserted if you have evidence later
23 on the development during trial.

24 Because you're right, Ms. Warren, oftentimes
25 there's additional information in discovery that becomes

1   available and you'd like to amend your complaint.

2              So, the only limitation, of course, is the statute
3   of limitations.  But I think looking at your claim, you're
4   within that.  So the motion to dismiss are dismissed without
5   prejudice.

6              MS. WARREN:  Thank you, Your Honor.

7              THE COURT:  Now with respect to the scheduling
8   issue that you guys are having, that was brought upon by the
9   fact that we have rulings on the motions to dismiss.

10             Now that you've got motions on the -- rulings on
11  the motions to dismiss, were you -- what do you guys want to
12  do about your scheduling?

13             Do you have a schedule in place that you'd like
14  the Court to put in into the Order with respect to how the
15  case is going to proceed?  Or would you like to sit down and
16  talk about that off for a little bit and then submit a joint
17  letter to the court regarding an amended document control
18  order?

19             MS. AZADEH:  Your Honor, Melissa Azadeh on behalf
20  of the officers, I would just ask for some time so that I
21  can confer with my clients and discuss their options for
22  interlocutory appeal.  And then depending on that decision,
23  of course, we'd be happy to discuss with the other parties
24  the scheduling.

25             THE COURT:  Great.  So -- I'm sorry.

1           MS. WARREN: That was my -- I would just say now
2  we have but still would like discovery to proceed
3  (indiscernible) Ms. Azadeh.
4           So I'm not ready to (indiscernible) but I just
5  wanted it to go on Record that even if they do proceed with
6  an interlocutory appeal, we'd like discovery
7  (indiscernible).
8           THE COURT: Oh, yes. I mean, yeah, the labelings
9  with respect to the Defendant pending the appeal,
10 (indiscernible 10.25.58) in place or whatever you're
11 entitled to move forward.
12          MS. WARREN: Thank you, Your Honor.
13          THE COURT: You make your call as to what you want
14 to do. I guess, it's just going to be you and Ms. Azadeh
15 depending on what you think -- what you want to do,
16 Ms. Warren, on appeal.
17          But you guys get together, figure out how you'd it
18 to be. What I'd like to do, because this case needs to get
19 moving, I'm going to give you guys 12 days from today to
20 submit to the Court either an agreed upon Docket Control
21 Order or the Court will put a Docket Control Order in place
22 based on the Court's rulings on this matter.
23       (Pause in the proceedings.)
24          MS. WARREN: Okay.
25          THE COURT: And again, you're going to get a

1  written opinion setting out my reasoning and analysis in
2  detail.  I just wanted to give you that summary and get that
3  on the record so that you guys could have some clarity as to
4  how to proceed.
5              MS. WARREN:  Thank you, Your Honor.
6              MS. AZADEH:  Thank you.
7              THE COURT:  Okay, is there anything else?
8  Mr. Butt, Ms. Scott, Ms. Dempsey?
9              MS. SCOTT:  No, Your Honor, it looks like we're
10 out of here for now, so.  Thank you.
11             MR. BUTT:  Thank you, Your Honor.
12             THE COURT:  Not a problem everyone.  Well, good
13 luck.  Please, Ms. Warren, let me know and Ms. Azadeh, let
14 me know what you're going to do with respect in 12 days from
15 today's date.  I'll have the actual date in the minute
16 entry.
17             But let me know what you're going to do and on the
18 12th day, hopefully, you will have a order for me to enter.
19 If I don't have an order, I'm just gotta go ahead and enter
20 an order with dates as best I can.
21             And if there's any other motions that you want the
22 Court to consider, please let me know.
23             MS. WARREN:  Thank you, Your Honor.
24             MS. AZADEH:  Thank you, Your Honor.
25             THE COURT:  Thanks everyone.  Take care and have a

```
 1  good weekend.
 2            Okay, goodbye.
 3        (Proceedings adjourned at 10:27 a.m.)
 4                      * * * * *
 5            I certify that the foregoing is a correct
 6  transcript to the best of my ability due to the condition of
 7  the electronic sound recording of the ZOOM/video/telephonic
 8  proceedings in the above-entitled matter.
 9  /S/ MARY D. HENRY
10  CERTIFIED BY THE AMERICAN ASSOCIATION OF
11  ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337
12  JUDICIAL TRANSCRIBERS OF TEXAS, LLC
13  JTT TRANSCRIPT #66451
14  DATE FILED:  NOVEMBER 4, 2022
15
16
17
18
19
20
21
22
23
24
25
```