IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AUSTIN THOMPSON HUGHES,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-01994 |
| | § | |
| **CITY OF HOUSTON, HARRIS COUNTY, ART ACEVEDO, KIM OGG, MICHAEL GARCIA, JOSHUA FEW, JAMES SEYMOUR, and TIFFANY ALFRED,** | § § § § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' MOTION FOR CONTEMPT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Michael Garcia and Joshua Few ("Defendants") file this motion for contempt against non-party Uber Technologies, Inc. (UTI) for failure to obey a lawful subpoena, respectfully showing the following in support:

**I.**

1. After conferring with Plaintiff's counsel and providing the requisite notice of subpoena, (Doc. #131 filed 10/28/2024), Defendants served a valid subpoena duces tecum on Uber Technologies, Inc. UTI. *See* Exhibit A (Subpoena duces tecum with proof of service).

2. The subpoena was served on 11/18/2024 at 10:57 AM by Caleb Malone to Brett Bagwell, fulfillment manager for CT Corporation System, the registered agent for Uber Technologies, Inc. (UTI), at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. *Id.*

3. The subpoena duces tecum was narrowly drawn to meet specific needs for information, to ensure ease of compliance and avoid any burden on Uber or unnecessary production of irrelevant customer or driver information. The requested information relates directly

to Plaintiff's allegations in this lawsuit and is needed to identify potential witnesses to the encounter, refute the Plaintiff's allegations about probable cause based on information known or available to the Defendants at the relevant times, and establish qualified immunity. Doc. #131-1 at 3; Doc. #39 at ¶¶2, 4, 5, 7, 27, 29, 30, 32, 46. Because records of the City and other governmental entities were destroyed pursuant to an order of expunction issued before this lawsuit was filed, this information cannot be obtained through any other means and is needed for use in depositions, summary judgment filings, and any potential trial of this case.

4. Uber was required to comply by 12/06/2024, but as of 01/08/2025, has failed to either respond, object, or seek protection from or modification of the subpoena. Doc. #131-1 at 1. Defendant's counsel has received no communications from Uber representatives regarding the subpoena. Defendants move for the Court to hold Uber Technologies, Inc., in contempt, find they have waived any objections to the subpoena, and compel their immediate compliance.

## II.

5. Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in contempt. Fed. R. Civ. P. 45(g). Here, Uber has not complied with the subpoena, has not objected to the subpoena, and has not sought to quash or modify the subpoena. Uber has ignored the subpoena. *See generally MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) ("When a non-party to a lawsuit ... is served with an overly broad subpoena duces tecum, ... the non-party has four procedural options. First, it may ignore the subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." (cleaned up)).

6. Rule 45 of the Federal Rules of Civil Procedure governs subpoenas to nonparties. Rule 45(g) states:

> The court for the district where compliance is required… may hold in

>contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g).

7. Contempt is the sole remedy for a nonparty's refusal to comply with a subpoena. *MetroPCS v. Thomas*, 327 F.R.D. at 615. *See also Cypress Prop. v. Jallad*, No. 3:21-cv-1478-L, 2023 U.S. Dist. LEXIS 64230, at *6 (N.D. Tex. Mar. 2, 2023) ("the only mechanism under the Federal Rules available to [Defendants] appears to be [Federal Rule of Civil Procedure] 45(g)'s provision that '[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.'"); *Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 U.S. Dist. LEXIS 29007, 2018 WL 1035134, at *9 (N.D. Tex. Feb. 23, 2018) (quoting Fed. R. Civ. P. 45(g)).

8. The Rule doesn't explicitly "authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition." *MetroPCS v Thomas*, 327 F.R.D. at 614. But the committee notes to Rule 45 recognize that "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *See EB Holdings II v. Ill. Nat'l Ins. Co.*, No. 4:21-mc-02650, 2021 U.S. Dist. LEXIS 248335, at *1-2 (S.D. Tex. Dec. 29, 2021) (Eskridge, J.).

9. Defendants therefore request that the Court issue an order holding Uber Technologies, Inc., in contempt if they fail to promptly and fully comply with the subpoena by producing all the information requested to the extent it exists and showing good cause for their noncompliance.

**CONCLUSION AND PRAYER**

10. Defendants respectfully pray that the Honorable Court grant this motion, issue an order compelling Uber Technologies, Inc. (UTI) to immediately comply with the subpoena by

3

producing all the information requested within seven days and show good cause for its failure to comply; hold Uber Technologies, Inc. (UTI) in contempt and issue contempt sanctions if they fail to comply fully with the subpoena within seven days by producing all the information requested to the extent it exists and show good cause for their noncompliance, and grant all other relief to which Defendants may be justly entitled, including extending the Scheduling Order deadlines for discovery and dispositive motions until a reasonable time after Uber Technologies, Inc. (UTI) complies.

Date:   January 8, 2025.               Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

By:     */s/ Melissa Azadeh*
        MELISSA AZADEH
        *Attorney in Charge*
        TBN 24064851
        FBN 1090186
        Senior Assistant City Attorney
        City of Houston Legal Department
        900 Bagby Street, Third Floor
        Houston, Texas 77002
        Tel. 832-393-6270
        Fax 832-393-6259
        melissa.azadeh@houstontx.gov

        **ATTORNEYS FOR DEFENDANTS**
        **MICHAEL GARCIA AND JOSHUA FEW**

## VERIFICATION

I hereby verify under penalty of perjury that any of the facts in the foregoing motion regarding noncompliance with the subpoena that are not supported by the record are true and correct based on my personal knowledge.

| | |
|---|---|
| January 8, 2025 | /s/ Melissa Azadeh |
| Date | Melissa Azadeh |

## CERTIFICATE OF SERVICE

On this 8th day of January 2025, a true and correct copy of the foregoing document was duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Courtney Warren
402 Hunt St.
Houston, TX 77003
courtney@cwarrenlaw.com

/s/ Melissa Azadeh
Melissa Azadeh