# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| AUSTIN THOMPSON HUGHES<br>*Plaintiff*<br>v.<br>CITY OF HOUSTON, ET AL.<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:21-CV-01994 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Uber Technologies, Inc. (UTI); CT Corporation System
1999 Bryan Street, Suite 900; Dallas TX 75201-3136

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A, attached.

| Place: | City of Houston Legal Dept.<br>Attn: Melissa Azadeh<br>900 Bagby St, 4th Floor; Houston TX 77002 | Date and Time:<br>12/06/2024 9:00 am |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/28/2024

CLERK OF COURT

OR

_____     *Melissa Azadeh*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendants
Michael Garcia and Joshua Few                                        , who issues or requests this subpoena, are:
Melissa Azadeh, City of Houston Legal Dept., P.O. Box 368, Houston, Texas 77002; Tel: 832-393-6270

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:21-CV-01994

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Uber Technologies, Inc. (UTI)
on *(date)* 11/14/24.

☑ I served the subpoena by delivering a copy to the named person as follows: CT Corporation System to Fulfillment manager Burt Baswell
on *(date)* 11/18/24 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 40.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 11/18/24

*Server's signature*

Caleb Malone, Process Server
*Printed name and title*

PO Box 720040, Dallas, TX 75372
*Server's address*

Additional information regarding attempted service, etc.:

## EXHIBIT A

**Definitions:**

"**Uber Driver**" herein refers to:   Austin Thompson Hughes
Date of Birth: ▮
SSN: ▮
Texas Driver's License No. ▮
Telephone: (248) 705-0553
Email: austinhughes984@gmail.com
Address: 3810 Law St. #334; Houston, TX 77005

**YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:**

1. Provide information for all trips accepted, cancelled, terminated, and/or completed, by the above Uber Driver from **1:00 a.m. through 4:00 a.m. on March 23, 2019**, including but not limited to trip details, timing and nature of all activity, pick up location and destination, whether the ride was completed to the rider's original requested destination, GPS location data, route information, amount of any rider payments, and Uber Technologies or Uber Partner payments or adjustments to payments to the above Uber Driver related to the trips.

2. Provide rider details including name and contact information for all trips accepted, cancelled, terminated, and/or completed, by the above Uber Driver from **1:00 a.m. to 4:00 a.m. on March 23, 2019.**

3. Provide details for all trips requested by *any* rider or individual through Uber Technologies or Uber Partners within the address range between **2600-5000 West Loop South, Houston, TX** (also known as **2600-5000 W IH 610, Houston, TX**), between **1:00A.M. and 4:00A.M. on March 23, 2019;** including trip details, rider details (name and contact information), driver and vehicle details, timing and nature of all activity, pick up and destination locations.

4. Provide details for all trips requested by any rider through Uber Technologies or Uber Partners from **Nett Street, Houston, TX 77007 to Main Street, Houston TX 77025, on March 22, 2019 and March 23, 2019**, including trip details, GPS location data for duration of all rides, route information, whether and where (location) the ride was accepted and/or completed and/or terminated, activity details, timing of all activity, rider name and contact information, driver names, driver vehicle details, driver contact details, rider payments and Uber Technologies or Uber Partner payments or adjustments to payments related to the trips.

5. Provide details for all trip requests between **12:00 a.m. and 5:00 a.m. on March 23, 2019, by Brianna Raquel Hughes** (D.O.B. ▮), or associated with telephone number **(404) 771-4511**, including trip details, pick up and destination locations, timing and duration of all trips, driver identify or alias and vehicle details.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUSTIN THOMPSON HUGHES, § § § *Plaintiff*, § § v. § § CITY OF HOUSTON, HARRIS COUNTY, § ART ACEVEDO, KIM OGG, MICHAEL § GARCIA, JOSHUA FEW, JAMES § SEYMOUR, and TIFFANY ALFRED, § § *Defendants*. § | Civil Action No.: 4:21-CV-01994 |

### DEFENDANTS' NOTICE OF SUBPOENA

TO: Plaintiff, Austin Hughes, and his attorney of record, Courtney Warren, 402 Hunt Street, Houston, Texas 77003; courtney@cwarrenlaw.com.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendants Michal Garcia and Joshua Few are issuing the attached subpoena to the following non-party witness:

> Uber Technologies, Inc. (UTI)
> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas TX 75201-3136

The subpoena calls for the production of documents or things specified in the subpoena and the attachment to the subpoena on the date, time, and location indicated in the subpoena.

Date: October 28, 2024.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

By: /s/ Melissa Azadeh

MELISSA AZADEH
*Attorney in Charge*
TBN 24064851
FBN 1090186
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby Street, Third Floor
Houston, Texas 77002
Tel. 832-393-6270
Fax 832-393-6259
melissa.azadeh@houstontx.gov

**ATTORNEYS FOR DEFENDANTS MICHAEL GARCIA AND JOSHUA FEW**

### CERTIFICATE OF SERVICE

On this 28th day of October 2024, a true and correct copy of the foregoing document was duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Courtney Warren
402 Hunt St.
Houston, TX 77003
courtney@cwarrenlaw.com

/s/ Melissa Azadeh
Melissa Azadeh

2