UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN THOMPSON HUGHES | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-cv-01994 |
| v. | § § | |
| MICHAEL GARCIA and JOSHUA FEW | § § § | (JURY TRIAL DEMANDED) |
| Defendants. | § § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR EXCLUDE BASED ON SPOLIATION, WAIVER AND ESTOPPEL**

Plaintiff Austin Thompson Hughes ("Plaintiff"), by and through undersigned counsel, hereby files this Response in Opposition to Defendants' Motion to Dismiss and/or Exclude Based on Spoliation, Waiver and Estoppel (hereinafter, "Motion to Dismiss") and, in support thereof, respectfully states as follows:

**I.   ISSUE**

Whether Defendants are entitled to dismissal based on spoliation of evidence, waiver and/or estoppel due to Plaintiff's expunction of his criminal record pursuant to an Agreed Order of Expunction filed in accordance with Texas law over one year prior to Plaintiff's decision to pursue civil action.

**II.   SUMMARY OF ARGUMENT**

Plaintiff did not take any action or deliberate inaction to justify any instruction and/or sanction on spoliation, waiver and/or estoppel, including but not limited to the destruction or failure to preserve evidence. Plaintiff exercised his right to seek expunction of his public record reflecting a false charge and arrest against him. The State and Plaintiff filed an agreed order of

1

expunction, at which time, Plaintiff was not intending to pursue a civil lawsuit. (*See* Decl. of A. Hughes, attached hereto as **Exhibit A**; Decl. of C. Warren, attached hereto as **Exhibit B**). Plaintiff never acted in bad faith or intentionally hid or destroyed evidence to prevent Defendants from accessing it. *Id*. Further, there is no evidence that Defendants have been prejudiced by the absence of the missing information or that they were unable to obtain the same evidence from another source. To the contrary, according to HPD policies and the Defendants' own testimony, all relevant and material facts to Plaintiffs' arrest and charge should have been recorded in the incident report and probable cause affidavit retained by Plaintiff's criminal attorney in his file and produced in discovery. Accordingly, Defendants' Motion must be denied.

### III.    ARGUMENT AND AUTHORITIES

**A. Legal Standard**

Spoliation of evidence "is the destruction or the significant and meaningful alteration of evidence." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 612 (S.D. Tex. 2010). A party to litigation has a duty to preserve evidence "when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). The duty to preserve relevant evidence includes the preservation of evidence "in the anticipation ... of litigation [.]" Fed. R. Civ. P 37(e). Thus, "[t]he duty to preserve material evidence arises not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was ***imminent***." *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6087226, at *1 (M.D. La. Nov. 13, 2014) (emphasis added).

Rule 37(e) of the Federal Rules of Civil Procedure applies when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost

because a party failed to take reasonable steps to preserve it." FED. R. CIV. P. 37(e). "Upon a 'finding that the party acted with the intent to deprive another party of the information's use in the litigation,' Rule 37(e) authorizes a district court to: (1) presume that the lost information was unfavorable to the party; (2) instruct the jury that it may or must presume that the information was unfavorable to the party; or (3) dismiss the action or enter a default judgment." *Keister ex rel. Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449 (5th Cir. 2025) *Id*. (emphasis added).

For the spoliation of evidence doctrine to apply, the movant must prove two elements: "(1) that the party having control over the evidence had a duty to preserve the evidence at the time it was destroyed; and (2) that the destruction of evidence was intentional." *Garnett v. Pugh*, No. 14-479, 2015 WL 1245672, at *4 (E.D. La. Mar. 18, 2015). The Fifth Circuit "permit[s] an adverse inference against the spoliator or sanctions against the spoliator only upon a showing of 'bad faith' or 'bad conduct.'" *Guzman v. Jones*, 804 F.3d 707 (5th Cir. 2015) (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)). "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Id*. (citing *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)). Here, Plaintiff did not have control over the destroyed evidence, had no duty to preserve the destroyed evidence at the time it was expunged and did not act in bad faith in seeking that the false arrest be expunged from his public records. Accordingly the spoliation doctrine does not apply. *See e.g. Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (affirming denial of spoliation sanction or adverse instructions because "even if [non-movant] had been under a duty to preserve evidence,… [movants] produced no evidence suggesting bad faith").

**B. Plaintiff's Use of Texas's Expunction Procedures Did Not Constitute Spoliation.**

Defendants have provided no authority to support their contention that Plaintiff's acquisition of expunction of his baseless criminal record constitutes spoliation, and Plaintiff has found none. *See e.g. Anderson v. Goga*, Civil Action No. 11-528 (W.D. Pa. Apr 18, 2012) (where plaintiff asserted Section 1983 claims based on the criminal charges that were expunged, "[d]efendants' suggestion that Plaintiff's acquisition of expungement constitutes spoliation is rejected"); *Kubisiak v. Gualtieri*, 723 F.Supp.3d 1154, 1174 (M.D. Fla. 2024) (declining to find that "plaintiff spoliated evidence by availing herself of Florida's expungement statute").

Indeed, "the purpose of expungement is to mitigate the 'difficulties and hardships that can result from [a charged person's] having an arrest on file.'" *Id*. (quoting *U.S. v. Rana*, 2007 WL 2791421, *2 (E.D. Pa. Sept. 24, 2007)). It would be unfair to forbid a citizen whose arrest and prosecution was unlawful to avail himself of that privilege. Moreover, the Texas expunction statute allows the state to retain records after expunction in certain circumstances including "[i]f the state establishes that the person who is the subject of an expunction order is still subject to conviction for an offense arising out of the transaction for which the person was arrested because the limitations period has not expired and there is reasonable cause to believe that the state may proceed against the person for the offense." Tex. Code Crim. P. Art. 55A.302. Had the State believed there were grounds to continue investigating Plaintiff, they could have requested to retain the records for the limitations period. Likewise the Texas legislature specifically requires the Courts to retain certain documents "until the limitations period has expired for any civil case or proceeding relating to the wrongful imprisonment of the person who is the subject of the expunction order." *Id*. at Art. 55A.206. Thus, the legislature anticipated that persons with civil lawsuits against the State would avail themselves of the expunction statute and built in protections that it found necessary. The State, who agreed to dismiss the charges against Plaintiff for lack of

probable cause, had equal access and more control over the evidence at issue and equally agreed to the expunction order (Dkt. 176-1), had just as much reason to anticipate a civil lawsuit as Plaintiff and could have requested that the records be maintained under the statute or objected to the request for expunction. The state did neither.

Moreover, Defendants' position that a Plaintiff who seeks expunction of his criminal record cannot later bring § 1983 claims for unlawful arrest based on the expunged records is untenable. The Supreme Court precedent under *Heck* holds that "when a plaintiff seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid, he must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Davis v. Warren*, 6:24-cv-00207 (E.D. Tex. Aug 21, 2024) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff "cannot be punished for pursuing the expungement of his criminal record, which he must do in order to bring a civil rights claim." *See Deemer v. City of Oil City*, C. A. 1:19-CV-380 (W.D. Pa. Sep 24, 2021) (holding that "the drastic sanction of dismissing the complaint based on the alleged spoliation of evidence [from expunction of criminal records] is unwarranted"). Plaintiff's actions in seeking to expunge his criminal record pursuant to the procedures supplied by Texas law did not constitute spoliation of evidence, waiver or estoppel sufficient to preclude his § 1983 claims or subject him to sanctions.

## C. Defendants Have Failed to Establish that Any Additional Evidence Existed or That Plaintiff was Under a Duty to Preserve It.

Defendants include a list of "evidence" that it claims was destroyed, including "[b]ody-worn camera recordings" for Sergeant James Seymour, Officer Garcia, Officer Few, Officer Aaron Walters, and Officer Jason Knox, "911 call recordings and logs maintained by the Houston Emergency Center[,] [d]ispatch records and recordings maintained by the Houston Emergency Center,… HPD Air Support Unit Helicopter 'FOX' radio transmission recordings maintained by

the Houston Emergency Center…[,] HPD FOX helicopter logs and helicopter video recordings[.] HPD CAD records,… Even History Records, [a]ll documents/evidence recovered at the scene or provided to officers by Mr. Hughes, [and] [c]all slip including dispatch notes and key points from any 911 call or radio transmissions." (Dkt. 175 at 6-7). However, Defendants simply assert that these records existed with no basis for their assertions.

For instance, "[i]n the context of video recordings, the courts have found that the mere presence of a video camera does not establish that the camera was in place to record at the time, nor does its presence establish that any recording was made at the time of the incident." *Boccio v. Costco Wholesale Corp.*, 18-CV-04317 (ST) (E.D. N.Y. Mar 30, 2022); *United States v. Perez-Velazquez*, 488 F.Supp.2d 82, 85(D.P.R.2007) ("[T]here has been no spoliation of evidence, as there is no proof that the surveillance camera found in plaintiff's apartment was connected to a recording device."). Here, Defendant's criminal attorney did not have any body camera footage in the client file, nor was any such footage referenced anywhere in the case file apart from being "not reviewed." (Dkt. 175). Moreover, HPD's Body Worn Camera ("BWC") policy specifically states that "[f]or incidents requiring an officer to complete an incident report, officers shall ensure ***each*** BWC recording is documented in the incident report… [and] [t]he fact that a recording was made shall be documented in all reports…" (Dkt. 176-6 at 10). However, the incident report does not identify any specific BWCs that were made.

The policy also states that the primary unit responding to a scene "shall include in the narrative of the incident report references to all employees (by name and employee number) whose BWCs captured recordings of the primary unit's scene or on any scene associated with the incident being reported." (*Id.*). While Defendants claim that body-worn camera footage of Sergeant James Seymour, Officer Aaron Walters, and Officer Jason Knox was destroyed pursuant to the

expunction order, the Incident Report does not include the required references to such employees in the narrative, indicating that such footage does not exist. (Dkt. 175; Dkt. 176-2; Dkt. 176-6 at 10). Likewise, HPD policy is clear that "[t]he BWC recording is not a substitute for a thorough and complete original or supplemental report." (Dkt. 176-6 at 10). The incident report in its entirety was retained by Plaintiff's criminal attorney and provided to Defendants in discovery, and all relevant details should have been included in the incident report. (*See e.g.* Ex. C, Few Dep. at 33:6-8 (Q. Is it important in your experience to include all relevant details in an incident report? A. Yes, ma'am.)). Thus, Defendants are not prejudiced by the expunction of any evidence that was not retained by Plaintiff's criminal attorney, to the extent it exists. See e.g. *Daywalker v. UTMB*, No. 22-40813 (5th Cir. January 9, 2024) ("the district court did not abuse its discretion in denying Daywalker's motion for sanctions… [because] any deleted records relevant to her claims were cured through the production of other evidence"); *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24-25 (S.D.N.Y. 2010), *adopted by R.F.M.A.S., Inc. v. So*, 271 F.R.D. 55 (S.D.N.Y. 2010) ("[T]he absence of prejudice can be shown by demonstrating . . . that the other parties were able to obtain the same evidence from another source").

"[C]ourts have found a spoliation sanction to be proper only where a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Here, while Plaintiff knew he was wronged, he had no intentions of pursuing civil litigation until over a year after the Order of Expunction was entered and any evidence destroyed. (Ex. A at ¶¶ 4-8; Ex. B at ¶¶ 2-3). Thus, at the time the evidence was destroyed, litigation was not "imminent." Further, Plaintiff was not required to keep an unlawful arrest on his

public record that could be, and was, accessed by potential employers and others, and unfairly tainted Plaintiff's reputation.

**D. Plaintiff Did Not Seek Expunction of His Criminal Records in Bad Faith.**

Defendants' Motion to Dismiss must be denied as Plaintiff did not seek expunction of this wrongful criminal arrest and charge from his public record with the intention of depriving Defendants of this evidence, and Defendants' have produced no evidence to the contrary. *Keister ex rel. Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449 (5th Cir. 2025) (affirming denial of Rule 37(e) sanctions for spoliation because the movant "proffered no evidence to support a finding that that [non-movant] intended to deprive her of this evidence" and instead "simply surmise[d] that intentional destruction [was] the only explanation for the absence of three pieces of evidence") (citing FED. R. CIV. P. 37(e)(2)).

"[B]efore a court can impose the sanction of an adverse presumption, an adverse instruction to the jury, or default judgment, it must find that the party that caused the loss 'acted with the intent to deprive another party of the information's use in the litigation.'" *United Healthcare Servs. v. Rossel*, 3:21-cv-1547-L-BT (N.D. Tex. Mar 22, 2024) (citing *Richard v. InlandDredging Co., LLC*, 2016 WL 5477750, at *4 (W.D. La. Sept. 29, 2016)). Plaintiff did not do so here. (Ex. A; Ex. B). Indeed, immediately after retaining his attorney, and prior to filing this lawsuit, Plaintiff sought his entire file from his criminal attorney related to the charges at issue. (Ex. B-1). While Defendants argue that "Plaintiff only preserved materials that benefited him" and "could have preserved all the evidence and still obtained an expunction but chose not to" (Dkt. 175 at pp. 8-9), that is completely false. Plaintiff did not have access to any evidence besides what has been produced. Moreover, Plaintiff requested his entire client file from his criminal attorney and produced everything that was preserved by his attorney. Plaintiff did not and could not pick and

choose the evidence that his attorney preserved in his client file. Additionally, there is no evidence that any other materials actually existed. Not only was no other evidence maintained in Plaintiff's file by his criminal attorney, no other evidence was referenced in the case records, incident report or probable cause affidavit submitted in Plaintiff's case.

Additionally, the State participated in seeking the expunction of Plaintiff's criminal records, as the Parties filed an "Agreed Order of Expunction." (Dkt. 176-1). Thus, Defendants waived Plaintiff's duty to preserve in this action. *See Mestecky v. NYC Dep't of Educ.*, 13-CV-4302 (CBA) (VMS) (E.D. N.Y. Feb 05, 2016) ("[T]he Court finds that in asking Defendants to expunge the October 2012 documents and participating in the Article 78 proceeding and not appealing, Plaintiff waived Defendants' duty to preserve in this action.").

Finally, there is no evidence that suggests Plaintiff believed any of the expunged evidence "contained adverse information and destroyed [it] (or allowed its destruction) for the purpose of hiding such evidence." *Rodriguez v. CT Rests.*, Civil Action 1:23-CV-172 (S.D. Tex. Dec 16, 2024) ("Absent evidence that [the non-movant] acted in bad faith to allow the destruction of the recording, the Court cannot draw an inference of spoliation or impose other sanctions."). To the contrary, Plaintiff does not recall ever receiving or viewing any body camera footage or other evidence and, to the extent it exists, believes it would help his case. (Ex. A, Ex. B). Defendant sought all documents and evidence related to the criminal case retained by his criminal attorney and produced all such evidence. (Ex. B-1). The fact that evidence was destroyed by the State in accordance with the Agreed Order of Expunction does not constitute bad faith on the part of Plaintiff and Defendants are not entitled to sanctions on the basis of spoliation, waiver or estoppel. *See e.g. Bracey v. Grondin*, 712 F.3d 1012 (7th Cir. 2013) (denying sanctions for spoliation of video that non-movant did not see because "[w]ithout having seen the video, no prison official

9

could have known the tapes potentially contained adverse information and, without that knowledge, could have destroyed the tapes for the purpose of hiding adverse information") (collecting cases).

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss or Exclude in its entirety.

Respectfully submitted this 29th day of August, 2025,

By: */s/ Courtney B. Warren*
Courtney B. Warren
LAW OFFICE OF COURTNEY WARREN PLLC
Texas Bar No. 24110511
402 Hunt Street
Houston, TX 77003
courtney@cwarrenlaw.com
Phone: (713) 828-9385

AND

Keith B. French
KEITH B. FRENCH LAW, PLLC
Texas Bar No. 24115073
kfrench@peoplefirstfirm.com
2010 E. Broadway St., Suite 132
Pearland, Texas 77581
Tel.: (832) 243-6153
Fax: (832) 243-1927

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, a true and correct copy of the foregoing was served via email on all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/*Courtney B. Warren*
Courtney B. Warren

10