IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN THOMPSON HUGHES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01994 |
| | § | |
| MICHAEL GARCIA AND JOSHUA FEW, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' OPPOSED MOTION TO STAY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Michael Garcia and Joshua Few, (collectively "Defendants"), file this motion seeking a stay of proceedings pending resolution of their motion for summary judgment and any interlocutory appeal, respectfully showing the following:

**I.**

Plaintiff, Austin Thompson Hughes, sued Houston Police Department Officers Michael Garcia, Joshua Few, Sergeant James Seymour, Harris County, the Harris County District Attorney, Assistant District Attorney Tiffany Alfred, and the City of Houston, complaining of false arrest and malicious prosecution under 42 U.S.C. § 1983. Dkt. 1. Each defendant moved to dismiss under Rule 12(b)(6), Fed. R. Civ. P. The Court dismissed all claims against the City of Houston, Harris County, Harris County District Attorney, ADA Alfred, and Sergeant James Seymour. Dkt. 100. The Court granted in part the motions to dismiss by officers Garcia and Few but denied dismissal of unlawful arrest claims under the Fourth and Fourteenth Amendments. *Id.* The Fifth Circuit affirmed the denial of qualified

immunity on interlocutory appeal.  Dkt. 120.

The current scheduling order includes the following relevant deadlines:

| | |
|---|---|
| 08/08/2025 | Dispositive Motions |
| 8/18/2025 | All Other Pretrial Motions |
| 09/01/2025 | Joint Pretrial Order and Motions in limine |
| 09/11/2025 at 2:00 PM | Docket Call |
| 9/22/2025 at 1:30 PM | Jury/Bench Trial |

Dkts. 162, 167, 183.

On August 8, 2025, Defendants timely filed a motion for summary judgment and a motion to dismiss and/or exclude based on spoliation and estoppel principles.  Dkts. 170, 171, 175, 176.  Plaintiff's deadline to respond to these motions was August 29, 2025.

Plaintiff filed a response to Defendant's motion to dismiss and/or exclude on August 29, 2025 (Dkt. 186) and multiple motions for extensions of time to respond to Defendants' summary judgment motion.  Dkts. 185, 195, 196, 199.  Defendants did not oppose any of these motions but oppose any additional extensions of time given the remaining time before docket call and trial.

Defendants received no pretrial order or discussion from Plaintiff despite inquiring twice and finally prepared and filed their proposed pretrial order on the September 1, 2025, deadline.  Dkts. 187, 188, 184.

Defendants did not oppose multiple motions for extension of time to file the joint pretrial order and spent considerable time re-doing work that had been done before the initial

2

deadline and awaiting Plaintiff's portions which invariably were delivered in late afternoon to evening on the requested extended due dates.

Plaintiff filed a motion for partial summary judgment on August 13, 2025. Dkt. 181. Plaintiff did not serve the contents of the appendix on Defendants until August 20, 2025, and filed them on August 21, 2025. Dkt. 182. Defendants requested an unopposed two-day extension of time and filed their response to Plaintiff's summary judgment motion on September 5, 2025. Dkts. 195, 196.

On September 8, 2025, Plaintiff filed an untimely motion to strike Defendants' motion for summary judgment. Dkt. 200.

As of September 10, 2025, the day before docket call, Plaintiff still has not filed a response to the Defendants' motion for summary judgment. Plaintiff is aware that the Court is not inclined to postpone trial. Plaintiff is aware that Defendants are entitled to a ruling on qualified immunity, and potentially an interlocutory appeal, before any trial. *Helton v. Clements*, 787 F.2d 1016 (5th Cir. 1986).

Defendants timely filed their motions for summary judgment so that briefing, including their reply, would be complete in advance of the trial. Briefing is not complete on the eve of docket call with 11 days before trial.

Despite Plaintiff's delays and lack of timely pre-trial preparation which prevent fair consideration of the Defendants' summary judgment motions in advance of trial, Plaintiff opposes the request for a stay.

Given the delays and Plaintiff's failure to respond, and multiple motions filed by the Plaintiff and Defendants, Defendants request a stay of these proceedings pending

3

consideration of their motions for summary judgment, motion to dismiss and/or exclude, and any potential interlocutory appeal.

## II.

Defendants respectfully request a stay of these proceedings, including all hearings, pretrial deadlines, and trial, pending the Court's resolution of their motions for summary judgment raising qualified immunity and motion to dismiss and/or exclude based on spoliation and principles of estoppel by this Court and in the event of an interlocutory appeal, by the appellate Courts.

A trial court's failure or refusal to rule on a qualified immunity defense before trial deprives the Defendants of their right not to stand trial. *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam). Such an order is effectively a denial of qualified immunity, a disposition that is immediately appealable as a collateral final order. *See id.*

Both the denial and the deferral until trial of the Defendants' motion for summary judgment would be an immediately appealable final decision for purposes of 28 U.S.C. § 1291, notwithstanding the absence of a final judgment. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). "Because immunity 'is effectively lost if a case is erroneously permitted to go to trial,' a denial of qualified immunity may be immediately appealed." *Id.* at 526-27.

In the event the Defendants exercise their right to appeal, this Court will be effectively divested of jurisdiction and trial may not proceed. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982). "[T]he district court loses

jurisdiction over all matters which are validly on appeal." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989). "A 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id.* (citing *Coastal Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989)). "A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Id*. *See also Wooten v. Roach*, 964 F.3d 395, 403-04 (5th Cir. 2020). The Fifth Circuit has "rigorously follow[ed]" this, explaining that courts are "bound by our well-established rulings that the district court loses jurisdiction over all matters which are validly on appeal." *Id.* (citing *Coastal Corp.*, *supra*, 869 F.2d at 820-21 and cases cited therein; *Griggs*, *supra*, 459 U.S. 56, 103 S. Ct. 400).

The Defendants respectfully request that the Court stay this litigation in its entirety so that the Court may fairly consider the pending motions and pretrial matters, resolve the issue of Defendants' qualified immunity, and permit Defendants to exercise the option of an interlocutory appeal, if immunity is denied. Absent a stay, qualified immunity will effectively be lost because Defendants will be required to defend the allegations against them and participate in trial of this matter.

## CONCLUSION AND PRAYER

Defendants respectfully pray that the Honorable Court grant this motion and stay these proceedings pending resolution of their qualified immunity based motions and any

interlocutory appeal. A stay is not requested solely for purposes of delay, but so that justice may be done.

                                            Respectfully submitted,

                                            **ARTURO G. MICHEL**
                                            **City Attorney**

                                            CHRISTY MARTIN
                                            Section Chief Torts/Civil Rights

By:    */s/ Melissa Azadeh*
        MELISSA AZADEH
        *Attorney in Charge*
        Texas Bar No. 24064851
        Federal Bar No. 1090186
        Senior Assistant City Attorney
        City of Houston Legal Department
        900 Bagby Street, Third Floor
        Houston, Texas 77002
        Tel. 832-393-6270
        Fax 832-393-6259
        melissa.azadeh@houstontx.gov
        **ATTORNEYS FOR DEFENDANTS MICHAEL GARCIA AND JOSHUA FEW**

**CERTIFICATE OF SERVICE**

On this 10th day of September 2025, a true and correct copy of the foregoing document and attachments were duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Courtney B. Warren
Law Office of Courtney Warren, PLLC
402 Hunt St.
Houston, TX 77003
courtney@cwarrenlaw.com

Keith B. French
kfrench@peoplesfirstfirm.com

*/s/ Melissa Azadeh*
Melissa Azadeh


**CERTIFICATE OF CONFERENCE**

Defendants' undersigned counsel conferred with Plaintiff's lead counsel of record, Ms. Courtney Warren, by email on September 10, 2025, who stated that Plaintiff opposes this motion.

*/s/ Melissa Azadeh*
Melissa Azadeh