

**CITY OF HOUSTON**
Legal Department

<u>     John Whitmire     </u>
Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor

T. 832.393.6491
F. 832.393.6259
www.houstontx.gov

September 25, 2025

Honorable George C. Hanks, Jr.
United States District Judge
Southern District of Texas – Houston Division
515 Rusk St., Room 6202
Houston, TX 77002

Re:   No. 4:21-cv-01994; *Austin Thompson Hughes v. City of Houston, et al.*; in the United States District Court for the Southern District of Texas – Houston Division.

**(Plaintiff's last-minute revocation of agreed amended subpoena for deposition of non-party witness and filing proof of service of void subpoena)**

Dear Judge Hanks:

Defendants Michael Garcia and Joshua Few, joined by non-party witness James Seymour, request a pre-motion conference to require Plaintiff to comply with the Federal Rules, this Court's procedures, and counsels' ethical obligations, and conduct the non-party witness deposition at the new date, place, and time agreed by the parties and the witness's counsel, or another time the parties, witness, and their counsel are available:

**Dispute and Attempts to Confer:**

On 9/15/2025 Plaintiff's counsel, Ms. Courtney Warren, requested defense counsel's availability for the depositions of non-party witnesses Edgar Gomez and James Seymour. Defense counsel promptly responded that she had depositions and was unavailable through September 30 in backed up cases, but her schedule was mostly clear October 1-2, 6-9, 2025.

Council Members:   Amy Peck   Tarsha Jackson   Abbie Kamin   Carolyn Evans-Shabazz   Fred Flickinger   Tiffany D. Thomas   Mary Nan Huffman   Mario Castillo
Joaquin Martinez   Edward Pollard   Martha Castex-Tatum   Julian Ramirez   Willie Davis   Twila Carter   Letitia Plummer   Sallie Alcorn
Controller:   Chris Hollins

Nevertheless, on 9/17/205, Plaintiff filed notices of subpoenas commanding non-parties James Seymour and Edgar Gomez to appear for deposition on September 26, 2025, despite knowing defense counsel was not available. Docs. #209, #210, #211. Plaintiff did not wait a reasonable time for Defendant to object before serving the subpoena on James Seymour.

On 9/19/2025 Ms. Christy Martin as counsel for the non-party witness James Seymour emailed the parties, explaining that she was not available on October 26, 2025, but the witness could be presented for deposition on September 29, 2025, at 10:00 AM at the City of Houston Legal Department.

Plaintiff's counsel agreed to these terms and sent an amended subpoena for September 29, 2025, at City Legal, beginning at 8:30 A.M. In response to Ms. Martin's objection, Plaintiff's counsel agreed to start at 10:00 AM but refused to further amend the subpoena.

Separately, defense counsel emailed Plaintiff's counsel on 9/19/2025 objecting to the improper service of subpoenas for dates defense counsel had stated she was unavailable, without adequate notice and an opportunity to object under Rule 35, Fed. R. Civ. P. Defense counsel explained that the issue was moot as to James Seymour since the deposition had been moved to the 29th and defense counsel was now available on that date but asked that Edgar Gomez's deposition be moved to a date counsel was available. Plaintiff's counsel responded that she had not been able to serve Mr. Gomez and was moving to strike his affidavit attached to Defendant's summary judgment motion.

On 09/24/2025 Defendant's counsel asked Plaintiff's counsel to let her know if Mr. Gomez had been served and his deposition was going forward the afternoon of October 26, 2025, so defense counsel could arrange to attend.

Today, 9/25/2025, Plaintiff's counsel responded that Mr. Gomez's deposition was not going forward, but since no motion to quash was filed, she intended to proceed with James Seymour's deposition tomorrow 9/26/2025 at 8:30 AM at Plaintiff's counsel's offices. Defense counsel stated this was improper, that the deposition had been moved by agreement and the subpoena amended, and noted this was a transparent attempt to create an excuse for Plaintiff to move to strike James Seymour's affidavit by forcing a motion to quash or non-appearance of the witness due to unavailability of his counsel or defense counsel. Plaintiff then filed a notice of service of the initial—now void—subpoena, despite having amended the subpoena and expressly agreed to a new date time, and place.

Defendant would have timely moved to quash but for Plaintiff's voluntary agreement to the new date, place, and time for James Seymour's deposition. Plaintiff also knows James Seymour's counsel is unavailable on 9/26/2025. Yet, after misleading the defense and the witness's attorneys, Plaintiff reverted positions the day before he now plans to conduct a deposition.

**Conclusion and requested relief:**

Plaintiff is deliberately setting up a situation that guarantees the deposition will not occur because the parties and the witness cannot attend or force a motion to be filed so he may have an excuse to move to strike Defendant's summary judgment evidence.

Defendant and non-party witness James Seymour jointly request the Court's urgent intervention to require Plaintiff to comply with her agreement and/or conduct the deposition at a time, date, and place agreed by the parties and the witness's counsel.

Respectfully,

Melissa Azadeh
Texas Bar No. 24064851
Federal Bar No. 1090186
Senior Assistant City Attorney II
Tel. 832-383-6270
melissa.azadeh@houstontx.gov
**Attorney for Defendants Michael Garcia and Joshua Few**

Cc: Courtney B. Warren
Law Office of Courtney Warren, PLLC
courtney@cwarrenlaw.com

Christy Martin
City of Houston Legal Department
christy.martin@houstontx.gov