IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| AUSTIN THOMPSON HUGHES, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01994 |
| | § | |
| MICHAEL GARCIA AND JOSHUA FEW, | § | |
| | § | |
| *Defendants*. | § | |

## NON-PARTY JAMES SEYMOUR'S OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Non-party James Seymour files these objections to the subpoena to appear and testify and duces tecum issued by Plaintiff Austin Hughes, respectfully showing the following:

### A. Applicable Standards

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

To challenge the subpoena issued under Rule 45, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 U.S. Dist. LEXIS

52885, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

**B.** **Objection to overbroad, unduly burdensome, and oppressive duces tecum seeking confidential and privileged information related to non-party's employment.**

Non-party James Seymour objects to demand for "any disciplinary records and/or complaints against you while employed by the Houston Police Department", which is overbroad and unreasonable given he is not a party and any internal administrative investigations into potential rule violations by his employer over the course of his entire employment history have no potential relevance in this lawsuit. Furthermore, this information is not controlled and maintained by the witness.

Houston Police Department IAD files and officer complaint histories maintained by the police department are confidential as a matter of law pursuant to Texas Local Gov't Code Sec.

143.089(g) and Sec. 143.1214. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Therefore, any Internal Affairs Division files or records are confidential, and their release limited by law.

These records are not in the witness's possession or control, nor could he comply within the six days between receiving service of the subpoena and the date for compliance. *See Hall v. Louisiana,* Civ. A. No. 12-657, 2014 U.S. Dist. LEXIS 56165, 2014 WL 1652791, at *12 (M.D. La. Apr. 23, 2014) (eight to twelve days for compliance is clearly unreasonable)

  **C.**   **Objection to time, place, and date of compliance**

Non-party James Seymour objects to Plaintiff's refusal to confer in good faith regarding the time, date, and place of deposition, as well as the agreement to reschedule the deposition for September 29, 2025, while serving an amended subpoena failing to comply with the terms of the agreement, and subsequent unjustified revocation of the agreement. Furthermore, the Plaintiff's agreement to a date, time, and place the non-party and his attorney were available, effectively postponed the deadline under Rule 45(d)(2)(B) to object or move to quash, notwithstanding Plaintiff's retraction of the agreement and amended subpoena. *Nugent v. Scott Fetzer Co.*, No. 19-14759, 2020 U.S. Dist. LEXIS 48308, at *12-13 (E.D. La. 2020), citing *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015)(internal citations omitted); see, e.g.,

3

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996) (finding a nonparty witness's alleged failure to object promptly in writing to subpoena requesting discovery of documents did not result in waiver of objections where witness actively communicated with plaintiffs' counsel in procuring extension of time.); *see also Celanese Corp. v. E. I. duPont de Nemours & Co.*, 58 F.R.D. 606 (D. Del. 1973) (finding although failure of Plaintiff to file objections to a subpoena duces tecum which it considered unreasonable and oppressive within time limited by rules would not be condoned, where Plaintiff's failure to timely file objections was not deliberate or willful, but was in part based on discussions with counsel for other party.).

    Respectfully submitted,

    **ARTURO G. MICHEL**
    **City Attorney**

Date: September 26, 2025      By:  */s/ Christy L. Martin*
    Chief, Torts/Civil Rights
    ATTORNEY IN CHARGE
    SBN: 24041336
    FBN: 754168
    832.393.6438
    christy.martin@houstontx.gov
    CITY OF HOUSTON LEGAL DEPARTMENT
    900 Bagby, 4th Floor
    Houston, Texas 77002
    **Attorneys for Non-Party James Seymour**

**CERTIFICATE OF SERVICE**

On this 26th day of September 2025, a true and correct copy of the foregoing document and attachments were duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Courtney B. Warren
Law Office of Courtney Warren, PLLC
402 Hunt St.
Houston, TX 77003
courtney@cwarrenlaw.com

Keith B. French
kfrench@peoplesfirstfirm.com

*/s/ Christy Martin*
Christy Martin