IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN THOMPSON HUGHES, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-01994 |
| MICHAEL GARCIA AND JOSHUA FEW, | § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' OBJECTIONS AND NOTICE REGARDING SERVICE OF NON-PARTY SUBPOENA

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Michael Garcia and Joshua Few (collectively "Defendants") respectfully file these objections to the striking of witness affidavits and notice regarding non-service of deposition subpoena on Edgar G. Gomez.

**I.**

Defendants object to the Court's decision to strike summary judgment evidence on grounds not raised by the Plaintiff and without notice and a reasonable opportunity for Defendants to respond.

During docket call on September 11, 2025, the Court indicated Defendants need not file a response to Plaintiff's motion to strike and the Court was unlikely to consider it given the continuance of trial and reopening of discovery to allow Plaintiff to depose the two non-party witnesses whose sworn statements were attached to Defendants' summary judgment motion: Edgar C. Gomez and James Seymour. Defendants understood that the Court might consider a motion to strike if a witness failed to appear at deposition.

At a pre-motion conference on September 30, 2025, the Court struck the sworn statement

of Edgar Gomez based on Plaintiff's inability to serve him with a subpoena. The Court ruled that the statements of Edgar Gomez and James Seymour would be stricken if they were not deposed by Plaintiff, even if the Plaintiff *chose* not to depose him. Defendants object to the striking of their summary judgment evidence without notice of the grounds and a fair opportunity to respond to either the Plaintiff's motion or the Court's intent to strike evidence.

## II.

Defendants object to the striking of their summary judgment evidence based on Plaintiff's inability to serve a known witness with subpoena long after the time for discovery expired and the Defendants' inability to physically produce the non-party they do not control for deposition within a short timeframe and without flexibility.

Attached are the return of service unexecuted on non-party witness Edgar C. Gomez (**Exhibit A**); the Plaintiff's December 6, 2021, initial disclosures identifying Mr. Gomez as a witness with "knowledge regarding the circumstances surrounding the circumstances [sic] and investigation leading up to Plaintiff's unlawful arrest" (**Exhibit B**); and the Defendants' January 2022 disclosures of Mr. Gomez as a witness **(Exhibit C)**. The Plaintiff's disclosures included the offense report summarizing Gomez's statements and the warrant application containing Gomez's statements. Mr. Gomez's sworn statement in support of Defendants' motion for summary judgment was consistent with those disclosures and all the evidence, including the Plaintiff's deposition testimony.

The private investigator/process server's affidavit states he was unable to serve Mr. Gomez with subpoena but spoke to him by phone at the phone number disclosed by Plaintiff in 2021. (Exhibit A.) Mr. Gomez explained he is currently working in Dallas followed by Minnesota but is agreeable to appearing for deposition or at trial when he returns to the Houston area. Mr. Gomez offered to reach out upon his return.

The declaration of Mr. Gomez is not subject to being stricken for failure to disclose because his statements and identity were timely and fully disclosed. *Coleman v. Chevron Phillips Chem. Co., L.P.*, No. 24-20244, 2025 U.S. App. LEXIS 6676, at *3 (5th Cir. 2025). The declaration was made on personal knowledge, set out facts that would be admissible in evidence, and showed that the affiant or declarant is competent to testify on the matters stated. *Id.* Fed. R. Civ. P. 56(c)(4).

Reliability or lack thereof is a credibility determination reserved for a jury and inappropriate for summary judgment review. The declarations are not rendered unreliable by Plaintiff's inability to depose the witness at a particular time and place after discovery closed, or Defendants' inability to produce a witness they do not control within an unreasonable timeframe. There is no evidence that Mr. Gomez could not have been served or would not have complied with a subpoena had he been served. To the contrary, Mr. Gomez was cooperative with the process server and agreed to reach out to make himself available upon his return from out of state.

Mr. Gomez was a witness known to the Plaintiff at the time this lawsuit was initiated and disclosed as such in December of 2021. Defendants are entitled to rely on his sworn declaration for summary judgment. Neither the rules nor precedent require a party to physically produce witnesses they do not control, who are equally accessible to all parties, after discovery has closed and dispositive motions have been filed, to avoid having their summary judgment evidence stricken.

### III.

Defendants object to the striking of the affidavit of James Seymour, a Sergeant with the Houston Police Department who was previously a Defendant in this case and timely disclosed as both a fact and expert witness by Defendants.

Sergeant James Seymour was deposed by Plaintiff on October 10, 2025, at Defendants' expense to avoid the Court striking his affidavit attached to Defendants' motion for summary

judgment. James Seymour was named as a Defendant in Plaintiff's June 17, 2021, original complaint, and Plaintiff was aware of his position as the supervisor of Defendants Garcia and Few during the relevant time. Doc. #1. *See also* Doc. #43 (Seymour motion to dismiss); Doc. #59 ("*Plaintiff also alleges that Defendant Seymour approved the execution of the arrest against Plaintiff, despite plausibly knowing that no probable cause existed against Plaintiff for the charge. (SAC at ¶¶ 81-82, 99, 110, 158-167, 181-191).*"); Doc. #82 (initial disclosures). Like Mr. Gomez, Sgt. Seymour was disclosed by Plaintiff and Defendants in December 2021 and January 2022 respectively and appears in the offense reports. *See* Exhibits B and C.

Defendants also timely designated Sergeant Seymour as a non-retained expert witness on December 20, 2024. Doc. #133.

Despite considering him involved enough to sue, and Defendants disclosing him as both a fact witness and an expert witness, Plaintiff chose not to depose James Seymour until after discovery closed and Defendants filed their motion for summary judgment. Sergeant Seymour's affidavit is not subject to being stricken for failure to disclose and satisfies the summary judgment evidence standards.

                                                                     Respectfully submitted,

                                                                     **ARTURO G. MICHEL**
                                                                     **City Attorney**

                                                                     CHRISTY MARTIN
                                                                      Section Chief Torts/Civil Rights

Date:   October 13, 2025.          By:    */s/ Melissa Azadeh*
                                                               MELISSA AZADEH
                                                               *Attorney in Charge*
                                                               TBN 24064851
                                                               FBN 1090186
                                                               Senior Assistant City Attorney
                                                               City of Houston Legal Department
                                                               900 Bagby Street, Third Floor
                                                               Houston, Texas 77002

        Tel. 832-393-6270
        Fax 832-393-6259
        melissa.azadeh@houstontx.gov

**ATTORNEYS FOR DEFENDANTS MICHAEL GARCIA AND JOSHUA FEW**

**CERTIFICATE OF SERVICE**

On this 13th day of October 2025, a true and correct copy of the foregoing document was duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

| | |
|---|---|
| Courtney Warren | Keith French |
| 402 Hunt St. | 2010 E. Broadway St., Suite 132 |
| Houston, TX 77003 | Pearland, Texas 77581 |
| courtney@cwarrenlaw.com | kfrench@peoplefirstfirm.com |

        */s/ Melissa Azadeh*
        Melissa Azadeh