# Exhibit 1

1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| AUSTIN THOMPSON HUGHES | § | CASE NO. 4:21-CV-01994 |
| | § | HOUSTON, TEXAS |
| VERSUS | § | THURSDAY, |
| | § | SEPTEMBER 30, 2025 |
| CITY OF HOUSTON ET AL | § | 4:04 P.M. TO 5:05 P.M. |

**PRE-MOTION CONFERENCE (VIA ZOOM)**

BEFORE THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

APPEARANCES:                          SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER:      STEPHANIE GONZALEZ

COURTROOM CLERK:                      KIMBERLY PICOTA

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
mary@judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

JUDICIAL TRANSCRIBERS OF TEXAS, LLC

**APPEARANCES (VIA ZOOM):**


FOR THE PLAINTIFF:          LAW OFFICE OF COURTNEY
                            WARREN PLLC
                            Courtney Brooke Warren, Esq.
                            402 Hunt Street
                            Houston, TX  77003
                            713-828-9385


FOR MICHAEL GARCIA AND
JOSHUA FEW:                 CITY OF HOUSTON LEGAL DEPT.
                            Melissa Azedeh, Esq.
                            PO Box 368
                            Houston, TX  77002
                            832-393-6491


FOR JAMES SEYMOUR:          CITY OF HOUSTON LEGAL DEPT.
                            Christy L. Martin, Esq.
                            900 Bagby Street
                            4th Floor
                            Houston, TX  77002
                            832-393-6438


FOR TIFFANY ALFRED:         CITY OF HOUSTON LEGAL DEPT.
                            Elizabeth Lee Stevens, Esq.
                            900 Bagby Street
                            3rd Floor
                            Houston, TX  77002
                            832-393-5631

**HOUSTON, TEXAS; THURSDAY, SEPTEMBER 30, 2025; 4:04 P.M.**

THE COURT:  4:21-CV-01994, Hughes versus City of Houston.

Can counsel on the line just introduce themselves to the Court and state the parties they represent, starting with the Plaintiff?

MS. WARREN:  Courtney Warran on behalf of Plaintiff Austin Hughes, Your Honor.

THE COURT:  Okay.  Ms. Warren, welcome.

And on behalf of the Defendant?

MS. AZADEH:  Melissa Azadeh, on behalf of Michael Garcia and Joshua Few.

THE COURT:  Okay, great.  Well, welcome, everyone.

I don't know where to begin.  I've read all of the correspondence going back and forth.  I thought that last time we talked, we had an agreement that basically you guys just had to do two things for me to get this case to trial: one, set up the deposition of this third-party witness, and then, two, prepare a letter to me to be filed by September 17th stating that you have agreed to the date and the deposition was going to go forward.

And on September 17th, I looked, didn't hear from you guys.  So, I assumed everybody, you know, was in agreement, and you guys were moving forward, but then I get the letters with all these problems.

So, I'm going to make it real easy and we'll just cut to the chase. The deposition of the third-party witness needs to be taken by October 14th, okay? It just needs to be done. If it's not done, then the affidavit in support of the Motion for Summary Judgment will be stricken and the Court will consider the Motion for Summary Judgment without the affidavit.

If the third-party witness shows up to trial and wants to testify live, then at that point in time, we're going to take a recess. Ms. Warren, you will be able to take his deposition once he shows up at the courthouse. You will take that deposition or ask whatever questions you want to ask of him, then we'll continue the trial. That's the best we can do.

I mean, if you guys can't agree to take the deposition, I'm going to give you guys a date, which is October 14th. On October 14th, either the deposition goes forward -- if it doesn't go forward, then the affidavit is going to be stricken from the summary judgment record for the reasons that the Plaintiff has not had the opportunity to timely contest the statements of fact set forth in the affidavit, and that's it.

MS. AZADEH: Your Honor --

THE COURT: Yes.

MS. AZADEH: -- we have no objection with the

deposition happening.  We would just ask that it happens on a date that everyone's available, including myself, for the Defendant.

THE COURT:  Well, no, no.  No, you --

MS. AZADEH:  There's multiple dates --

(Multiple people speaking at once.)

THE COURT:  No, no.  Stop, stop.

You guys have waived that right, all of you.  You had a date.  I gave you the opportunity to pick a date, and you couldn't do it.  So, now, I'm picking the date for you. It's going to be done by October the 14th.  I'm giving you two full weeks, okay?  You guys pick the date, have the deposition taken.  If it's not taken, the affidavit's stricken.

You guys have had -- both sides, you guys have had the opportunity to work it out, pick a date that works for you, works for the other side, works for the witness.  You know, everybody's had a chance to get a good date.  You guys couldn't do that.  And if I agree to let you guys pick a date, either side, a date that's agreeable to everybody, I'll be back here in another two weeks with the witness not available, witness counsel not available, you're not available, Ms. Warren's not available.  We're not doing this again.  By October 14th, the deposition needs to be taken.

If it's not taken, then the affidavit's stricken,

and if Mr. Seymour shows up at trial, then Ms. Warren, you get to depose him right there on the spot.  We're going to take a recess for the day.  You get to depose him, and then the witness can take the stand, provide whatever testimony he is going to provide in the affidavit, and then Ms. Warren, you get to cross-examine him on the record.

And that's it.  I mean, we're not going to do this.  I mean, the problem is you guys have a trial date, and we need to get this case set for trial.  So, it needs to be done.  If you guys can't agree to do it, then I'm going to give you a date, and that's the end of it.

MS. WARREN:  Your Honor, may I respond quickly?

THE COURT:  Sure.

MS. WARREN:  On the 17th, I filed a subpoena for deposition, and I just don't understand why the Defendants and the witness don't have to comply with a legal subpoena that gives them reasonable notice.  And so, that's what's frustrating for me is they didn't do anything until the night before.  So, we had to pay $775 for a court reporter that showed up when they didn't do anything.  They didn't give any objections until beforehand.  And so, that's frustrating.

And my other biggest issue is I have effectively continued to give them concessions, bend over backward.  I agreed to their time, date, and location, but then they want

to make me jump through hoops to get it done.  They want me to serve a subpoena.  They want me -- like things that I am not legally required to do.  Their first thing that they said to me was that if Seymour's going to be deposed, it's going to be at their office.  That's not what the rules say. They don't have the right to require --

THE COURT:  Wait a second.

Who's -- Ms. Martin, are you on the line?  Are you representing Mr. Seymour?

MS. MARTIN:  Yes, I represent Sergeant Seymour.

THE COURT:  Okay, and are you with the City of Houston?

MS. MARTIN:  Yes, I'm with the City of Houston Legal Department.  Yes.

THE COURT:  Okay, and did you make -- well, I don't want to get into it, honestly, because, you know, we can go back and forth about where the depositions are going to be taken and who, you know -- it's easy.

Either the depositions are taken by October 14th, okay, and you guys agree to a date, time, and place, or if you don't, the affidavit's stricken.  Ms. --

MS. AZADEH:  Your Honor --

THE COURT:  -- Warren, you get what you want. They can't use the affidavit.

MS. AZADEH:  Your Honor, may I just address a

problem that I -- you know, if she picks ten dates that she wants to do it, I'll tell her eight of them that I'm available on.  I'm not trying to get in the way.  I'm just concerned that you're putting this -- it's sort of, like, in a position where if Ms. Warren can calculate it to be on a date that she knows I can't go, then she's forcing me to get in the way of the deposition, and that way, my affidavit --

THE COURT:  No, no, no, no.  No, no.  Here's the deal.  You guys have to pick a date.  You guys have to pick a date at this point.  I gave you guys the opportunity to work together and pick a date that's convenient for everybody in a place that's convenient.  That's all out the window now.

So, either you guys agree to a date, and a time, and a place, or the affidavit is not going to be used.  That's it.  I mean, you guys had -- you had, basically, all the time in the world to pick a date.  It's clear that you can't do it.  And I'm sure, Ms. Azadeh, you want to cooperate.  I'm sure, Ms. Warren, you want to cooperate.  Ms. Martin, you're trying to cooperate.  It's just not happening, okay?  If it can't happen, then so be it.  If it can't happen, then the affidavit's not going to be used.

MS. AZADEH:  It's not it can't happen.  It's that Ms. Warren is deliberately changing the date to be on a date that I said I wasn't available.

THE COURT:  Well --

MS. AZADEH:  So, she (indiscernible) the 29th, and then when she found out I was available, she moved it back to the 26th.

THE COURT:  Well, here's the deal.  You guys got to work that out.  If you guys can't work it out, then that's the end of it.  I'm not going to micromanage it and say, you know, you guys got to sit together and figure out a date and what's the time.  I think everybody's acting in, you know, in good faith.  You guys just can't get it done.

I'm not assuming that anybody's acting in bad faith.  I'm not assuming that anybody is trying to hamper the deposition or deliberately do anything.  I'm just assuming, which I think it's a pretty good assumption, that you guys just can't work together to solve this.  You can't.  No matter how hard, you know, how hard you want to, how, you know, much you want to get this resolved, you guys just can't do it, okay?

And if you can't do it, that's great.  Then, what happens is the affidavit can't be used, and if the person does show up at trial, then Ms. Warren, you can take the deposition then.  And then, you know, we'll talk about cost and all that later, but the main thing right now is either you take the deposition by the 14th, or if you don't, then the affidavit's not used.  And I'm not saying --

MS. AZADEH:   (Indiscernible) she doesn't want to.

THE COURT:   Yeah.

MS. AZADEH:   I mean, if Ms. Warren chooses not to do the deposition, does the affidavit get struck?

THE COURT:   Well, here's the deal.   It's her deposition -- I mean, she -- you guys have until the 14th to work it out, okay?   If you can't pick a date to get that deposition taken, then the deposition isn't taken and the affidavit's stricken.   That's all there is to it.

And if you want to call the witness, you can't still call the witness at trial.   I mean, you're not out of -- you know, you get to call the witness at trial.   You call the witness at trial, and when you get all that witness, Ms. Warren, you get to depose him at that time.

I mean, that's the only -- because the other way -- the problem with all this is that you guys -- it's clear you're not going to agree no matter how hard I try to get you to work this out.   For whatever reason -- and I'm not saying it's bad faith.   I mean, you guys are just representing your clients, but you're going to never agree to a date and time.

So, what are we going to do?

MS. AZADEH:   Your Honor, I mean, we all agreed to a date before.   I mean, we are able to agree to dates, but if she changes her mind and doesn't want to do it, is the

affidavit still going to be struck if she chooses not to go forward?

THE COURT:  If she chooses not to go forward, the affidavit's stricken.  That's all there is to it.

MS. AZADEH:  So, she can just not do the deposition, and my affidavit is struck?

THE COURT:  Yeah.  Yes, because you guys -- all of you waived the right to go forward with that affidavit by not agreeing to this deposition.

MS. AZADEH:  Your Honor, we didn't --

THE COURT:  Just wait a second.  Stop, stop.

This is very simple, and Ms. Martin, you're part of this as well.  All you have to do is pick a date for a deposition by the 14th, and this is over.  Pick a date, any date.  I mean, I will go off the line and wait for you to pick a date.

I've got senior counsel.  I've got Ms. Azadeh.  I've got Ms. Warren.  You guys, pick a date for this deposition to go forward right now.  If you can't do that, there's no way you're going to do it in the next two weeks.  So, if you can't do it right now, then we're moving on, which is the affidavit stricken.

So, I'm going to go offline for five minutes, and I'm turning off my audio, turning off my video.  So, I can't hear.  I'm not -- you call my Case Manager and let me know

when you come back online.  Call each other.  Turn off your audio and video.  Call each other and pick a date right now. And you better have your calendars, and you better know what your schedules are, because I want a date right now.

THE COURT:  You're going to give me a date.  If you can't pick a date, then the affidavit's stricken. That's all there is to it.

MS. WARREN:  Your Honor, may I just ask that we be allowed to take it at the offices that I requested, 7322 Southwest Freeway?  It's 15 minutes from their offices. They required that I take every deposition, including Plaintiff's and their two Defendants, at their office.  I'd ask that this be taken in my office.

MS. AZADEH:  Oh, excuse me, Ms. Warren.  I didn't require the Plaintiff's deposition to be taken here.

THE COURT:  Okay, well -- okay, here's the deal. Where have all the depositions been taken?

MS. AZADEH:  City of Houston.

THE COURT:  Then, this deposition's taken at Ms. Warren's office.  End of story.  It's easy.  Okay, we're done.  Okay.  So, that question's out of the way.

So, any other questions?  You've got basically five minutes to pick a date and a time for the deposition.

And Ms. Martin, thank you for being available, because this makes it a lot easier.

You're going to pick a date, pick a time.

MS. MARTIN:  (Indiscernible) call the witness.

THE COURT:  You've got to do it by the 14th.  And call the witness.  And hopefully, he's available because he's not -- you know, we're not going to wait for him.  He needs to be available.

So, you pick a date -- call the witness.  Pick a date, pick a time.  Set it up now, and we take it by the 14th.  If you can't get it set up right now, then we're not going to get it done in two weeks.  So, it's going to be stricken, and when you go to trial, if he shows up, then he testifies live.

I mean, you know -- and if he has no response or he has a response, then it doesn't matter whether you do this now or at trial.  I mean, sooner or later, he's going to have to testify live.  So, you know, let's just take the deposition and move on.  But you guys have waived the right to set up dates and times now.

Here's your opportunity to do it.  You've got five minutes.  Do it, and then get back on the line, and then we'll go from there.  If you can't, I've already told you what's going to happen, okay?

MS. WARREN:  And Your Honor, if I may just put something on the record?  With my letter, I just feel as though the City of Houston legal counsel has deliberately

defied their discovery obligations on multiple occasions, they deliberately lied to the Court in this recent communication, and I do think it is in bad faith, and I will want sanctions ordered.

I understand that you're not going to do that today, but I do want to make a record in case this goes up on appeal.

THE COURT: Yeah. And so, here's the deal. You have a right to file a Motion for Sanctions. My job right now -- my goal is to get you guys to trial, and get you (indiscernible) the Motion for Sanctions can be handled at a later time.

Let me just make one -- one second. Okay, one second. I'm sorry.

(Pause in the proceedings.)

THE COURT: Okay, got it.

So, you're not waiving anything. You've made a record. Ms. Azadeh has made a record. You know, the Court will consider any motions filed, including Motions for Sanctions, at a later date, but at this point in time, my goal is to get this deposition taken because we need to get this case to trial.

Right now, docket call is set for October 20th. As I said before, that's not going to change. So, October 20th is docket call. I'm sorry. Oh, I'm sorry.

Motions in Limine is due October 20th.  Docket call is October 29th, and the trial starts December 1st.  You're the only case set for trial.  We need to get this case tried and done.

And you know, you're not waiving your Motion for Sanctions.  I'm just trying to resolve the problem first.  So, we can get the problem resolved.  Then, once we've resolved the problem, if there's still issues that need to be taken up with respect to how we got to the problem, then we'll resolve it, but right now, my goal is just to get the case to trial and you guys -- now, I'll give you a full five minutes.

Ms. Martin, call your client.  Get it figured out and let's move on.

Okay?

MS. WARREN:  Understood, Your Honor.

THE COURT:  Okay.  So, let's all go offline.  Turn off your microphones, turn off your video.  You call each other and talk to each other.  And when you're ready, let my Case Manager know, and then we'll be back on the line.

MS. AZADEH:  Yes, Your Honor.

THE COURT:  Okay.

(Recess taken from 4:27 p.m. to 4:40 p.m.)

THE COURT:   Okay, Counsel.  We're back on the line.

I'm sorry.  It's getting close to 5:00 o'clock and my staff needs to go.  So, I'm not going to keep them late this afternoon.

Have you been able to come up with a date between now and October 14th to take the deposition?

MS. WARREN:  Yes, Your Honor.

THE COURT:  Okay, and what date is that?

MS. WARREN:  Friday, October 10th at 2:00 p.m.

THE COURT:  Okay, great.  And on Friday, October 10, I'm going to be available in chambers for the deposition.  So, if you guys have any problem with the deposition, anything go on, call me.  I'm here so that there won't be a problem with, you know, questions that I haven't answered or anything like that.  Call me, and I'll give you a ruling and resolve it.

So, again, it's Friday -- I just want to make sure my law clerk gets this.  Friday, October 10th at 2:00 p.m., right?

MS. WARREN:  Yes, Your Honor.

THE COURT:  Okay.  So, if there's any issue that comes up, please, please, please don't let it fester.  Get me on the line.  I'll be here.  You know, if there's any question that's unanswered, witness not being responsive, witness instructed not to answer, anything at all, let me know so that we don't have to do this all over again, okay?

MS. AZADEH:  Yes, Your Honor.

MS. WARREN:  Yes, Your Honor.

And I know it's getting late.  So, if you don't want to address this now, I would ask that we have a hearing later in the week, and I can file a letter about this.

Can you reopen discovery for depositions?  The other one is Edward Gomez, who was the drunk driver.  I called him, and my staff spoke with him.  He sounded -- I had someone to speak to him in Spanish.  He sounded a little nervous, that he would call me back with dates.  He didn't.  So, I emailed him.  He didn't respond.  We tried personal service twice.

The resident at the address he swore to, the resident spoke with the process server and said he doesn't live there.  And they tried to run a license plate verification.  It wasn't registered to Mr. Gomez, the license plate that was there.  They did another attempt and spoke with the resident.  He said that they don't know Mr. Gomez and that they'd lived at that address for five months, which is before Mr. Gomez was saying he lived there.  And the neighbor also verified that he doesn't live there.  When the process server called that phone number, somebody else answered and said that they don't know Mr. Gomez.

So, we have an affidavit of non-service that I was going to file with the Court, and I'm just going to ask that

either the Defendants produce him for deposition or that his affidavit be stricken because I haven't been able to serve him at all.

THE COURT:  Okay.  Why would they produce -- oh.  So, they got an affidavit -- oh, okay.  So, they have his affidavit and -- well, that's going to be easy because if he's not testifying -- so, if nobody can find him, I mean, why is it fair to allow -- Ms. Azadeh, kind of walk me through it.  You know, if Ms. Warren was diligent in trying to get the affidavit, and she can't, and you guys got it, why is it -- I mean, I'm not saying it isn't, but I'm just trying to figure out why is it fair for you to be able to use the affidavit when Ms. Warren can't follow-up on it.

MS. AZADEH:  There's -- okay.  Your Honor, the two reasons I think it's fair is we had -- it was very difficult for me as well, but we managed to at least get a declaration from him, a sworn declaration, because he was nervous about meeting anybody in person who us knowing where he is.  But I think it's fair because we originally had body-worn camera videos that recorded these statements, and the affidavit just is him saying, "Yes, this is what I said at the time."

And the reason those were destroyed was because of an expunction we had no control over.  So, we're recreating evidence.  Evidence that we would have had if it hadn't been destroyed.  I don't see how -- we're not preventing --

THE COURT:  (Indiscernible).

MS. AZADEH:  He's somebody that the Plaintiff, I would say, had a burden to find --

THE COURT:  Okay.

MS. AZADEH:  -- previously, since she has alleged, Mr. Hughes has alleged that the Defendants fabricated his statements.

THE COURT:  Okay.

MS. AZADEH:  And so, I think it would be very prejudicial if we're not allowed to recreate that evidence that proves that they didn't fabricate that statement.

THE COURT:  Okay, but you can't use an affidavit at trial, right?  You can't use it --

(Multiple people speaking at once.)

MS. AZADEH:  We'll track him down for trial.

THE COURT:  So, why should I let you use the affidavit now if he's going to appear at trial subject to cross-examination?

MS. AZADEH:  Your Honor, because it's for summary judgment purposes.  Our officers are entitled to present evidence that supports that they didn't lie about any statement in the affidavit, which supports their qualified immunity.

THE COURT:  Okay, but -- okay.  My problem is if he's not going to be available to be able to be deposed on

the affidavit, then he has to come live at trial and provide that testimony live.  I'm not letting him -- I'm not letting you use the affidavit if he's not available.

(Multiple people speaking at once.)

THE COURT:  If that affidavit's true and he said all those things, then he's going to have to say it on the stand in court.  I'm not -- no, no, no.  Unless if he's not available -- if he's not available right now to be deposed, if nobody can find him, and Ms. Warren, you're testifying that you've done the very best to find him, then if the Court is going to accept his testimony, I'm not going to accept it unless he comes and testifies live at trial.

MS. AZADEH:  If that's the case, Your Honor, I would be asking to give it -- first of all, I'm not sure how hard they tried.  I'm just not sure that nobody can find him or serve him.  I should at least be given the opportunity to try and track down this witness --

THE COURT:  Sure.

MS. AZADEH:  -- before I lose my evidence.

(Multiple people speaking at once.)

MS. AZADEH:  And alternatively, if I could get permission to serve him by text message --

THE COURT:  Okay.  Well, you know, you're not losing it because you're still going to be able to call it at trial.  I mean, if he said all that in the affidavit, he

21

can come forward at trial and testify to the very same things, and I get to rule at trial.  I mean, if that's what he said and it's the Court's judgment in your favor, you know, you're not losing it.

MS. AZADEH:  Your Honor, if it supports summary judgment in our favor, we're entitled to that before any trial, and that's the benefit of qualified immunity.  And the Plaintiff has the burden to prove that that was a lie.  And just by erasing all evidence that it was not is not a fair way to do it.

THE COURT:  Well, no.  No, if he -- well, here's the deal.  If you can get ahold of him and get him to show up to be deposed, no problem at all.  You can use it.  If you can find him, you can use it, but, but, but you're not going to -- I mean, this case is going forward to trial on December 1st.  You don't have a lot of time.

I mean, and if it's going to be done timely, that is, if we can't get him available for a deposition timely, then I'm not going to allow his affidavit to be used.  He's going to have to show up at trial live.

MS. AZADEH:  It would have been timely if it had been done during discovery.  I'm having a really hard time understanding how our summary judgment evidence is dependent on whether Plaintiff can now find a witness.  She could have talked to him just like we did.

THE COURT:  Well, here's the deal.

MS. WARREN:  Your Honor, if I could respond just quickly.

MS. AZADEH:  He's willing to speak on the phone.

THE COURT:  No, no, no, no.  Well, no -- well, wait a second, if he's willing to speak on the phone, then why can't you get him to show up for the deposition?

MS. AZADEH:  We were not able to serve him when we tried.

(Multiple people speaking at once.)

MS. AZADEH:  Ms. Warren was able to reach him.  Her office was able to reach him on the phone, just like mine was.  So, she could do it over the phone or do --

THE COURT:  No, no, no, no, no.  No, no, no.  I'm finding that the affidavit is unreliable and will not be considered by the Court unless he appears for a deposition beforehand.  That's my finding.  Based on everything that's been going on between you guys, I'm not going to find that deposition -- I will strike that deposition, that affidavit as unreliable.  It's not reliable.

If he said those things and you're using that as the basis for your affidavit, then he needs to appear for a deposition.  If he's not going to appear for a deposition, then he needs to appear at trial.

And then at trial, Ms. Warren, then you'll get a

chance to talk to him.

But I'm not going to find -- I'm finding right now -- and you've got a record of this. I'm finding that, given the circumstances of this witness's availability, and the inability of counsel to coordinate a time and place for this deposition to be taken, and given the evidence that Ms. Warren has been diligent in trying to find him, unless this witness is available to be deposed in a timely fashion before trial, I'm finding that that affidavit is not reliable and will not be considered by the Court.

MS. AZADEH:  Your Honor, I would ask that the proof of intended service be filed.

THE COURT:  Sure.

MS. AZADEH:  And just for the record, it's not the Defendants -- it's not that we were not able to present for the witness's deposition. It's not on us.

THE COURT:  No, no, no. It's not on you. I'm not blaming you. I'm just saying that, given the circumstances of this witness's availability and the inability of counsel -- I'm not blaming anybody -- inability of counsel to get to together and work together to produce this witness to be deposed, I'm finding that the affidavit cannot be relied upon by this Court.

MS. AZADEH:  Your Honor, and before that happens, can we have an opportunity to try and serve him and have him

appear for a deposition, the same opportunity that Ms. Warren was given, since, well, since the 11th of September? Could we not get two weeks to do the same?

THE COURT:  Well, no, no, no.  Here's the problem. You know, here's the problem.  I gave you guys plenty of time to sit down and get these depositions scheduled, and I told you that the trial was going forward December 1st.  For whatever reason -- I'm not blaming anyone -- you guys chose to fight among yourselves, you know, going back and forth. Can't pick depositions.  Can't find people.  Fighting over whether we're going to take the deposition at the City of Houston or Ms. Warren's office.  Couldn't (indiscernible) time.  That was on you guys.  You didn't get it done.

So, since you couldn't get it done, now I'm stepping in to get it done, which means that unless you guys -- I mean, I will give you -- this is the most I'll give you.  I'll give you until Friday to give me a date to get this witness deposed by October the 14th.  If you guys -- if I don't get a letter on Friday with a date and time for this witness, I am finding as a matter of law on the record that that affidavit is not reliable because the parties have not had the opportunity, and I don't care for whatever reason, the parties have not had an opportunity to the Court's satisfaction to test the facts set forth in that affidavit. I'm going to find it unreliable.

And if the witness is going to provide that testimony, he needs to show up at trial and do so. That's it.

MS. AZADEH: Yes, Your Honor.

I would like to just state my objection for the record that there was no issue with the date of his deposition. We didn't know until today that we were responsible for producing him for this deposition.

(Multiple people speaking at once.)

MS. AZADEH: It was set for that date. Plaintiff wasn't able to serve him, but it wasn't the parties couldn't agree to a date or get it done. That's not --

THE COURT: Record's made.

I'm not blaming you for not getting this witness. He's a third-party witness. I mean, you're not responsible for getting him there. I mean, you know, he's not subject to your control. I mean, I'm not assuming he is.

I mean, is he subject to your control?

MS. AZADEH: No. Of course not, Your Honor.

THE COURT: Okay. Well, he's not subject to your control. So, this is not your fault, but the Court is finding that, given the circumstances and the statements made in the affidavit, that the Court is not going to find that affidavit reliable unless and until this witness appears for deposition.

You know, I'm not blaming anyone for not having him. Unless this witness is available for deposition for the facts that he states in the affidavit to be tested, the Court is not going to find that the affidavit's reliable and can be used in a Motion for Summary Judgment.

MS. AZADEH: Yes, Your Honor.

May we have permission to conduct it by Zoom?

THE COURT: I mean --

MS. AZADEH: If I can -- I might be able to serve him or get him to agree to show up to do it by Zoom. I don't think he's going to show up at the City because he thinks we're trying to detain him for ICE.

THE COURT: Okay, but why --

MS. WARREN: Then, he's not going to show up for trial.

THE COURT: Yeah, I mean --

MS. AZADEH: I mean, Your Honor, that's like a separate issue for trial.

THE COURT: No, no, no, no.

(Multiple people speaking at once.)

MS. AZADEH: (Indiscernible) consideration (indiscernible) affidavit is for summary judgment.

THE COURT: It's the same issue. If you can get him -- if you plan -- if you know how to get him them for trial, then you can get him there for a deposition. If you

can't get there for a deposition, then you can't -- I mean --

MS. AZADEH:  This is not a fair standard that's imposed on any defendant in a Motion for Summary Judgment.

(Multiple people speaking at once.)

THE COURT:  (Indiscernible).

MS. AZADEH:  (Indiscernible) I have to prove that I can bring him at trial and bring him in person, and there's no -- I can't serve him remotely, I cannot do the deposition remotely, but everybody else can conduct these things remotely.

THE COURT:  Okay.  You guys are really being ridiculous at this point.  I mean, I'm (indiscernible) because this whole hearing is going just like ridiculous.

And I'm glad, Ms. Martin, you're part of this because, you know, you're going to be part of this case, and there are witnesses in addition to the record as to what's going on in this matter.

I mean, this is ridiculous.  You guys had one job to do, which was get these depositions taken, and you couldn't get it done, okay?  And then, now I'm hearing -- and then, the argument was, well, somehow Ms. Warren would intentionally sabotage the deposition of Mr. Seymour to stop it from happening so that the summary judgment affidavit would be stricken.  I mean, it's Ms. Warren who wanted to

28

take the deposition in the first place.

MS. AZADEH:  No, Ms. Warren wanted to strike the affidavits in the first place.

THE COURT:  Yeah, but she wanted to take the depositions to test it, and I gave her that permission.  And now, you know, now, your argument is, was anyway, that she wants to sabotage the deposition.

But anyway, let's move on.  Here's the deal.  If you can't -- I mean, either the deposition's taken -- either you guys get together by Friday and come up with a date and time for this deposition to be taken.  Any person -- have any other depositions been taken remotely?  (Indiscernible) deposition by examination remotely.

MS. WARREN:  No, Your Honor.  No, Your Honor.

THE COURT:  Then, this one isn't going to be either.

So, your argument that somehow, you're being prejudiced against or people are taking advantage of you by forcing you not to take a deposition in person, with all due respect, that's just ridiculous.

(Multiple people speaking at once.)

MS. AZADEH:  Your Honor, for clarification, the argument was related to my summary judgment evidence, not the depositions.

THE COURT:  Okay.  So, what do you want to do

remotely by Zoom?

MS. AZADEH:  I would like him to appear by Zoom.

THE COURT:  So, has -- and my question is, has a single person appeared by Zoom so far for depositions, and the answer is --

MS. AZADEH:  (Indiscernible).

THE COURT:  So, we're not going to start now. We're not.  You guys need to -- if these affidavits are reliable, then they need to be tested, and if they're going to be tested, these people need to show up live.  And given the circumstances, I've got no confidence that these affidavits are credible.

I mean, if -- and what also really bothers me, respectfully, is that if you guys -- I mean, how do you plan -- I mean, basically, what you're telling me is "We can use an affidavit for our Motion for Summary Judgment, but if the Motion for Summary Judgment's denied, then, basically, we're not going to call the person live."

MS. AZADEH:  I never said that, Your Honor. That's my problem for trial is to produce them for trial, and I never said I wasn't going to do that.  I will do everything I have to do to get him there for trial.

THE COURT:  Any why can't you do everything that you can do --

MS. AZADEH:  Because I have less than a week to do

it now.

THE COURT:  But you guys had -- this isn't a deal that you had a week to do.  We talked about this like last month.  I have to look at my --

MS. AZADEH:  It was at docket call on September 11th.

THE COURT:  Right.

MS. AZADEH:  And it was the Plaintiff.  It was for the Plaintiff to do those depositions.  It wasn't an opportunity for me to do it.  I had no responsibility to do anything at that time.  But now, for the first time, I'm being told I have to produce him or lose my affidavit.

THE COURT:  No, no, no.  I'm not saying you have to produce him.  Either he's produced --  I mean --

MS. AZADEH:  Yes, Your Honor.

THE COURT:  If he's under your control, then I think you should produce him, but I'm not ordering you to produce him.

MS. AZADEH:  Your Honor, if he was in my control, this would not be a discussion.  I would've produced him. Obviously, I can't -- he's not employed by the City of Houston or my clients.

THE COURT:  Then, you don't have a problem, then.

MS. AZADEH:  Yes, Your Honor.

THE COURT:  If you can't produce him, then the

issue is, you know, can you guys get together and get him to show up for a deposition, because, again, I'm finding, and it's clear on the record, and I don't know how many times I need to say it to make it even clearer, the affidavit from this gentlemen, the Court is not going to rely on it, given the circumstances of his availability to testify live.  I'm not going to accept the affidavit as reliable summary judgment evidence.  And if you need me to write an order, I will write an order and --

MS. AZADEH:  I would like that.

THE COURT:  I will do so.

MS. AZADEH:  Thank you.

THE COURT:  This is really, really ridiculous. Truly --

MS. WARREN:  Your Honor --

(Multiple people speaking at once.)

THE COURT:  Truly --

MS. WARREN:  May I make two points on the record?

THE COURT:  Yes.

(Multiple people speaking at once.)

MS. WARREN:  One is the day after the first hearing on September 11th.  On September 12th, I asked if they were in contact with Edward Gomez.  That was the first day I reached out to him.  We tried to have him served twice the next week.

And then, the second point is just that Ms. Azadeh said multiple times, we could have gotten him served during discovery. They had -- the subpoena was dated June 17th, 2025. Discovery didn't end till July 20th, 2025, and they never produced that subpoena but filed it in support of summary judgment. And that's why --

(Multiple people speaking at once.)

MS. WARREN: (Indiscernible) that the subpoena was there.

And Your Honor, just for the record, I --

THE COURT: Don't you mean affidavit? You said --

MS. WARREN: I'm sorry.

THE COURT: Did you say --

MS. WARREN: Yeah, sorry. I do mean affidavit, yes. Sorry.

THE COURT: (Indiscernible).

MS. WARREN: Affidavit was signed June 17th, yeah, and we did not get it until it was filed with summary judgment. So, that's why I didn't try to depose him before the end of discovery.

THE COURT: So, Ms. Azadeh and Ms. Warren, I'm going to give you (indiscernible) whatever you want to say to put on the record. I'm going to give you five minutes to do that right now because this has gone on way too long. This is just absolutely ridiculous.

You know, the Court is finding that the affidavits are not reliable given the circumstances of these witnesses being available to be deposed with respect to the facts that they provided in support of the Motion for Summary Judgment. That's the bottom line.

MS. AZADEH:  Is that both affidavits?

THE COURT:  Both affidavits.

MS. AZADEH:  Mr. Seymour is now being deposed on the 10th --

THE COURT:  Right.

MS. AZADEH:  -- and is still considered unreliable?

THE COURT:  If it happens, which I'm really questioning if it will, but if it happens, then the affidavit can be used.  I'm holding my breath as to whether it'll happen, given what I've seen in this case so far.  I mean, you guys have now agreed to a date and agreed to a time, but given the relationship and what's happened before in this case, I'm (indiscernible) whether or not that's going to happen.  I think that probably what's likely to happen is I'm going to hear more excuses about Mr. Seymour not being available or not wanting to show up, and the fact that he's not within Ms. Azadeh's control, and nobody can make him show up.  I mean --

MS. AZADEH:  Your Honor, he's been correctly

34

served, and now his lawyer is here agreeing to a new date for that subpoena. I don't think that -- there will be no intention of preventing the deposition.

THE COURT: I'm hoping that's the case, but I'm holding my breath. I don't like holding my breath, but hopefully, that'll happen, and then you can't use his affidavit. And it's the same with respect to the other third-party witness.

MS. AZADEH: Your Honor --

THE COURT: Oh, I'm sorry. I'm interrupted. I'm going to give you --

MS. AZADEH: I'm sorry, I'm sorry.

THE COURT: I'm going to give you guys your five minutes to say whatever you want to make sure it's on the record.

MS. AZADEH: I just have a question, Your Honor, and then I will let you have back your five minutes that you offered me.

I just wanted permission to subpoena -- because I know that discovery was reopened just for the Plaintiffs, so I wanted to make sure that it is okay for me to serve subpoenas to either of these two witnesses, Seymour and Gomez. And so, that way, I will also serve Seymour with a subpoena to make sure that he's there with the Court Reporter at the agreed time, just in case something goes

wrong on MS. Warren's end.

(Multiple people speaking at once.)

THE COURT:  Yes, that is -- I'll allow you to cross-subpoena them.  I just don't understand why Ms. Warren would sabotage her own deposition.

MS. AZADEH:  I just said that way, I can't blame anybody else for something going wrong.  It's on me, and I can make sure it happens as best I can.

THE COURT:  Okay.

MS. AZADEH:  Only reason I'm asking.

MS. WARREN:  The only thing I will say, Your Honor, is that I will file that affidavit of non-service and my attempts to serve Gomez just so it's on the record, but I have nothing else to add.

THE COURT:  Okay.  So, again, the ruling is that if the witnesses are not deposed, then the affidavits cannot be used.  And if the witnesses are called live at trial, then when they are in the courtroom and before they testify, we're going to take a recess and allow the witnesses to be deposed before they take the stand.  That's my ruling.

MS. AZADEH:  Thank you, Your Honor.

THE COURT:  And that's pretty much it.

Ms. Warren, is there anything that you'd like to add, or have any comments, or anything you'd like to put into the record?

MS. WARREN:  No, Your Honor, to let your staff get out of here.

MS. MARTIN:  In my limited capacity in appearing on behalf of Sergeant Seymour, I have nothing further to add.

THE COURT:  Okay, great.  And are you appearing in this matter in any other capacity?

MS. MARTIN:  No, sir, I am not.  I am only appearing as counsel for Sergeant Seymour.

THE COURT:  Great.  Well, then we're all set.

ALL COUNSEL:  Thank you, Your Honor.

THE COURT:  Thank you all for being available late this afternoon.

I really -- I mean, you all -- you're taking years off of your lives with this case.  I mean, I don't understand.  I really just don't understand.  There is no reason for you guys to be doing this.  Take the depositions, get it done, get to trial, let a jury decide, and move on. You know, I don't understand -- I really -- I just don't get it.

But you know, if that's the way you want to try the case and litigate this matter and take years off of your life every time (indiscernible), so be it, but trust me, I'm not going to let you do that to me, or my court, or my staff.  You know, I will you the time that you're entitled

to in representing your clients, but if you guys want to continue to fight over where a deposition's going to be taken or the time of the deposition, you know, go for it, but unfortunately, it's only going to shorten your lives and it's not going to make you any happier.

Your client's not going to be any happier.  You're both going to get miserable, and you're not going to be fun to be around, and nobody's going to want to talk to you, but you know, have at it.  But please, just, you know, take a deep breath before you make some of these arguments.

But anyway, take care, everyone.  Have a great afternoon.

And I will be available on October 10th.  And with respect to this other third-party witness, you know, if he can't be deposed, then that's it.  You know, I'm not going to be affidavit to be used because the Court has serious questions about the reliability of that affidavit.

Okay.  Have a great afternoon, everyone.

(Proceedings adjourned at 5:05 p.m.)

*  *  *  *  *

38

*I certify that the foregoing is a correct transcript to the best of my ability due to the condition of the electronic sound recording of the ZOOM/video/telephonic proceedings in the above-entitled matter.*

*/S/ MARY D. HENRY*

*CERTIFIED BY THE AMERICAN ASSOCIATION OF*

*ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

*JTT TRANSCRIPT #70144*

*DATE FILED:  OCTOBER 23, 2025*