Exhibit 3

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

* * * * *

AUSTIN THOMPSON HUGHES        *    NO. 4-21-CV-1994
                              *    Houston, Texas
VS.                           *
                              *    2:21 p.m. - 2:46 p.m.
CITY OF HOUSTON, ET AL        *    September 11, 2025

* * * * *

**STATUS CONFERENCE**

BEFORE THE HONORABLE GEORGE C. HANKS
UNITED STATES DISTRICT JUDGE

* * * * *

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

2

**APPEARANCES:**

For the Plaintiff:

    MS. COURTNEY B. WARREN
    **Attorney at Law**
    402 Hunt Street
    Houston, Texas 77003

For the City of Houston:

    MS. MELISSA AZADEH
    **City of Houston Legal Department**
    900 Bagby, Third Floor
    Houston, Texas 77002

Case Manager:

    KIMBERLY PICOTA

Electronic Recorder:

    AMY PEARSON

**P R O C E E D I N G S**

**2:21 P.M. - SEPTEMBER 11, 2025**

THE COURT:  The next case on the Court's docket is Cause No. 4:21-CV-1994, Hughes vs. City of Houston.

Can counsel online just introduce themselves to the Court and state the parties they represent, starting with the Plaintiff.

Ms. WARREN:  Courtney Warren for Plaintiff Hughes, Your Honor.

THE COURT:  Okay, welcome.

And for Defendant?

MS. AZADEH:  Melissa Azadeh for the Defendants, Michael Garcia and Joshua Few.

THE COURT:  Okay, great.  Well, welcome, everyone.  This was scheduled for a Docket Call, but what I'm going to do is turn this into a Status Conference because you guys have filed a flurry of pleadings that I need to finish going through and grilling on before we can get ready for trial.  And by the time I would get that done, you know, we wouldn't be able to get the trial in October.

So what I'm going to do is first rule on the outstanding motions that I can rule on.  And then the next thing we're going to do is I'm going to set a

4

final schedule.  This is the trial schedule in this case.  This is when we're going to trial and give you a date certain for trial so that you guys can clear your schedules so that this case can get to the jury once and for all.

So, first, Docket Entry No. 172, Defendant's Motion for Leave to File Exhibits Under Seal, is granted;

Docket Entry 182, Plaintiff's Motion to Substitute Appendix to Plaintiff's Motion for Summary Judgment, is granted;

Plaintiff's Motion for Extension of Time, which is Docket Entry No. 185, is denied as moot;

Docket Entry 189, which is Plaintiff's Unopposed Motion for Extension of Time to File Joint Pretrial Order, is denied as moot;

Docket Entry No. 193, Defendant's Motion for Extension of Time to Respond to Partial Motion for Summary Judgment, is denied as moot;

Docket Entry No. 194, Plaintiff's Second Unopposed Motion for Extension of Time to File Joint Pretrial Order, is denied as moot;

Docket Entry No. 195, Plaintiff's Amended Unopposed Motion for Extension of Time to respond to Defendant's Motion for Summary Judgment, is denied as

5

moot;

Docket Entry No. 196, Plaintiff's Third Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment 196, is denied as moot;

Docket Entry No. 199, which is Plaintiff's Final Motion for Extension of Time, is denied as moot;

And then Docket Entry No. 202, Defendant's Opposed Motion to Stay, is denied.

So those are the rulings on the outstanding motions I can rule on, and here is the final schedule for pleadings in this case:

Defendants must file their reply, if any, by Tuesday, September 16, 2025.  Plaintiff must file his reply, if any, by tomorrow, Friday, September 12, 2025, and there's no surreply without leave of Court. So get it on file and then the Court is going to consider the motions.

MS. AZADEH:  Thank you.

THE COURT:  Oh, I'm sorry.  Oh, Ms. Azadeh?

MS. AZADEH:  Sorry, Your Honor.  I thought you were finished.  I'll wait.

THE COURT:  Oh, no.  Well, let me just give you these dates and then I'll see what I missed, make sure I didn't miss anything.

MS. AZADEH:  Okay.

THE COURT: So an Amended Joint Pretrial Order and Motions in Limine will be due by Monday, October 20, 2025. Docket Call will be held on Wednesday, October 29, 2025, for a trial date of December 1, 2025. So that's a date certain. So, if you've got anything else planned, let them know this is the date I'm giving you as a date certain to go to trial. I will have a jury ready to go for you at 1:30 in the afternoon on December 1st, and we can get this case to trial.

And this gives everybody enough time to get all the pleadings that they want to get filed, any responses, anything, gives everybody enough time to get that done, gives me enough time to rule on those motions before trial, and then we'll figure out what happens at trial based on my rulings on the motions.

But, Ms. Azadeh, you said I missed something or you needed to add something.

MS. AZADEH: I just wanted to make sure -- I wanted to double check the Defendant's Motion for Extension. Is it denied as moot, otherwise denied as moot? We didn't file more than one.

THE COURT: Okay. Defendant's Motion for Extension of Time to File --

MS. AZADEH: Yes.

THE COURT: -- Response to Partial Motion for

Summary Judgment, which is Docket Entry 193 --

MS. AZADEH: Yes.

THE COURT: -- is denied as moot because I'm giving you additional time.

MS. AZADEH: Oh, okay, thank you. Sorry, I missed it. Thank you, Your Honor.

THE COURT: Okay. So I think everybody has got what they needed because I really want to be able to consider all the motions before trial.

MS. AZADEH: Yes, Your Honor.

THE COURT: Ms. Warren?

MS. WARREN: Your Honor, my only question is, instead of responding for summary judgment, we filed a Motion to Strike just based on the fact that their Motion for Summary Judgment relies on **(?)** a lot of evidence that was never produced in discovery. The first time we saw it was when it was filed for summary judgment. And so then we alternatively requested time to respond. And so --

THE COURT: Oh.

MS. WARREN: -- that's the only thing as far as scheduling.

THE COURT: Sure. I will give you the opportunity to respond fully. When can you get your response on file?

MS. WARREN: Okay. I can respond, I can file a response by this week, because our view is that their motion basically relies entirely on new evidence except for what was already determined by the Judge in the Motion to Dismiss. Those facts, we contend, are undisputed, with the exception of this new evidence. So that's why I filed the Motion to Strike in its entirety. But I can file a response in the alternative by Friday, if that works.

THE COURT: Okay. If you can file a response to this --

MS. AZADEH: I'm sorry --

THE COURT: I'm sorry.

MS. AZADEH: I'm sorry, in response -- could you just specify a response to what? Because I'm not sure what I'm replying to if there's not a response already filed.

MS. WARREN: There's not a response on file for summary judgment. There is a Motion to Strike Summary Judgment.

MS. AZADEH: Okay.

THE COURT: Right. So we need to -- we need to adjust the reply brief, the briefing schedule. So, if you file your response by tomorrow -- are you talking this Friday? Can you get it on file by

tomorrow or are you talking about next Friday?  Because tomorrow is Friday.

MS. WARREN:  Can I do Monday since our reply is due tomorrow?

THE COURT:  Sure.

MS. WARREN:  If I'll do the reply by tomorrow, and then their reply on Monday, if that works?

THE COURT:  That will work.

And that way, Ms. Azadeh, you will have a chance to reply to their response timely.  Because the goal of all this, I want to give everybody an opportunity to get everything they want on file so I can rule on it and we can get ready for trial so that there's nothing left, you know, hanging before we're ready for trial.

And the only way to do that is to give you guys all the time you needed and give you a date certain in December, which is December 1st to go to trial.  And that way, everybody has time to get what they want on file, I have time to rule on it, and then we can get ready for trial or figure out what we need to be trying at Docket Call, which will be October 29th.

MS. AZADEH:  So, is my reply still due on Tuesday if their response is on Monday?

THE COURT: Right. So Plaintiff's response is due Monday the 15th, and the Defendant's reply brief will be due Monday the 22nd.

MS. AZADEH: Okay. And then, sorry, our motion, the response to their Motion to Strike, I assumed that was like a response, so I was going to treat it as my deadline to reply.

THE COURT: No, this is -- I'm giving you a new reply date now. So they're now going to file a response.

MS. AZADEH: Okay.

THE COURT: And then you're going to file a reply on the 22nd.

MS. AZADEH: To both the Motion to Strike and the response?

THE COURT: Well, the Motion to Strike, respectfully, I'm not going to consider it because I'm giving you -- I'm giving you the opportunity to file a response.

I mean, I'll look at it, Ms. Warren. But, you know, now that you guys have had -- you will have had what, September, October, November, three months before trial to have this evidence. You know, unless you can really -- you can show some undue prejudice from having the information, you know, three

11

months out.  But I can't see myself -- I can't see the Court granting that motion.

MS. WARREN:  The problem is, Your Honor, and if I may respond, is the fact that discovery is closed. So, for instance, they had -- for the alleged drunk driver in this case, Hector Gomez, early in January Defendants sought to depose him, filed a subpoena, and then informed me that they were unable to find him, they thought he left the state.  And that was the last I heard of it.

Then they got a declaration from Mr. Gomez without telling me they had contacted him.  They had it in their possession for a month, since before the discovery deadline, and then they filed it with summary judgment without producing it to me.

So now I don't have the option to depose him.  With discovery closed, I don't have the option to depose him.  To me, that's a trial by ambush.  I can't do anything as far as discovery to seek information from him.

There's the same thing if I'm looking Sergeant Seymour.  They filed the affidavit from Sergeant Seymour.  In their responses to our discovery requests, they didn't put any of the information that Sergeant Seymour now has that they filed along with

their Motion for Summary Judgment.

Same thing with --

MS. AZADEH:  I'm sorry, the time?

MS. WARREN:  Any of the -- if I can finish, Ms. Azadeh.

They also have attached to exhibits that I think are irrelevant; but regardless, that they had in their possession prior to Defendant's -- prior to them deposing Plaintiff.  They didn't disclose it to me until they filed it along with summary judgment.

But now I have these witnesses that are in these documents that I never was -- that were never identified to me, that I never knew that they were going to rely on, I didn't get to depose anybody about it.  And so that's what the Motion to Strike is about.  It's not that I didn't have this evidence.  It's that I didn't have it in enough time to conduct a discovery as it is needed to.

THE COURT:  Well, the deal is --

MS. AZADEH:  Your Honor, may I --

THE COURT:  Oh, well, you can.  But, I mean, I'll just jump in just to save time.  We've now got three months from trial.  Under the case law -- under the case law that I'm familiar with and I've used for years and years and years, if there's enough time to

13

cure the issue with respect to evidence, the Fifth Circuit prefers the District Court err on the side of allowing the evidence and giving the party the opportunity to conduct the necessary discovery.

So, if you want to take a deposition of these individuals in the interim, discovery can be open, I will open discovery so that you can take that discovery.

But I know for purposes of your response, you know, if you want to file a response and then say subject to -- you know, subject to further discovery in this case, that will be fine as well and I'll consider it at trial, you know, whether or not -- you know, what testimony should or should not be allowed.

But at this point, since we are three months out from trial, I mean, I'm pushing everything back. If we were going to trial next month, I think that you've got a pretty solid argument. But since we --

MS. AZADEH: Your Honor, I would like to respond, sorry.

THE COURT: Okay, sure.

MS. AZADEH: Because we're deciding things without even hearing our side of it.

THE COURT: Sure.

14

MS. AZADEH:  They are being misrepresented, in my opinion.

THE COURT:  Okay.

MS. AZADEH:  So it's true, we did try to serve Hector Gomez and we could not locate him.  He told the process server he had moved to Florida.  We tried every which way to convince him.  But I think because of the political situation at the time, he was afraid.  And so we never were able to meet with him or anything.  The best we could get was the declaration from him.  And it says, we disclosed another witness in our disclosures and we identified his statement, which is identical to the statement that he signed, which says, "I told Officer Garcia at X,Y, Z," which Plaintiffs have had all along.  They were free to call him as well.  And we got that affidavit in time for original summary judgment deadline and then forgot about it.  I didn't know if I was going to use that affidavit.

And the second one is Sergeant Seymour, which was disclosed as well, and his information is not new information, he was listed as a witness, and Plaintiff didn't choose to depose him and could have.

The other two documents, those are Plaintiff's criminal records, criminal investigation reports from Michigan that Plaintiff should have

produced to us in discovery, but didn't and withheld, and wrote in his interrogatory that he had -- there was no bad reason, he had left his employment as an officer.

And the public records that we tracked down, you know, despite the best efforts to not let us know about it, and we talked about it at length in his deposition. He was aware of the investigations. I have the reports and they could have gotten them just like I did. And that was back in -- I think we deposed him -- it was like March or April.

THE COURT: Okay.

MS. AZADEH: Plaintiff was deposed many months ago. So there is no surprise for any of those items.

MS. WARREN: Your Honor --

MS. AZADEH: And then the lawsuit is not Google Maps, but were exhibits to Mr. Hughes's deposition, and I don't think this goes to what was the attachment to the deposition.

THE COURT: Okay, and I agree with --

MS. WARREN: And, Your Honor, if I just may --

THE COURT: I'll let you guys speak, but the bottom line is, if there are affidavits in motions and the people haven't been deposed, at this point in time,

since there's three -- they haven't been deposed and it sounds like at least with respect to two, there may be good cause.

But let me let you speak, Ms. Warren, because my general solution is you get to take depositions, find out what these people have to say or not have to say, and if they are not available for deposition, then the affidavits aren't going to be considered.

MS. WARREN:  I think that is fine with respect to the -- I don't have any problems with that with respect to the affidavits of Gomez and Seymour.

With respect to the affidavits from Auburn Hills and those documents, one, they weren't in our possession during discovery.  She can't just say, "They were public records, you should have gotten them."  They weren't in Plaintiff's possession.  We're talking about basically **(?)** reports.  You know, they're within the possession of the police department.  Those aren't just files online.  You can't just get those.  He didn't even know they existed.  He hadn't even read them before she filed them along with the Motion for Summary Judgment.

And there are -- those are very specific to stuff that happened over 10 years ago that is

completely irrelevant to this case, that the Defendants never had -- said that they had access to, there's no indication they had access to these details prior to their arresting him.  They're completely irrelevant in the case.

But they include allegations of sexual misconduct.  They include allegations from his previous wife about really personal things, including him potentially having been molested, things like that that are really, really irrelevant to this case and very personal and highly prejudicial.

And so there are so many witnesses involved in those, I don't want to have to depose those witnesses.  I don't want to have to go talk to --

THE COURT:  Well, no, no.  I mean, the bottom line is, to me, I don't see -- the argument is it's irrelevant, improper summary judgment evidence should not be considered, and then that's it.  I mean, that's your argument.

MS. AZADEH:  Your Honor, just -- I'm going to correct the record.  The officers did call Auburn Hills and they were told that he was -- his job was terminated pending an IAD investigation for sexual misconduct.

THE COURT:  Yeah.

MS. AZADEH:  I'm sorry, alleged sexual misconduct, and it was irrelevant.  It is relevant. But we asked Mr. Hughes --

THE COURT:  No, I --

MS. AZADEH:  -- for his specific -- and he didn't give it to us.

THE COURT:  It doesn't matter.  I mean, the bottom line is I guess you guys can fight about it at trial.  I don't know all the facts, but it sounds like a 403 to me.  I mean, it sounds like even if there's a sliver of probative value from this, the prejudicial impact far outweighs any probative value whatsoever with respect to the evidence.  But I'll let you guys handle that at trial.

The bottom line is, with respect to -- I mean, you guys get to argue that, but this isn't the place for that right now.  I mean, the bottom line is right now, yeah, there's the affidavits of people that weren't located until later.  You need to take those depositions because now we've got three months for trial.  There's no prejudice from using those affidavits because you can depose them now.

If for some reason, you know, they are not going to be deposed and don't want to show up for deposition, then we need to revisit the issue of

whether or not the affidavits can be used in a Motion for Summary Judgment. But right now, as long as those people are available to be deposed and available, yeah, then you just go out and depose them.

The documents that we were talking about with respect to the Defendant, if they are sensitive, you can file a motion. I'll consider an oral motion right now to seal the record, seal those motions right now to make sure that that information does not, you know, fall in the wrong hands or somehow disclosed. So that can handle any sort of embarrassment or improper use of that information at this point in time.

And then with respect to that actually being used in the motion itself, based on what I've seen, that stuff is completely irrelevant. But it remains to be seen. I'll let you guys argue it.

And the 403, prejudicial impact far outweighs any probative value that that might have. The fact that he didn't mention it or he could be lying about it doesn't get you information about sexual misconduct. But I'll wait to hear the argument.

MS. AZADEH: Your Honor, we don't intend to offer those at trial because that was not in the knowledge of the officers at the time, the contents of the report. Those are not -- those are just there to,

you know, verify or corroborate the information those officers knew at the time.

THE COURT:  Okay.

MS. AZADEH:  Because we were accused of lying again and making it up.  So we're not planning to offer those documents at trial.

THE COURT:  Okay.  Well, I mean --

MS. WARREN:  Your Honor, if I could do the oral motion to seal, it would --

MS. AZADEH:  Your Honor, I'm going to object because I tried to seal them and she opposed my motion.

MS. WARREN:  I opposed your motion to seal all of your exhibits.

MS. AZADEH:  No, I --

*[Counsel talking over each other]*

THE COURT:  Okay, here is the deal.  Here is the deal.  I'm going to seal them.  I'm going to seal them.

MS. AZADEH:  Okay.

THE COURT:  It's the Court's motion.  I don't want -- you know, I want to make this as simple as possible so, that way, you guys can get this case to trial and I'll seal it.  And then, I mean, so the documents are sealed.  The attachments to the Motions for Summary Judgment are sealed.

My clerk is here and we're going to seal those -- well, actually, let's seal the motions.  Both sides' Motions for Summary Judgment are going to be sealed, and that should take care of it.  That way, neither one of you has to worry about anything in the motions that's a problem.

MS. WARREN:  And, Your Honor, just procedurally, as far as the deposing of Mr. Gomez and Seymour, is discovery reopened or do you want me to file a motion --

THE COURT:  No, no.  I am orally --

MS. WARREN:  -- to open discovery with the attachment to it?

THE COURT:  I am orally granting you leave to take those two depositions because their affidavits were provided in support of -- or in response and/or in support of Motions for Summary Judgment.  Those are the only two depositions in the discovery I'm allowing to be reopened.  So, that way, there's no prejudice and Ms. Azadeh can use the affidavits because you've now been able to talk to them and, you know, get a little background on the affidavits.

So any Motion to Strike those affidavits at this point, the Court is not going to consider.

MS. WARREN:  Understood, Your Honor.

THE COURT:  Unless, of course, these people don't want to show up.  If they don't show up for deposition, then that's another issue.

So what I would need you guys to do is, by Monday, to give me the deposition dates of these two individuals.  Contact them, get deposition dates certain, and give them to me so that I can be available for those depositions.

So, if there's a problem, all you guys have to do is pick up the phone, call me, and I'll be there.  That way, you are not waiting for any sort of problems or, you know, answers, the witness doesn't want to answer, all that stuff.

Just let me know when the depositions are by Monday.  Or, let's say, by Wednesday, next Wednesday.  Set a date for the depositions by next Wednesday, pick a date, and then let me know.

And if the witnesses question that, you can tell them that the Judge wants dates certain for depositions.  Either they give you a deposition or I will pick deposition dates for them.  Because we've got a trial setting and I need to be able to count on the fact that you guys will be ready to go.

MS. WARREN:  Thank you, Your Honor.

THE COURT:  Okay.

23

MS. AZADEH:  Thank you, Your Honor.

THE COURT:  Okay.  And I know -- I know there's a lot of tension.  I know you guys are -- this is a really hard fought case, but just work with me, we'll get through this, we'll get you guys to trial, we'll get this taken care of, and you guys can move on to other things in your life.

So, first of all, you get to take the two depositions.  Discovery is being opened only for purposes of those two depositions.  That's the first thing.

And then, second, I am *sua sponte* sealing the motions and the exhibits so that nobody has access to them without permission from the Court.  That way, no one has to worry about what's in there.

And then finally, you need to give me the deposition dates by next Wednesday so that I can be available on the line.  So, when the depositions are being taken, if there's a problem, all you have to do is pick up the phone, call my case manager and say, "We've got an issue with the deposition, we need Judge Hanks's help," and I'll be right there for you.

So that's the three things.

Okay.  And Ms. Azadeh, I didn't want to cut you off.  I know that you wanted to say more, but

24

is there anything else you wanted to add?  I just wanted to keep you guys focused.  That's all.

MS. AZADEH:  No, I have nothing else, Your Honor.  I understood.

THE COURT:  Great.  Okay.  So you've got my rulings on some of the pending motions.  We've got a new briefing schedule and Docket Control Order in place with respect to deadlines.  And the date that's most important is December 1st.  That's D-Day.  That's the date we're going to go to trial.  So we need to get everything done by then.

And the only thing I ask is, if you guys are having problems with anything between now and then and it looks like it's going to impact the trial date, just give me a call, ask my case manager for a Status Conference.  I'll get on the line, we'll talk about it, and we'll try to figure out what's going on.

MS. AZADEH:  Thank you, Your Honor.

THE COURT:  Okay.

MS. WARREN:  Thank you, Your Honor.

THE COURT:  Great.  Okay.  Well, have a great afternoon, everyone.  Be safe out there.  And if you need me, call me.  But you've got sort of your mission, should you choose to accept it, what you need to do.

So have a great afternoon, guys.  I'll

25

talk to you soon.

MS. AZADEH:  Thank you, Your Honor.

MS. WARREN:  Thank you.

THE COURT:  Take care.

*[2:46 p.m. - Proceedings adjourned]*


C E R T I F I C A T I O N


   I certify that the foregoing is a correct transcript of the electronic sound recording of the proceedings in the above-entitled matter.



/s/  Gwen Reed

10-22-25

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610