Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AUSTIN THOMPSON HUGHES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-01994** |
| | § | |
| **MICHAEL GARCIA and JOSHUA FEW,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS GARCIA AND FEW'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff Austin Thompson Hughes, by and through his attorney of record, Ms. Courtney B. Warren, Law Office OF Courtney Warren, PLLC; 402 Hunt Street; Houston, Texas 77003; courtney@cwarrenlaw.com.

Defendants Michael Garcia and Joshua Few (collectively "Defendants") serve these objections and answers to Plaintiff's First Set of Interrogatories, pursuant to the Federal Rules of Civil Procedure.  Defendants reserve the right to amend and supplement and amend these objections and responses, in accordance with the Rules.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Section Chief Torts/Civil Rights

Date:    May 2, 2025.    By:    */s/ Melissa Azadeh*
MELISSA AZADEH
*Attorney in Charge*
Texas Bar No. 24064851
Federal Bar No. 1090186
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby Street, Third Floor
Houston, Texas 77002
Tel. 832-393-6270

Fax 832-393-6259
melissa.azadeh@houstontx.gov
**ATTORNEYS FOR DEFENDANTS MICHAEL
GARCIA AND JOSHUA FEW**

## CERTIFICATE OF SERVICE

On this 2nd day of May 2025, a true and correct copy of the foregoing document was duly served upon all parties through their attorneys of record by electronically filing same with the District CM/ECF system, in accordance with the Rules, and/or alternatively by e-mail or facsimile transmission, to the following:

Courtney B. Warren
Law Office of Courtney Warren, PLLC
402 Hunt St.
Houston, TX 77003
courtney@cwarrenlaw.com

*/s/ Melissa Azadeh*
Melissa Azadeh

2

## DEFENDANTS GARCIA AND FEW'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state the full name, job title, address, and telephone number of each person answering these interrogatories.

**ANSWER:**

Melissa Azadeh, Senior Assistant City Attorney II, Deputy Section Chief, Torts & Civil Rights Section, as counsel of record for the Defendants.

2. Please provide the name, address, telephone number and job title of each person who has knowledge of the March 2019 Incident and/or Arrest and state the basis of their knowledge.

**ANSWER:**
Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.
Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; witnesses and entities identified in Defendants' disclosures, production, and any supplements thereto. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

In addition:

3

Ryan Gagnon, Chief of Police
& Custodian of Records
City of Auburn Hills Police Department
1899 N Squirrel Rd, Auburn Hills, MI 48326
Phone: (248) 370-9444

3. Please state the names, ranks, addresses and telephone numbers of all police officers and/or other City of Houston personnel, including but not limited to emergency call-takers and dispatchers, who came into contact with Plaintiff on March 23, 2019 and/or March 25, 2019 and the nature of such contact

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.
Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; witnesses and entities identified in Defendants' disclosures, production, and any supplements thereto. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

In addition:

Ryan Gagnon, Chief of Police
& Custodian of Records
City of Auburn Hills Police Department
1899 N Squirrel Rd, Auburn Hills, MI 48326

4

Phone: (248) 370-9444

4. Please describe in detail HPD's procedures for responding to dispatch related to the report of a potentially intoxicated driver.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.
Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to this interrogatory as vague and overbroad and unduly burdensome, as it seeks general education about procedures of a governmental entity; and on grounds of relevance, since Plaintiff was not investigated as a potential intoxicated driver, and Defendants responded to a call for a "person down" and not any potential intoxicated driver.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

Subject to and without waiving these objections, none; Defendants cannot speak for HPD.

5. Please describe in detail the circumstances through which Defendants Garcia and Few "got permission from Sgt. Seymour to do a knock and talk," as stated in the HPD incident report related to the Arrest and state the factual and legal basis for Seymour's grant of permission.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, Defendants cannot speculate or speak to the factual and legal basis for any decision of a third party (Seymour); however, Defendants sought permission to do a knock and talk to request corroborating information from Plaintiff prior to any arrest.    See HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.    Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

6.  Please describe the specific steps and/or actions taken by the City of Houston and HPD in response to the 911 calls made by Plaintiff and the third-party witness on March 23, 2019, as described in Paragraphs 32 through 40 of the Second Amended Complaint, including but not limited to the process by which information was relayed to HPD officers by the 911 call-takers, the nature of the information relayed, and the process through which HPD officers responded to such information.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

6

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, Defendants cannot speculate or speak to the factual and legal basis for any decision of a third party (Seymour); however, Defendants sought permission to do a knock and talk to request corroborating information from Plaintiff prior to any arrest. See HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

> 7. In your own words, please set forth the totality of your actions with respect to Plaintiff and the March 2019 Incident and Arrest.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

    8.   Please state whether you have ever been involved in any disciplinary action in connection with their employment by any police department from 2010 to the present.

**ANSWER:**

Defendants object to this interrogatory as: vague and substantively overbroad by seeking any "involvement" without any narrowing parameters, temporally overbroad, and on grounds of relevance. Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object on grounds that disciplinary actions are not admissible in a civil action alleging constitutional violations and a violation of employment policies does not constitute evidence of a constitutional violation. Defendants object to the extent this interrogatory seeks confidential information and information regarding unsustained allegations in circumvention of Due Process and state law. Subject to and without waiving these objections, see documents bates numbered 000144-000147; 000176-000727.

    9.   Please state whether you have ever been suspended, terminated and/or otherwise disciplined, reprimanded or investigated by HPD or internal affairs while employed by HPD, including but not limited to as a result of the March 2019 Incident and Arrest. If so, please provide the names, addresses and telephone numbers of all persons who made or took part in the disciplinary action.

**ANSWER:**

Defendants object to this interrogatory as: vague and substantively overbroad by seeking any "involvement" without any narrowing parameters, temporally overbroad, and on grounds of relevance. Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care,

custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object on grounds that disciplinary actions are not admissible in a civil action alleging constitutional violations and a violation of employment policies does not constitute evidence of a constitutional violation. Defendants object to the extent this interrogatory seeks confidential information and information regarding unsustained allegations in circumvention of Due Process and state law. Subject to and without waiving these objections, see documents bates numbered 000144-000147; 000176-000727.

10. Please identify any complaints or charges that have been made against any HPD officer related to the alleged mishandling of a DWI investigation in which you were involved in any capacity, and include the name, address and telephone number for each officer; the date of each complaint or charge; and the current status of each complaint or charge.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Subject to and without waiving these objections, none; Defendants have no authority to access or obtain this information.

11. Please identify any complaints or charges of dishonesty in probable cause affidavits that have been made against any HPD officer related to any investigation and/or case in which you were involved in any capacity and include the name, address and telephone number for each officer; the date of each complaint or charge; and the current status of each complaint or charge.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Subject to and without waiving these objections, none; Defendants have no authority to access or obtain this information.

12. To the extent that you contend that probable cause existed for Plaintiff's arrest on March 25, 2021, please explain the factual and legal basis for your contention.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in

question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

13. Please explain the City of Houston and/or HPD's efforts to address "the scourge of DWIs" in Houston and the failures of HPD related to the enforcement of DWIs, as described in paragraphs 121 through 131 of the Second Amended Complaint, including but not limited to DWI-related training provided to HPD officers and disciplinary procedures enacted for the mishandling of DWIs.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.
Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Subject to and without waiving these objections, none; Defendants have no authority to access or obtain this information.

14. To the extent you contend that you acted in the manner that a reasonable officer would have acted under the same circumstances and with the same information, please state the factual and legal basis for your contention.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.
Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

11

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

> 15. To the extent you contend that probable cause did not exist to arrest Edgar Gomez for DWI in relation the March 2019 Incident, please explain the legal and factual basis for your contention.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, see HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

> 16. Please explain the legal and factual basis for your decision to pursue criminal charges against Plaintiff and not Edgar Gomez in relation to the March 2019 Incident.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, Defendants as police officers could not make any decision to pursue criminal charges in Harris County; only the District Attorney is able to bring criminal charges (above a Class C misdemeanor) in Harris County, Texas.  See also HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos,

FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

17. Please explain the investigative steps taken by you and other HPD officers related to Plaintiff following the March 2019 incident through Plaintiff's Arrest, including but not limited to any supervisory review and/or approval of reports and/or actions taken by other HPD officers.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.

Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, Defendants as police officers could not make any decision to pursue criminal charges in Harris County; only the District Attorney is able to bring criminal charges (above a Class C misdemeanor) in Harris County, Texas.

See also HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000935; and any supplements thereto.

In addition, Plaintiffs received information through dispatch regarding a physical altercation on the roadway, a passenger removed from the passenger side door of the vehicle, received information regarding the circumstances of Plaintiff's separation from employment as a police officer at Auburn Hills Police Department, Defendants contacted Uber's law enforcement portal and were informed the Plaintiff had not driven or accepted any rides for Uber on the date in question. Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

18. Please explain the role of the Harris County District Attorney's Office in criminal investigations conducted by HPD generally, including but not limited to, at what point in the criminal investigation HPD typically consults with the Harris County District Attorney's Office and the extent to which officers rely on the advice and/or instructions of the Harris County District Attorney's Office in directing criminal investigations.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome as it refers to a March 2019 incident and/or arrest without any narrowing parameters.
Defendants object as this interrogatory assumes an arrest of which there is no record, or that has been expunged and requires answers that depend on information and evidence deliberately destroyed as a result of the Plaintiff's application and order of expunction prior to suit; on grounds of equitable and judicial estoppel and spoliation; seeks information solely in the possession/custody/and control of the Plaintiff, Plaintiff's agents or criminal/civil attorneys, and/or third parties, and not the Defendants.

Subject to and without waiving these objections, in Harris County; only the District Attorney is able to bring criminal charges (above a Class C misdemeanor); and officers must contact the District Attorney's Office when they have reason to believe a possible crime above a class C misdemeanor occurred, for the HCDA to make a determination as to probable cause and any

criminal charges or arrest.    Officers are without discretion to reduce or decline to file a charge or make an arrest once the ADA has accepted charges.

See also HPD records attached to the incident number for Plaintiff's arrest, including documents and bodycam videos, FOX HPD helicopter images/video, dispatch logs and records, destroyed by Plaintiff/expunction; documents produced by the Plaintiff in response to discovery and/or disclosure, and any supplements thereto; documents produced by Defendants bates numbered 000001-000143; 000825-000857; 000733-000821; and any supplements thereto.   Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

19. Please describe the training you received from and/or in the course of your employment with HPD and/or any other law enforcement agencies related to conducting criminal investigations, including but not limited to, the handling of DWI investigations, filling out investigative reports, and executing probable cause affidavits.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and on grounds of relevance, as Plaintiff has not claimed an arrest or investigation for DWI.  Subject to and without waiving these objections, see documents 000148-000175.  Defendants reserve the right to supplement and amend this answer, in accordance with the rules.

20. Please explain the disciplinary policies and/or procedures of HPD related to accusations of officer misconduct, including but not limited to allegations of dishonesty by an officer in probable cause affidavits, the mishandling of DWI investigations and/or the commission of a crime by an officer.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

16

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome and on grounds of relevance.  Subject to and without waiving these objections, Defendants have no knowledge or ability to speak for HPD and its policies or procedures or administration of a department as an employer.

21. Please explain HPD's policies and/or procedures for investigating and/or otherwise responding to an alleged citizen's arrest pursuant to Tex. Code Crim. Proc. art. 14.01(a).

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome and on grounds of relevance.  Subject to and without waiving these objections, Defendants do not have authority to access or obtain this information.

22. Please identify any and all other instances in which an individual who reported a suspected DWI was investigated and/or arrested by HPD in connection with and/or as a result of making said report. Please include the name, address and telephone number for each officer involved; the name of the individual(s) arrested; the date of the reported DWI and arrest; the nature of the charges brought against the individual who reported the suspected DWI; the disposition of those charges, and whether the DWI suspect was arrested as a result of the report.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff.

17

Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome and on grounds of relevance. Subject to and without waiving these objections, Defendants do not have authority to access or obtain this information.

23. Please describe Defendant Seymour and Acevedo's respective roles and responsibilities related to the supervision of HPD officers, including Defendants Garcia and Few.

**ANSWER:**

Defendants object to this interrogatory as it presents a prohibited circumvention of the rules governing discovery and non-party discovery because it seeks information not in the care, custody, or control of Defendants; information in the exclusive custody or control of third parties; and/or information in the possession of, known to, or otherwise equally available to the Plaintiff. Defendants object to this interrogatory as indirectly seeking Rule 30(b)(6) testimony from individual fact witnesses without the requisite foundation.

Defendants object to the extent this interrogatory seeks attorney work-product, calls for privileged legal opinions and assessments and/or expert analyses that are privileged, and not subject to discovery; and requires Defendants to prematurely marshal their proof.

Defendants object to this interrogatory as: vague and overbroad and unduly burdensome and on grounds of relevance. Subject to and without waiving these objections, Defendants do not have authority to access or obtain this information.