# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN THOMPSON HUGHES | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-cv-01994 |
| | § | |
| v. | § | |
| | § | (JURY TRIAL DEMANDED) |
| MICHAEL GARCIA and JOSHUA FEW | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS AND SEYMOUR'S OBJECTIONS AND CASES REGARDING DEPOSITION INSTRUCTIONS

Plaintiff Austin Thompson Hughes ("Plaintiff"), by and through counsel, hereby files this Response in Opposition to Defendants' Objections and Cases Regarding Deposition Instructions and, in support thereof, respectfully states as follows:

### I. RESPONSES TO DEFENDANTS' OBJECTIONS

**Objection 1:** Defendants object to the Court's limitation of their presentation to only cases without arguments despite the Court recognizing the party asserting the privilege bears the burden.

**Response:** As the Fifth Circuit has repeatedly instructed, "[a] district court has broad discretion in all discovery matters" and "broad discretion to control its own docket." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). Further, nothing prevented Defendants from filing a motion for leave to file a legal brief or from making oral arguments at the Court's numerous hearings on the discovery matters. Defendants' objection should be overruled.

1

**Objection 2:** Defendants object to the Court raising arguments on Plaintiff's behalf that were waived by the Plaintiff and are untimely and granting leave for the Plaintiff to file a new motion to strike presenting the arguments.

**Response:** Defendants object to the Court's "rais[ing] arguments about the form of Gomez's declaration or question[ing] whether Gomez signed it" and argue that raising such defects in the evidence "is inconsistent with the Court's appearance of impartiality." (Dkt. 236 at p. 4). Defendants' arguments are baseless. The law is clear that "[o]n a motion for summary judgment, the evidence proffered… must be competent and admissible at trial." *Ward v. Jackson State Univ.*, 602 Fed.Appx. 1000, 1003 (5th Cir. 2015). Indeed, courts have a duty to "assess the evidence presented upon the motion for summary judgment to determine its admissibility," and *sua sponte* evidentiary rulings merely fulfill that duty. *Payne v. Collins*, 986 F.Supp. 1036 (E.D. Tex. 1997) (quoting *Gauck v. Meleski*, 346 F.2d 433, 436 (5th Cir. 1965)); *Ward*, 602 Fed.Appx. at 1003 (holding that "despite the lack of discussion of hearsay prior to [its] initial opinion, the district court properly considered the admissibility of the evidence" in determining summary judgment) (quoting *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012)).

More specifically with regards to Gomez's "declaration," Federal Rule of Civil Procedure 56(c)(4) requires that "[a]n affidavit or declaration used to support… a motion… be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Courts in this circuit routinely hold that "when considering a motion for summary judgment, a court may s*ua sponte* decline to consider evidence which does not comply with Rule 56(c)(4)." *Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F.Supp.3d 730, 743 (N.D. Miss. 2015) (*citing Stamm v. TigerTech Inv., Inc.*, No. 1:11–cv–1686, 2013 WL 1093033, at *1 n. 2 (S.D. Ind. Mar. 15, 2013));

*Labaty v. UWT, Inc.*, 121 F.Supp.3d 721 (W.D. Tex. 2015) (holding that the "[c]ourt may reject summary judgment evidence as hearsay *sua sponte*" and anonymous letter, unsworn and unsigned, was inadmissible).

Moreover, no arguments as to the admissibility of Gomez's "declaration" was "waived by the Plaintiff" or "untimely." (Dkt. 236 at p. 4). Plaintiff initially filed his Motion to Strike Defendants' Motion for Summary Judgment, including Gomez's declaration, as a discovery sanction under Rule 37 based on Defendants' abject failure to timely produce the declaration and/or disclose any of the information contained therein despite their clear obligations to do so under Rule 26. (Dkt. 200). Plaintiff did not waive his arguments to the admissibility of evidence filed in support of summary judgment by not raising them in his motion to strike under Rule 37 as a sanction for Defendants' flagrant disregard of the rules of discovery.

**Objection 3:** Defendants object to the Court's placement of James Seymour's attorney under oath without notice, the opportunity to prepare with an attorney, or permitting Defendants to ask questions if the testimony was to replace briefing.

**Response:** Defendants lack standing to raise this objection as James Seymours's attorney is not represented by Defendants' counsel and is not a party. Regardless, Federal Rule of Evidence 603 provides that "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully." FED. R. EVID. 603. Seymours's counsel is not a party and was a witness to the proceedings. Moreover, Plaintiff fails to see any harm in placing an attorney under oath prior to testifying when attorneys in Texas already have an ethical duty of candor to the tribunal. Texas Disciplinary Rules of Professional Conduct, Rule 3.03. Further, neither Defendants nor Christy Martin objected to Ms. Martin being placed under oath at the hearing, and thus, waived any objections.

**Objection 4:** Defendants object to confusion regarding the scheduling dispute between the Plaintiff and Seymour and its attribution to the Defendants.

**Response:** Defendants' counsel was privy to all communications regarding the scheduling of Seymour's deposition and deliberately misled the Court regarding the same. (Dkt. 218). Plaintiff provided all relevant communications regarding scheduling of Seymour's deposition as an exhibit to Plaintiff's Pre-Motion Conference letter filed on September 30, 2025, and asserts that those communications speak for themselves. (Dkt. 218).

**Objection 5:** Defendants object to open-ended discovery that is not necessary to the Court's determination of their qualified immunity.

**Response:** "[A] defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)). That is because "one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id.* (internal citations omitted). When a defendant files a 12(b)(6) motion to dismiss on qualified immunity grounds, the court may not defer that ruling to summary judgment or allow discovery prior to ruling on the claim of immunity. *Id.*; *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). "The Supreme Court has repeatedly made clear that 'the driving force' behind qualified immunity is 'a desire to ensure that insubstantial claims against government officials will

4

be resolved prior to discovery,' and it has 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Carswell*, 37 F.4th at 1066 (quoting *Pearson*, 555 U.S. at 231–32, 129 S.Ct. 808).

## II. DEFENDANTS' AND SEYMOUR'S IMPROPER DEPOSITION INSTRUCTIONS

### A. Legal Standard

"Federal Rule of Civil Procedure 30 governs the conduct or counsel, parties, and deponents in connection with a party's deposition as an initial matter, and Rule 30(c)(2) governs objections to deposition questions and when a party must answer." *Murillo Modular Grp., Ltd. v. Sullivan*, No. 3:13-CV-3020-M, 2016 WL 6139096, at *6 (N.D. Tex. Oct. 20, 2016) (citing FED. R. CIV. P. 30). Rule 30 "places strict limits on when an attorney may instruct a deponent not to answer a question." *VirnetXInc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 7997962, at *3 (E.D. Tex. Aug. 8, 2012). Indeed, Rule 30(c)(2) "provides only three situations in which a deponent may properly be instructed not to answer a question – 'only when necessary' (1) to preserve a privilege, (2) to enforce a limitation previously ordered by a court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Murillo*, 2016 WL 6139096 at *6; FED. R. CIV. P. 30(c)(2).

As an initial matter, while Plaintiff also does not yet have the transcript since the Court reporter hired by Defendants has yet to produce it, Plaintiff's counsel recalls Defendants' counsel, as well as, Mr. Seymour's counsel specifically instructing him not to answer several questions, including whether he drafted the affidavit submitted in support of Defendants' Motion for Summary Judgment. Plaintiff's counsel was also not required to further disrupt the deposition to review case law provided by Defendants' counsel in support of their position or "confer in good

5

faith" regarding the propriety of Defendants' objections and/or assertions of privilege, as Defendants falsely contend. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 n.7 (S.D. Tex. 2011) ("Directions to a deponent not to answer a question can be even more disruptive than objections."). For the reasons stated below, Defendants' objections should be overruled and the the depositions re-opened to allow lines of questioning to which witness was previously instructed not to answer.

**B.      Form and Relevancy Objections**

"Because the plain language of Rule 30 is rather clear on what types of objections counsel may make and when counsel may instruct a deponent not to answer a question, courts have generally concluded that it is improper to instruct a witness not to answer a question based on a relevancy objection," except to move to terminate or limit the deposition under Rule 30(d)(3), which neither Defendants nor the deponent have not done here. *Murillo*, 2016 WL 6139096 at \*6. Moreover, discovery has not been limited to the question of qualified immunity, as both this Court and the Fifth Circuit have determined that Defendants are not entitled to qualified immunity at the dismissal stage and discovery was allowed to proceed without limitation. *See Carswell*, 37 F.4th at 1066.

Defendants also unbelievably argue that "[p]ermitting Plaintiff to conduct discovery afresh after Defendants have filed their motion for summary judgment and all their evidence is unfair and highly prejudicial to the defense." (Dkt. 236 at 6). In doing so, Defendants wholly ignore the fact that discovery was reopened by this Court for the limited purpose of allowing these two depositions in an effort to cure the prejudice caused by Defendants' untimely disclosure of witnesses, exhibits and information in direct violation of their discovery obligations. (Dkt. 200; Dkt. 203). Defendants' arguments that they did not violate their discovery obligations with regards to the

witness statements of Seymour and Garcia filed in support of summary judgment and the information contained therein is belied by well-settled law and the facts of this case.

First, Defendants claim that they "had no duty to disclose these witness statements prepared by or for the Defendants in litigation until they filed them in the proceedings" arguing that "witness statements obtained by or for a party during litigation are protected, and the district court abuses its discretion by ordering their disclosure under Rule 26." (Dkt. 236 at pp. 6-7). However, Rule 26 makes clear that "[a] party withholding information by claiming work product '*must* (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim.'" *Civic Center Site Development, LLC v. Certain Underwriters at Lloyd's London (Consortium #9226)*, No. 23-1071, 2023 WL 5974843, at *9 (E.D. La. Sept. 14, 2023) (quoting Fed. R. Civ. P. 26(b)(5)) (emphasis in original). "The use of the word 'must' indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory." *Id*. Further, the "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim' [and]… 'should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is immune from discovery.'" *Id*. Although the statements were available and otherwise discoverable, Defendants failed to disclose them or provide ***any*** privilege log in this matter. Moreover, a privilege log would require the very information Plaintiff sought during deposition – the date, author, and all recipients of the document. *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008). Defendants provide no explanation for their untimely failure to

disclose these written statements and/or provide a relevant privilege log as required by Rule 26.

Defendant next falsely claims that "[t]he material contents of Gomez's statement and Seymour's status as Defendants' supervisor and personal knowledge, were known and disclosed to Plaintiff in January 2022 at the latest." (Dkt. 236). However, Plaintiff was not made aware that Defendant Seymour was at the scene, nor that he had any of the "knowledge" alleged in his affidavit, until the affidavit was filed in support of Defendants' Motion for Summary Judgment after the close of discovery and over three years since the commencement of this suit. (Dkt. 200). Nothing in Defendants' disclosures, interrogatory responses or production could have put Plaintiff on notice of the facts alleged in Seymour and Garcia's statements. The alleged "facts" underlying those affidavits are not privileged and Defendants had a duty to correct its discovery responses "in a timely and formal manner unless the corrective information has 'otherwise been made known' in a 'clear and unambiguous' manner." *Steele v. Aramark*, Civ. No. 09-4340, 2012 WL 1067879, 2012 U.S. Dist. LEXIS 43429 (D.N.J. March 29, 2012) (collecting cases). For all the reasons stated in Plaintiff's Motion to Strike, Defendants had a clear obligation to disclose the witness statements and alleged factual allegations contained therein under Rule 26 and its failure to do so is nothing more than a continuation of Defendants' willful failure to produce discoverable evidence in this case.

C.   **Privileged Attorney-Client Communications and/or Work Product**

First, counsel for Defendants expressly stated that she does not represent James Seymour in this matter prior to Seymour's deposition. Regardless, the issue in this case is that Defendants have failed to provide even the requisite information to determine whether privilege exists. With regards to whether Seymour drafted the affidavit – that information is clearly discoverable, as it is *required* to determine whether any privilege is applicable and to enable Plaintiff to assess the claim." FED R. CIV. P. 26(b)(5). "The attorney client-privilege is interpreted narrowly and only

8

applies when necessary to achieve its purpose." *Roque v. City of Austin*, No. 1-17-CV-00932-LY, 2018 WL 5848988, at *6 (W.D. Tex. Nov. 7, 2018). "The party asserting the privilege has the burden of proving that the privilege applies to a given set of documents or communications." *Id*. (citing *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017)); *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-CV-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014) ("The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute work product.").. Defendants have failed to provide even the most basic of information to allow Plaintiff to assess their claim of privilege, thus, Defendants objections must be overruled.

D. **Seymour's Affidavit and the Circumstances Surrounding Its Creation Are Not Privileged – Case Law.**

- ***Walker v. Target Corp.*, No. 2:16-CV-42-KS-MTP, 2017 U.S. Dist. LEXIS 87111 (S.D. Miss. June 7, 2017).**

    o Defendant does not dispute that it failed to produce Field's affidavit in response to Plaintiffs' request for production of any written statements. Rather, Defendant contends that it was non-discoverable work product created by counsel in anticipation of trial. See FED. R. CIV. P. 26(b)(3)(A). The Court disagrees, for the same reasons provided in ***Walker v. George Koch Sons, Inc.*, No. 2:07-CV-274-KS-MTP, 2008 U.S. Dist. LEXIS 81919, at *17-*19 (S.D. Miss. Sept. 18, 2008)** (citing numerous authorities). Field's affidavit merely provides facts within his personal knowledge, and it does not reveal Defendant's counsel's "mental impressions or legal strategy." Id. at *17. To the extent Defendant cited contrary authorities, the undersigned judge respectfully disagrees with them. Therefore, Defendant violated Rule 26(e) by failing to supplement its responses to Plaintiffs' requests for production, which specifically requested any "written or recorded statements" relevant to this case. See Exhibit 10 to Motion to Strike, Walker v. Target Corp., No. 2:16-CV-42-KS-MTP (S.D. Miss. May 17, 2017), ECF No. 102-10. Even if the affidavit were work product, Defendant was required to submit a privilege log" with certain information about the withheld document. L.U.Civ.R. 26(e). Defendant did not do so, and "[t]o withhold materials without such notices subjects the withholding party to sanctions under Fed. R. Civ. P. 37 . . . ." Id.

- ***Whitchurch v. Canton Marine Towing Co.*, No. 16-cv-3278, 2017 U.S. Dist.**

**LEXIS 42034, at \*5-6 (C.D. Ill. Mar. 23, 2017)**

- o "Courts have held, however, that affidavits by third party witnesses are not covered by the work-product privilege because the affidavits are sworn statements of fact based on personal knowledge, and so, are not documents that contain attorney mental impressions or opinions." (citing ***Murphy v. Kmart Corp.***, 259 F.R.D. 421, 428-31 (D. S.D. 2009)).

- ***Williams v. Connick***, **No. 12-1274, 2014 WL 6698299, at \*8 (E.D. La. Nov. 26, 2014).**

  - o Work product protections only apply to materials prepared in anticipation of litigation which set "forth the attorney's theory of the case and [its] litigation strategy." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975). The handwritten errata sheets will not set forth the attorneys' theory of the case or their strategy. Maxwell is not controlling the litigation here. Moreover, the handwritten errata sheets will reveal no more than underlying facts, and underlying facts are not sheltered by any privilege. *S. Scrap Material Co. v. Fleming*, No. Civ. A. 01-2554, 2003 WL 24174516, ay \*17 (E.D. La. June 18, 2003). Indeed, the handwritten errata sheets represents Maxwell's - a witness's - testimony, which is unprotected by the work-product doctrine. Moreover, the attorney-client privilege does not apply here because Maxwell himself testified that his handwritten errata sheets did not set forth legal advice of counsel, nor was he seeking legal advice when he wrote them.

- ***Total E&P USA, Inc. v. Kerr-Mcgee Oil & Gas Corp.***, **CIVIL ACTION NO. 09-6644 C/W 10-106 (E.D. La. Jul 10, 2014)**

  - o With regard to the draft affidavits, the general rule is that draft documents are only privileged to the extent that communications contained therein are not revealed to third parties. *U. S. Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 163 (E.D.N.Y. 1994); *Schenet v. Anderson*, 678 F. Supp. 1280, 1283-84 (E.D. Mich. 1988); *United States v. Schlegel*, 313 F. Supp. 177, 179 (D. Neb. 1970); see also *Apex Mun. Fund v. N-Group Sec.*, 841 F.Supp. 1423, 1428 (S.D. Tex. 1993) (finding that only those parts of attorney-client documents that ultimately appear in published documents are outside the privilege); *Buford v.. Holladay*, 133 F.R.D. 487, 492 (S.D. Miss. 1990) (holding that official publication of documents does not waive the privilege "as to all communications that were a necessary part of creating that public document"). Under this rule, claimants should generally produce to defendants redacted copies of the draft affidavits.

### III.     CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court overrule Defendants' and Seymour's objections to deposition questions and order that the depositions be reconvened on the line of questioning to which Seymour was previously instructed not to answer.

Respectfully submitted this 29th day of October, 2025,

By: */s/ Courtney B. Warren*
Courtney B. Warren
LAW OFFICE OF COURTNEY WARREN PLLC
Texas Bar No. 24110511
402 Hunt Street
Houston, TX 77003
courtney@cwarrenlaw.com
Phone: (713) 828-9385

AND

Keith B. French
KEITH B. FRENCH LAW, PLLC
Texas Bar No. 24115073
kfrench@peoplefirstfirm.com
2010 E. Broadway St., Suite 132
Pearland, Texas 77581
Tel.: (832) 243-6153
Fax: (832) 243-1927

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2025, a true and correct copy of the foregoing was served via email on all counsel of record in accordance with the Federal Rules of Civil Procedure.

/s/*Courtney B. Warren*
Courtney B. Warren