United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUSTIN THOMPSON HUGHES, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01994 |
| | § | |
| MICHAEL GARCIA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. 170), Defendants' Motion to Dismiss And / Or Exclude (Dkt. 175), Plaintiff's Motion for Partial Summary Judgment (Dkt. 181), Defendants' Motion in Limine (Dkt. 184), Plaintiff's Motion in Limine (Dkt. 190), Plaintiff's Motion to Strike (Dkt. 200), and Plaintiff's Supplemental Motion to Strike Statements (Dkt. 237). After careful consideration of the record and applicable law, the Court **GRANTS IN PART** Plaintiff's Motion to Strike (Dkt. 200) and Plaintiff's Supplemental Motion to Strike (Dkt. 237)[1] and **DENIES** all other motions (Dkts. 170, 175, 181, 184, 190, 200).

## I.    BACKGROUND

The facts of this case are detailed, as alleged, in both this Court's prior order and the Fifth Circuit's opinion on appeal. *See* (Dkts. 100, 120). Plaintiff Austin Thompson

---

[1] The Court has previously denied these motions (Dkts. 200, 237) as to James Seymour's statement.

Hughes ("Hughes") has one remaining section 1983 claim each against Defendant Officer Michael Garcia ("Garcia") and Defendant Officer Joshua Few ("Few") for unlawful arrest under the Fourth Amendment. (Dkt. 100 at p. 16).

After the Fifth Circuit upheld the Court's finding that neither Garcia nor Few were protected by qualified immunity at the motion to dismiss stage, the parties in this matter spent the following year locked in seemingly endless battles over discovery disputes related to dispositive motions. *See* (Dkts. 144, 147, 152, 157, 167, 203, 222, 226, 232, 249, 251). Specifically, since this case returned from appeal, the Court has held twelve hearings in this matter—at least six of which were necessary to resolve discovery disputes. (Dkts. 124, 144, 147, 152, 157, 167, 203, 222, 226, 232, 249, 251). Further, to resolve one such dispute, the Court had to make itself available during a witness deposition to provide real-time rulings on objections.

To quote the Fifth Circuit regarding this case,

"It is unclear which part of this case is more amazing: (1) That officers refused to charge a severely intoxicated driver and instead brought felony charges against the Good Samaritan who intervened to protect Houstonians; or (2) that the City of Houston continues to defend its officers' conduct."

(Dkt. 120 at p. 21).

Now, over four years after the initial filing of this matter, the pending motions for summary judgment are finally ripe for the Court's ruling. (Dkts. 170, 181). As are various evidentiary motions. (Dkts. 175, 184, 190, 200). The Court finds that summary judgment is not warranted on Garcia's and Few's qualified immunity defenses, nor is summary judgment warranted on Hughes's claims. This matter must proceed to trial.

2 / 24

## II.     LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 56

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a traditional trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). Further, Rule 56 does not impose upon the Court a duty to sift through the record in search

of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

**B.     42 U.S.C. § 1983**

Section 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Section 1983 reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id*. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979)).

To establish section 1983 liability, Hughes must prove that he suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). Hughes must also show that the constitutional or statutory deprivation he suffered was intentional or due to deliberate indifference and not the result of mere negligence. *See Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006).

C.      **Qualified Immunity**

The motion for summary judgment filed by Defendants invokes qualified immunity. (Dkt. 170). "Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to 'show that the defense does not apply.'" *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). A plaintiff seeking to defeat qualified immunity must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id*. at 847-48 (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)).

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Turner*, 874 F.3d at 848 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "This inquiry 'does not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id*. (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The law can be clearly established despite "notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior

decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Id*. (quoting *Flores*, 381 F.3d at 400).

### III. ANALYSIS

The Court finds that Defendants have failed to support their motion to dismiss based on spoliation. The Court also determines that the statement of Edgar Gomez must be stricken from the summary judgment record. Ultimately, the Court concludes that neither the statute of limitations nor qualified immunity bars Hughes's claims against Defendants and that genuine issues of material fact exist. As such, the Court must deny the pending summary judgment motions.

### A. Evidentiary Motions

The Court finds that it must deny Defendants' Motion to Dismiss And / Or Exclude (Dkt. 175) for the failure to establish that Hughes acted in bad faith. The Court further denies the Motions in Limine (Dkts. 184, 190) without prejudice to being reasserted at the time of trial.

> i. *Defendants' Motion to Dismiss And / Or Exclude Based on Spoliation, Waiver, and Estoppel*

The Court denies Defendants' Motion to Dismiss (Dkt. 175). Defendants argue that Hughes "destroyed crucial evidence" and the Court should either dismiss all of Hughes's claims or restrict Hughes's use of the absence of such evidence. (*Id*. at pp. 11 – 12). In particular, Defendants argue that Hughes improperly destroyed evidence by applying for and obtaining "a civil Order of Expunction in state criminal court that [] required and

caused the destruction of all investigative records and reports related to the arrest for which he subsequently filed suit." (*Id*. at p. 4). The Court disagrees.

"A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 574 (5th Cir. 2020). Importantly, dismissal for spoliation "is justified 'only in circumstances of bad faith or other like action.'" *Id*. at p. 575 (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 593 (4th Cir. 2001)).

The Court finds that Defendants have failed to demonstrate that Hughes sought and obtained a civil Order of Expunction in bad faith. Accordingly, the Court need not opine on the other factors, and dismissal is not warranted. Defendants' motion (Dkt. 175) must be denied, and the Court does so without prejudice to seeking sanctions at trial.

### ii.    Motions in Limine

Pending before the Court are two motions in limine (Dkts. 184, 190). The Court denies these motions (Dkts. 184, 190) without prejudice to being reasserted at the time of trial.

## B.    Defendants' Summary Judgment Motion

The Court finds that Defendants are not entitled to summary judgment. Hughes's claims are not barred by the statute of limitations, nor are they defeated at this stage by a

qualified immunity defense. Accordingly, the Court denies Defendants' summary judgment motion (Dkt. 170).

### i.     Motion to Strike Statements

Pending before the Court are Hughes's motion (Dkt. 200) and supplemental motion (Dkt. 237) to strike the statement by Edgar Gomez ("Gomez") attached to Defendants' motion for summary judgment. Hughes argues that the statement made by Gomez should be stricken on the grounds that (1) Defendants did not disclose this statement to Hughes until filing their motion for summary judgment, well after the close of discovery and (2) even if the statement was timely disclosed, it is not competent summary judgment evidence under 28 U.S.C. § 1746. (Dkts. 200, 237).  For the reasons set forth in detail below, the motions (Dkt. 200, 237) should be granted.

### a.     The Gomez Statement

In January of 2025, a subpoena was issued for the parties to take the deposition of Gomez. However, the deposition did not take place. Defendants represented to Hughes that they had been unable to serve Gomez with a deposition subpoena and "he may have left the state." (Dkt. 237-2). Following several grants of the parties' requests for continuances, the final discovery deadline set by the Court was July 20, 2025. (Dkt. 162).

On June 17, 2025, over one month before the deadline to complete discovery, Defendants obtained a statement from Gomez regarding the incident in question with Hughes ("Gomez Statement"). (Dkt, 224 at p. 1; Dkt. 171-8). This statement was drafted by Defendants' counsel. (Dkt. 247 at 10). However, Defendants never supplemented their

8 / 24

Rule 26(a) initial disclosures by providing a copy of this statement to Hughes. (Dkt. 224-3). Nor did Defendants ever inform Hughes that Defendants were withholding any responsive documents from the disclosures on the basis of an asserted privilege. *Id*.

On August 8, 2025, almost three weeks after the discovery deadline had passed, Defendants finally provided Hughes with a copy of the Gomez Statement by attaching it to their motion for summary judgment. This was the first time Hughes learned of the existence of this document. Hughes subsequently filed motions seeking to strike this statement from the summary judgment record. (Dkts. 200, 237).

On September 11, 2025, the Court held docket call in this case and the pending motions to strike were discussed. In an effort to cure any prejudice that may have been caused by Defendants' failure to disclose the statement until after the discovery deadline had passed, the Court (1) continued the trial date from September until December 1, 2025, and (2) reopened discovery to allow Hughes to depose Gomez regarding his statement. Despite diligent efforts by Hughes's counsel, Gomez could not be found for service of a deposition subpoena. (Dkt. 223).[2]

---

[2]  In response to the motions to strike, Defendants' counsel did not offer any evidence regarding her communications with Gomez. However, she did provide an affidavit from her investigator. In the affidavit the investigator states that on an unspecified date the investigator spoke to Gomez by telephone. According to the investigator, Gomez told the investigator that he was currently "working in Dallas" and mentioned that he would be "heading to Minnesota for additional work." (Dkt. 224-1 at 2). Gomez also told the investigator that "once he completes his obligations in Minnesota, he will return to Houston." *Id*. However, to date there is no evidence of Gomez's current address, that Gomez has returned to Houston, or his address if/when Gomez ever returns to Houston.

### b.    The Rules Applicable to Defendants' Conduct

Federal Rule of Civil Procedure 26(a) does not merely require the initial disclosure of the names and addresses of potential witnesses who may be called to testify at trial, it also requires the disclosure of any written statements by those witnesses that a party may possess and use in support of its defenses. FED. R. CIV. P. 26(a); *see Drayton v. United Airlines, Inc.*, No. 23-20017, 2023 U.S. App. LEXIS 24000, at *6 (5th Cir. Sep. 11, 2023) ("[T]he mere disclosure of [an individual's] name as a potential witness is insufficient to escape the ambit of [Rule 26]. It requires disclosure of documents, such as her statement, not merely her name as a witness."). Rule 26(a) states, in relevant part, that "a party *must* without awaiting a discovery request, *provide to the other parties … a copy—or a description by category and location—of all documents*, electronically stored information, and tangible things that *the disclosing party* has in its possession, custody, or control and *may use to support its claims or defenses*, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(a)(ii) (emphasis added). Additionally, Rule 26(e) requires a party to supplement or correct its Rule 26(a) initial disclosures upon learning that the disclosures are incomplete or incorrect. FED. R. CIV. P. 26(e)(1).

Rule 37(c)(1) gives teeth to the mandatory disclosure and supplementation requirements. This rule provides that a party is not allowed to use at trial any information that was not disclosed or supplemented as required by Rules 26(a) and 26(e), unless the failure was substantially justified or harmless. FED. R. CIV. P. 37(c)(1). "Rule 37(c)(1) is a self-executing . . . automatic sanction intended to provide a strong inducement for parties

to diligently comply with their Rule 26 requirements." *Silva v. United States*, No. 5:19-CV-151, 2022 U.S. Dist. LEXIS 248800, at *10 (S.D. Tex. Apr. 27, 2022). "The purpose of Rule 37(c)(1) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 808 (S.D. Tex. 2015) (citing *Reed v. Iowa Marine and Repair Corporation*, 16 F.3d 82, 84 (5th Cir. 1994)).

Determining whether to impose the exclusionary effect of Rule 37(c)(1) is a two-step process committed to the sound discretion of the district court. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2006); *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 338, 344 (W.D. Tex. 2020). First, the Court must determine whether a party has failed to comply with its Rule 26(a) disclosure requirement or its Rule 26(e) supplementation obligations. *Id.; see* FED. R. CIV. P. 37(c)(1). If so, the Court must next determine whether that failure is "substantially justified" or "harmless." *Mission Toxicology*, 499 F. Supp. 3d at 344; *see* FED. R. CIV. P. 37(c)(1). In evaluating substantial justification and harmlessness, the Court must consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id*. (citing *Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006-D, 2018 U.S. Dist. LEXIS 56496, 2018 WL 1609756, at *1 (N.D. Tex. Apr. 3, 2018)).

The party facing Rule 37(c)(1) bears the burden of demonstrating harmlessness or substantial justification. *See, e.g., id.* (citing *Current v. Atochem N. Am., Inc.*, No. CIV.A. WW-00-CA-332, 2001 U.S. Dist. LEXIS 26241, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001)); *Red Dot Bldgs. v. Jacobs Tech., Inc.*, 2012 U.S. Dist. LEXIS 78957, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) ("Exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness.").

### c.    Defendants Failed to Timely Produce the Gomez Statement

Here, Defendants' production of Gomez's witness statement was required as part of Defendants' Rule 26(a) initial disclosures.[3] FED. R. CIV. P. 26(a)(1)(a)(ii); *see Drayton*, No. 23-20017, 2023 U.S. App. LEXIS 24000, at *4 (5th Cir. Sep. 11, 2023).  Defendants never supplemented their initial disclosures as required by Rule 26(e) to provide Hughes with the Gomez Statement after they received it. (Dkt. 147 at 11-12).  Defendants did not provide the statement to Hughes until Defendants filed their motion for summary judgement—fifty-two days after they obtained the statement and almost three weeks after the discovery deadline had passed. *Id*. The Defendants' pleadings make it clear that Defendants' conduct was deliberate and intentional. *Id* Thus, Defendants have violated their Rule 26(a) and Rule 26(e) disclosure obligations, and the Gomez Statement must be excluded unless Defendants' failure is "substantially justified" or "harmless."

---

[3] Disclosure of the statement was also required in response to Hughes's first requests for production to Defendants which seek: (1) any and all documents and/or communications detailing or otherwise referencing the March 2019 Incident and/or Arrest, and (2) any and all documents and/or communications referencing Plaintiff. (Dkt. 227-4 at 22-23).

>        d.        *Defendants' Failure Was Not Substantially Justified or Harmless*

Defendants argue that withholding the Gomez statement was substantially justified because the statement is privileged non-discoverable work product created by counsel in anticipation of litigation. Defendants argue that the statement should not be excluded under Rule 37(c)(1) because Hughes had "no right to receive" the statement until Defendants decided to use the document as part of their motion for summary judgment. (Dkt. 247 at p. 10). The Court finds this argument unmeritorious for two reasons.

First, the Gomez Statement is not attorney work product. Numerous federal courts—including those in this circuit—addressing this issue have specifically held that the work product privilege does not apply to shield witness statements from disclosure. *See Walker v. George Koch Sons, Inc.*, No. 2:07-CV-274-KS-MTP, 2008 U.S. Dist. LEXIS 81919, at *17-*19 (S.D. Miss. Sept. 18, 2008) (collecting authorities from across the country in support of this conclusion).[4] The Court finds the reasoning in these cases persuasive.

Contrary to Defendants' arguments, the Gomez Statement merely provides facts within Gomez's personal knowledge—and not counsel's "mental impressions or legal strategy." *Walker v. Target Corp.*, 2:16-cv-42-KS-MTP, 2017 U.S. Dist. LEXIS 8711 at 2 (S.D. Miss. June 7, 2017); *see also EEOC v. Jamal & Kamal, Inc.*, 2006 U.S. Dist. LEXIS 66294, 2006 WL 2690226, at *2 (E.D. La. Sept. 18, 2006) (stating that work product

---

[4] While some courts have reached the contrary conclusion, these opinions are not in the majority, and the Court does not recognize them as persuasive authority. The facts in these cases are also distinguishable. *See Diaz v. Devlin*, 327 F.R.D. 26, 30 (D. Mass. 2018) (collecting cases and noting "[t]hat attorney prepared affidavits comprised of factual statements are not protected by the work-product doctrine appears to be the majority view.")

doctrine "does not extend to the underlying facts relevant to the litigation"); *Gilmore v. Stalder*, 2008 U.S. Dist. LEXIS 39822, 2008 WL 2097162, at \*4 (W.D. La. May 16, 2008) (rejecting work product privilege for affidavits containing no attorney impressions, legal theories or strategies, but merely setting forth facts, and striking affidavits for failure to produce them during discovery).

As these courts have observed, the mere fact that a witness statement or affidavit was prepared by counsel (as is generally the case for statements prepared in litigation) does not make the statement attorney work product and immune from disclosure. A witness statement, "after all, purports to be a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel." *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306-07 (E.D. Mich. Nov. 17, 2000); *see also Basaldu v. Goodrich Corp.*, No. 4:06-cv-23, 2009 U.S. Dist. LEXIS 36815, at \*4 (E.D. Tenn. Apr. 29, 2009) (requiring production of affidavits because "[a]n attorney's memorialization of events, effectively acting as a stenographer, does not fall within the sphere of documentation protected by the work product privilege."); *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 422 (D.N.J. 2009) (compelling disclosure of affidavit in light of the fact that for the court, primary purpose of work product doctrine is "to protect counsel's trial strategies and mental impressions, not its choice as to an affiant's testimony of underlying facts"); *Tuttle v. Tyco Elecs. Installation Servs.*, 2007 U.S. Dist. LEXIS 95527, 2007 WL 4561530, \*1 (S.D. Ohio Dec. 21, 2007) (ordering production of third-party affidavits noting that third-party affidavits are normally not immune from disclosure for the very

reason that an affidavit purports to be a statement of facts within the personal knowledge of the witness, and not an expression of opinion of counsel).

Second, and more importantly, even assuming that the Gomez Statement is somehow work product, Defendants were clearly under an obligation under Federal Rule of Civil Procedure 26(b)(5) to identify the Gomez Statement in a privilege log or equivalent document to Hughes—not just fail to produce the statement and pretend it did not exist until the deadline for discovery had passed and Defendants filed their motion for summary judgment. FED. R. CIV. P. 26(b)(5)(A)(ii)); *see e.g. Walker v. Target Corp.*, 2017 U.S. Dist. LEXIS 8711 at *2; *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (noting that [a]dditionally, attorneys have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."). Rule 26(b)(5) requires a party withholding privileged materials to submit a privilege log in which the party "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *United States ex rel. Reddell v. Dyncorp Int'l*, 2019 U.S. Dist. LEXIS 239268 at *6, (E.D. Tex Sep. 17, 2019) (quoting FED. R. CIV. P. 26(b)(5)(A)(ii)); *see Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) ("To comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log or equivalent document complying with Federal Rule of Civil Procedure 26(b)(5)(A)'s requirements must be

produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection.").

Defendants offer no explanation for their failure to identify or describe, in a privilege log or otherwise, the Gomez Statement as privileged in their disclosures as mandated by Rule 26(b)(5). Nor did Defendants state in their disclosures that they were withholding on the basis of privilege any documents required to be disclosed under Rule 26(a).[5] Leaving a party to guess if opposing counsel is withholding relevant discoverable documents is a clear violation of Rule 26(b)(5) and has resulted in the unnecessary delay in bringing this case to trial—as well as the waste of judicial resources resolving needless discovery disputes. Accordingly, the Court finds that Defendants' conduct regarding the disclosure of the Gomez Statement cannot be substantially justified.

The Court is unimpressed with Defendants' arguments that the withholding of the Gomez Statement was harmless. Contrary to Defendants' arguments, the fact that Gomez was "fully disclosed as a witness" and talked to police at the scene in question does not make the untimely production of Gomez's only alleged sworn testimony in this case harmless. (Dkt. 247-3 at 15). Hughes has been prejudiced by Defendants' conduct. As the Fifth Circuit has held, "permitting new evidence at the summary judgment stage is not

---

[5] The Court finds this failure especially troubling in light of the following statement by Defendants' counsel to Hughes's counsel during early efforts to meet and confer about outstanding requests for production: "I consider anything remotely relevant in Defendants' possession to be discoverable and would produce them as supplemental disclosures, even if [Plaintiff] did not request them directly." (Dkt. 237-3 at 3).

16 / 24

harmless under Rule 37." *Drayton*, No. 23-20017, 2023 U.S. App. LEXIS 24000, at \*4 (5th Cir. Sep. 11, 2023) (*citing CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Indeed, a "litigant who provides previously withheld information at summary judgment places the opposing party at a significant disadvantage in responding to such information." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 548 (5th Cir. 2012). Here, the harm caused by these late disclosures is exacerbated by the unavailability of Gomez for deposition after the statement was finally disclosed and the desire of Hughes to avoid further delays in the resolution of this case.

The Court finds that Defendants violated their disclosure obligations under Rule 26(a) and Rule 26(e) by failing to disclose Gomez's statement until after the discovery deadline had passed, after a motion for summary judgment had been filed, and just one month before docket call for trial. The Court finds that Defendants' conduct was not substantially justified or harmless and the further delay of the trial date cannot ameliorate the harm that has been caused by Defendants' conduct. Accordingly, under the Rules, the Gomez Statement should be stricken.

> e.    *Gomez's Statement Does Not Comply with the Mandates of an "Unsworn Declaration" under 28 U.S.C. § 1746*

Even assuming that Gomez's statement had been timely disclosed, it still should be stricken as incompetent summary judgment evidence. "It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Johnson v. Fluor Corp.*, 181 F.Supp.3d 325, 332 (M.D. La. 2016) (quoting *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir.1988)). A small statutory exception

to this rule exists when the statement is made "under penalty of perjury," verified as "true and correct," provides the date, and contains a signature. *Nissho-Iwai*, 845 F.2d at 1306 (citing 28 U.S.C. § 1746).

Statements meeting these requirements of section 1746 are "unsworn declarations" and may be properly considered in adjudicating motions for summary judgment. *Id*. A statement's substantial compliance with the statute is essential for courts to consider only reliable summary judgment evidence in the record. *See Johnson*, 181 F.Supp.3d at 332 ("The requirement that statements be verified as 'true and correct' and sworn to 'under penalty of perjury' are 'necessary to prevent an affiant from circumvent[ing] the penalties for perjury in signing onto intentional falsehoods.'") (alterations in the original) (*quoting Nissho-Iwai*, 845 F.2d at 1306). Compliance with the mandates of this statute is so important that the statute itself provides the following model language to be included in the declaration to help prevent intentional falsehoods from being considered by the Court:

> "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

(Added Pub. L. 94–550, § 1(a), Oct. 18, 1976, 90 Stat. 2534.) Here, Defendants' counsel chose not to use the simple and clear model language of section 1746 in drafting Gomez's statement. Rather, the statement starts as though it were a sworn affidavit with the statement: "Before me, the undersigned authority, on this day appeared the affiant EDGAR GOMEZ, who, after being duly sworn, stated as follows…" (Dkt. 171-8).

However, it is undisputed that Gomez never appeared before a notary to be duly sworn and the statement is not notarized. In fact, Defendants' counsel who drafted the statement for Gomez admitted to the Court that she has never seen Gomez in person. The unsigned statement was sent to an email address[6] that was never disclosed as belonging to Gomez during discovery and purports to have been electronically signed and initialed by Gomez using DocuSign. (Dkt. 237 at 16-17); (Dkt. 224).

Furthermore, instead of clearly stating that Gomez's recitation of the facts are true and correct under the penalty of perjury, Gomez artfully states in one sentence that he has full knowledge of the consequences and penalties of perjury and then in subsequent sentences declares that the statement is true and correct. (Dkt. 171-8). The statement declares in pertinent part:

> "2. I am over 18 years old, of sound mind, and I can give this statement and do so freely and willingly, with full knowledge of the consequences and penalties of perjury. I give this statement in support of the truth.
>
> 3. The facts in this statement are true and correct according to my personal knowledge.
>
> …
>
> The facts above are true and correct according to my personal knowledge."

*Id*. This artful and imprecise language, which would allow Gomez to circumvent the penalties of perjury for any falsehoods, does not substantially comply with the requirements of section 1746.

---

[6] Defendants have provided no information stating how they got this email address or verifying that the email address "ecenteno77015@gmail.com" even belongs to Gomez.

Such compliance is especially important because credible evidence has been produced by Hughes challenging the facts in the statement as intentionally false, the statement was not produced in discovery, Hughes has had no opportunity to depose Gomez, and the statement was sent to a previously undisclosed email address and signed electronically via DocuSign. (Dkt. 171-8).

The Gomez Statement does not substantially comply with the requirements of section 1746 and thus lacks the reliability of an unsworn declaration. Furthermore, under the circumstances of this case, neither Hughes nor the Court can verify that Gomez was actually the person who received and signed this statement.  Accordingly, the Court finds that Gomez's statement is not competent summary judgment evidence and must be stricken.

### ii.    Statute of Limitations

The Court finds that the statue of limitations has not run on Hughes's unlawful arrest claim. Defendants assert that the "statute of limitations upon a [section] 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment begins to run at the time the claimant becomes detained pursuant to legal process." (Dkt. 170 at p. 10). The Court chooses to believe that Defendants are not purposefully misrepresenting the law and are instead simply mistaken.

The statute of limitations for a suit brought under section 1983 "is determined by the general statute of limitations governing personal injuries in the forum state." *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of*

20 / 24

*Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)). "In Texas, the applicable limitations period is two years." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). But the accrual date of a section 1983 cause of action "is a question of federal law that is not resolved by reference to state law." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). The Fifth Circuit has held that a section 1983 claim for an unlawful arrest pursuant to a warrant accrues when "the prosecution ends in the plaintiff's favor." *Id.*

Here, Hughes's unlawful arrest claim accrued when the prosecution against Hughes was dismissed on June 17, 2019. *See* (Dkt. 262 at p. 11). Hughes filed this matter on June 17, 2021—within the two-year statute of limitations. *See* (Dkt. 1). Hughes's claims are not barred.

### iii.    *Qualified Immunity*

The Court finds that neither Defendant is protected by qualified immunity against Hughes's claims. Review of a motion for summary judgment based on qualified immunity is accomplished in two steps, conducted in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court must decide "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a federal constitutional or statutory right." *Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014) (citing *Tolan v. Cotton*, 572 U.S. 650 (2014) (per curiam).

Put differently, under the first prong, the Court simply must decide "whether the plaintiff has alleged a violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508,

21 / 24

511 (5th Cir. 2008). Under the second prong, the Court must decide "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." Flores, 381 F.3d at 395. This second prong of the analysis requires a court to determine "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." Charles, 522 F.3d at 511.

Here, the Court has already decided that Hughes alleged against both Garcia and Few a Fourth Amendment unlawful arrest claim. *See Hughes v. City of Hous.*, No. 4:21-CV-01994, 2022 U.S. Dist. LEXIS 204747 (S.D. Tex. Nov. 10, 2022); *see also Hughes v. Garcia*, 100 F.4th 611, 614 (5th Cir. 2024) ("The district court denied qualified immunity. We affirm. (Obviously.)"). The evidence on summary judgment unequivocally supports these allegations.

The Court additionally finds that whether Defendants' actions were reasonable is a question of fact for the jury—not this Court—to decide. As the Fifth Circuit has explained:

> "[R]easonableness under the Fourth Amendment should frequently remain a question for the jury. To put the matter more directly, since we lack a clearly defined rule for declaring when conduct is unreasonable in a specific context, we rely on the consensus required by a jury decision to help ensure that the ultimate legal judgment of 'reasonableness' is itself reasonable and widely shared."

*Lytle v. Bexar Cty. Tex.*, 560 F.3d 404, 411 (5th Cir. 2009) (citing *Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999)).

The summary judgment record demonstrates that Hughes possesses evidence supporting a version of the incident that defeats Garcia and Few's right to summary

judgment on the qualified immunity defense. (Dkts. 181, 262*); see also Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (The Court's qualified immunity inquiry at this stage requires that the Court "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true."); *see generally Montgomery v. Hollins*, No. 3:18-cv-1954-M-BN, 2020 U.S. Dist. LEXIS 31948, at *5 (N.D. Tex. Jan. 17, 2020) (denying qualified immunity at the summary judgment stage where it was denied at the motion to dismiss stage and the nonmovant "possesses evidence that supports a version of the incident that defeats [the movant's] right to summary judgment on the qualified immunity defense."). Genuine issues exist as to the reasonableness of Garcia and Few's actions, and this question is best left for the jury.

For the above reasons, the Court denies Defendants' motion for summary judgment (Dkt. 170).

## C.      Hughes's Summary Judgment Motion

Hughes argues that "[b]ecause there is no genuine dispute as to any material fact that was previously accepted as true by the Fifth Circuit, [Hughes] is entitled to summary judgment as to Defendants' liability on his § 1983 claim." (Dkt. 181 at p. 18). The Court disagrees and finds that genuine issues of material fact exist as to Hughes's claims. The Court holds that Hughes is not entitled to judgment as a matter of law, and his motion (Dkt. 181) must be denied without prejudice to being reasserted at trial as a motion for judgment as a matter of law. *See* FED. R. CIV. P. 56.

## IV.      CONCLUSION

The Court **DENIES** Defendants' Motion in Limine (Dkt. 184) and Plaintiff's Motion in Limine (Dkt. 190) without prejudice to being reasserted at the time of trial.

The Court **DENIES** Defendants' Motion to Dismiss And / Or Exclude Based on Spoliation, Waiver, and Estoppel (Dkt. 175) without prejudice to seeking sanctions at trial.

The Court **GRANTS IN PART** Plaintiff's Motion to Strike (Dkt. 200) and Plaintiff's Motion to Strike Statements of Edgar Gomez and James Seymour (Dkt. 237).

The Court **DENIES** both Defendants' Motion for Summary Judgment (Dkt. 17) and Plaintiff's Partial Motion for Summary Judgment (Dkt. 181).

The parties are **ORDERED** to Docket Call **on June 12, 2026, at 3:00 pm.**

The parties are **ORDERED** to trial on July 6, 2026.

 SIGNED at Houston, Texas on March 31, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE